# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO NORTHERN DIVISION

| | |
|---|---|
| JASON HENRY ALLEN, INDIVIDUALLY AND AS TRUSTEE OF RIKUR PRIVATE IRREVOCABLE TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>IDAHO CENTRAL CREDIT UNION AND BRIAN M. BERRETT,<br><br>Defendants | Case No.: CV 25-0172-NUKG<br><br>NOTICE OF DISCHARGE AND DEMAND FOR RESOLUTION<br><br>**U.S. COURTS**<br><br>MAR 27 2025<br><br>Rcvd_____ Filed_____ Time 2:25<br>STEPHEN W. KENYON<br>CLERK, DISTRICT OF IDAHO |

## NOTICE OF DISCHARGE AND DEMAND FOR RESOLUTION

I, Jason-Henry:Allen, a person as defined herein, affirm that I tendered payment via a negotiable instrument to ICCU, the payee, in discharge of the claimed obligation on October 18, 2024. This tender, as defined, was an absolute (final, unconditional) offer of money (a circulating medium of exchange) to satisfy the debt, per UCC § 3-603. ICCU's refusal to accept this tender and release the title to the 2023 Toyota Sequoia VIN 7SVAAABA8PX011784, as trust res of the Rikur Private Irrevocable Trust, discharges the obligation to the extent of the amount tendered, placing ICCU in default and estopping them from denying the discharge (estoppel by contract, Black's Law Dictionary 4th Ed.), as alleged in Count X of my Complaint.

There exists privity (a mutual relationship to the same rights of property) between myself and ICCU, as debtor and creditor under the contract (Black's Law Dictionary 4th Ed.). However, ICCU's actions constitute a tort-feasor's (doer of a wrong) conduct, violating my inalienable (non-transferable) rights to liberty and property, as a person (a nothingness which produces a

somethingness), by wrongfully retaining my payment of $84,800.94, refusing to release the title, continuing collection attempts, and falsely reporting my credit status.

I demand that ICCU and its agents, including Brian M. Berrett, immediately:

1. Cease all collection attempts related to the claimed obligation, as required by 15 U.S.C. § 1692c(c) (Complaint, Count VI);

2. Correct all negative credit reporting related to this obligation with Equifax, TransUnion, and Experian within 14 days of receipt of this Notice, as required by 15 U.S.C. § 1681s-2(b) (Complaint, Count III, Prayer D);

3. Release the clean and clear title to the 2023 Toyota Sequoia VIN 7SVAAABA8PX011784 to the Rikur Private Irrevocable Trust within 14 days, as demanded in my Complaint (Prayer C);

4. Provide written proof of compliance with these demands to Plaintiff within 14 days at 2600 East Seltice Way #235, Post Falls, ID 83854.

Failure to comply within 14 days will result in further legal action, including but not limited to: (a) seeking an injunction to prevent further collection attempts and credit reporting, as requested in my Complaint (Prayer E); (b) pursuing additional damages for willful violations of FCRA, FDCPA, and Idaho law (Complaint, Prayers F–I); (c) filing additional liens against ICCU and Berrett for continued tortious conduct; and (d) seeking sanctions under FRCP 37(e) for any spoliation of evidence related to this matter.

I, Jason-Henry:Allen, affirm under penalty of perjury under the laws of the United States of America and the Idaho State that the foregoing is true and correct to the best of my knowledge. I reserve all rights and remedies under law and equity.

DATED: March 26, 2025

Respectfully submitted in honor and in equity,

By: /s/ Jason-Henry:Allen
Jason-Henry:Allen – Beneficiary, Without Recourse, Without Prejudice
Trustee of Rikur Private Irrevocable Trust