Kimbell D. Gourley / ISB #3578
JONES♦WILLIAMS♦FUHRMAN♦GOURLEY, P.A.
The 9th & Idaho Center
225 North 9th Street, Suite 820
P.O. Box 1097
Boise, ID  83701
Telephone: (208) 331-1170
Facsimile: (208) 331-1529
Email:  kgourley@idalaw.com

*Attorneys for Defendants,*
*Idaho Central Credit Union and Brian M. Berrett*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON HENRY ALLEN, Individually and as Trustee of Rikur Private Irrevocable Trust,<br><br>Plaintiff,<br><br>vs.<br><br>IDAHO CENTRAL CREDIT UNION, and BRIAN M. BERRETT,<br><br>Defendants. | Case No.:  2:25-cv-00172-AKB<br><br>**ANSWER OF DEFENDANTS, IDAHO CENTRAL CREDIT UNION AND BRIAN M. BERRETT TO COMPLAINT, AND VERIFIED COUNTERCLAIM** |

COME NOW the Defendants, Idaho Central Credit Union ("ICCU") and Brian M. Berrett ("Berrett"), by and through their counsel of record Jones Williams Fuhrman Gourley, P.A., and answer the Complaint ("Complaint") of the Plaintiffs, Jason Henry Allen, an individual ("Allen"), and Jason Henry Allen as trustee of the Rikur Private Irrevocable Trust (the "Trustee") (collectively, the "Plaintiffs"), as follows:

**I.**
**FIRST DEFENSE**

1. ICCU and Berrett (collectively, "Defendants") deny each and every allegation in Plaintiffs' complaint not specifically admitted herein.

ANSWER OF DEFENDANTS, IDAHO CENTRAL CREDIT UNION AND BRIAN M. BERRETT TO COMPLAINT, AND VERIFIED COUNTERCLAIM - 1

2. In answer to the allegations in paragraph 2 of the Complaint, Defendants admit ICCU is a credit union with its principal place of business in Chubbuck, Bannock County, Idaho, and deny the remaining allegations contained therein.

3. In answer to the allegations in paragraph 3 of the Complaint, Defendants admit Berrett is the Chief Financial Officer of ICCU, and deny the remaining allegations contained therein.

4. ICCU and Berrett admit the court has federal question jurisdiction on some of the claims and personal jurisdiction over the parties.

FIRST AFFIRMATIVE DEFENSE

Plaintiffs, and each of them, have waived the right, and/or are estopped, to assert the claims and causes of action alleged in the Complaint.

SECOND AFFIRMATIVE DEFENSE

Defendant, ICCU has a setoff against any obligations, if any, that may be owed to Plaintiffs, or either of them.

THIRD AFFIRMATIVE DEFENSE

Plaintiff, Allen is in default and breach of the Retail Installment Sale Contract dated October 18, 2024 (the "Installment Contract"), entered into between Plaintiff, Allen and George Gee Cadillac Kia, which Installment Contract was thereafter assigned to by George Gee Cadillac Kia to Potlatch #1 Financial Credit Union, which Installment Contract was thereafter assigned by Potlatch #1 Financial Credit Union to ICCU.

FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovering damages, if any, by the Doctrine of Unclean Hands.

FIFTH AFFIRMATIVE DEFENSE

ANSWER OF DEFENDANTS, IDAHO CENTRAL CREDIT UNION AND BRIAN M. BERRETT TO COMPLAINT, AND VERIFIED COUNTERCLAIM - 2

Plaintiffs have failed to state a claim upon which relief may be granted.

SIXTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert additional affirmative defenses upon completion of discovery in this matter.

REQUEST FOR ATTORNEY'S FEES

Defendants hereby request that they be awarded their costs and attorney's fees incurred herein pursuant to applicable law including, but not limited to, FRCP 54, applicable federal law, Idaho Code §12-120, if applicable, Idaho Code §12-121, if applicable, the Installment Contract, the Idaho Consumer Protection Act, and other applicable laws relating to the Fair Debt Collection Practices Act, and/or the Fair Credit Reporting Act.

**WHEREFORE**, Defendants, ICCU and Berrett pray that the Plaintiffs' Complaint be dismissed with prejudice, that Plaintiffs take nothing thereby, and that Defendants be awarded their costs and attorney's fees incurred in defending the Complaint, as well as such other relief that the court deems just and equitable in the premises.

VERIFIED COUNTERCLAIM

COMES NOW the Defendant/Counterclaimant, Idaho Central Credit Union("ICCU"), by and through its counsel of record Jones Williams Fuhrman Gourley, P.A., and as a counterclaim against the Plaintiffs/Counter Defendants, Jason Henry Allen, an individual ("Allen"), and Jason Henry Allen as trustee of the Rikur Private Irrevocable Trust (the "Trustee") (collectively, the "Plaintiffs"), complains and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. At all times relevant hereto, was an Idaho state-chartered association duly authorized to do, and doing business in, the state of Idaho.

ANSWER OF DEFENDANTS, IDAHO CENTRAL CREDIT UNION AND BRIAN M. BERRETT TO COMPLAINT, AND VERIFIED COUNTERCLAIM - 3

2.	At all times relevant hereto, Counter Defendant, Allen was an individual residing in Kootenai County, Idaho.

3.	At all times relevant hereto, Counter Defendant, the Trustee was an individual residing in Kootenai County, Idaho.

4.	Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction/ancillary jurisdiction because the counterclaims hereinbelow are based upon a common nucleus of operative facts and relate to the same Installment Contract that is part of the same case or controversy asserted by Allen and/or the Trustee in their Complaint.

5.	Pursuant to 28 U.S.C. §1391(b), this Court has proper venue because Allen, the Trustee, and ICCU are all residing in or doing business in Kootenai County, Idaho.

## GENERAL ALLEGATIONS

6.	On or about October 18, 2024, Allen, as borrower, executed in favor of George Gee Cadillac Kia, as seller and lender, a certain Idaho Retail Installment Contract in the original principal amount of $84,700.94 (the "Installment Contract"). A true and correct copy of the Installment Contract is attached hereto as **Exhibit A**, and, by this reference, incorporated herein as though set forth in full. George Gee Cadillac Kia thereafter assigned the Installment Contract to ICCU.

7.	In order to secure the obligations owed under the Installment Contract, Allen, as grantor, granted to ICCU, as secured party, a security interest in a certain used 2023 Toyota Sequoia Platinum, VIN#7SVAAABA8PX011784 ("Collateral"). This security interest is evidenced, and the terms and conditions are set forth, in the Installment Contract.

8.	In order to perfect ICCU's security interest in the Collateral, ICCU caused its name to be listed as a first lien holder on the Collateral's certificate of title. A true and correct copy of the

ANSWER OF DEFENDANTS, IDAHO CENTRAL CREDIT UNION AND BRIAN M. BERRETT TO COMPLAINT, AND VERIFIED COUNTERCLAIM - 4

Collateral's certificate of title is attached hereto as **Exhibit B**, and, by this reference, incorporated herein as though set forth in full.

### FIRST CLAIM

### (Action on the Installment Contract)

9. ICCU realleges and reavers the allegations and averments contained in paragraphs 1 through 8 above.

10. Allen is in default under the Installment Contract for failure to pay the December 2, 2024, to the present installment payments.

11. The Collateral has not yet been repossessed or foreclosed upon by ICCU.

12. As of April 10, 2025, the following sums were due, owing, and unpaid on the Installment Contract:

| | |
|---|---|
| Principal balance | $ 84,800.94 |
| Accrued Interest | $2,546.03 |
| Repossession Fees | $257.50 |
| Total | $87,604.47 |

13. Additional interest continues to accrue on this sum from and including April 10, 2025, until and including the date of entry of judgment herein at the per diem rate of $15.12.

14. ICCU has fully complied with all conditions precedent incumbent upon it to perform.

15. The Installment Contract, among other things, provides that if payment of any sums, either principal or interest, shall not be made at the times when the said payments shall become due as expressed by the Installment Contract, the whole of the principal sums then remaining paid, together with interest that shall have accrued thereon, shall become immediately due and payable at the option of the holder of the Installment Contract, and that Allen has failed to pay the amounts due on the Installment Contract in accordance with its terms. Accordingly, ICCU hereby declares that

ANSWER OF DEFENDANTS, IDAHO CENTRAL CREDIT UNION AND BRIAN M. BERRETT TO COMPLAINT, AND VERIFIED COUNTERCLAIM - 5

the principal sum under the Installment Contract is now due and payable in full, together with interest with accrued and accruing interest thereon.

## SECOND CLAIM

### (Claim and Delivery)

16. ICCU realleges and reavers the allegations and averments contained in paragraphs 1 through 14 above.

17. The Installment Contract provides, among other things, that if Allen fails to repay the Installment Contract as provided therein, ICCU has the right to take possession of any or all of the Collateral which has been granted as collateral to ICCU. That due to the default of Allen, ICCU may exercise its rights pursuant to the Installment Contract to take possession of the Collateral.

18. That Allen and/or the Trustee is currently in possession of the Collateral, which property is being wrongfully detained by Allen and/or the Trustee by virtue of Allen's default under the Installment Contract.

19. To the best of ICCU's knowledge, information and belief, the location of the Collateral is in the possession of Allen and/or the Trustee, whose address is :

    2600 E. Seltice Way, Post Falls, Idaho 83854 and/or 3511 E. Solena Avenue, Post Falls, Idaho 83854.

20. No part of the Collateral has been taken for collection of any tax assessment or fine, nor seized under an execution, attachment, or other legal process.

21. That the security interest granted to ICCU in the Collateral is superior in time and in right to the interest of any other party, including Allen and the Trustee to this action.

**ATTORNEY'S FEES**

22. That the Installment Contract provides, among other things, that in the event it is necessary for ICCU to commence legal action in order to enforce the terms of the Installment Contract, Allen agrees to pay reasonable attorney's fees incurred in the bringing of such an action. ICCU has retained the firm of Jones ◆ Williams ◆ Fuhrman ◆ Gourley, P.A., to aid ICCU in the enforcement of the Installment Contract, and a reasonable attorney's fee for the bringing of this counterclaim is the sum of $2,500.00 if judgment is entered by default, and such additional sums that the court deems just and equitable if judgment is entered other than by default.

WHEREFORE, ICCU prays for judgment, decree, and order from the Court as follows:

1. <u>First Claim</u>. That ICCU obtain judgment against the Defendant, Allen, for the unpaid balance owed under the Installment Contract as of April 10, 2025, in the sum principal sum of $84,700.94, plus accrued interest in the sum of $2,546.03, plus repossession fees in the sum of $257.50, for an aggregate sum of $87,604.47, and such other and further sums as may be proven by ICCU, together with interest accruing thereafter until and including the date of entry of judgment herein at the per diem rate of $15.12;

2. <u>Second Claim</u>. That ICCU obtain judgment on the Second Claim against Allen and the Trustee pursuant to the Installment Contract as follows:

    (a) That this court order Allen and the Trustee to show cause why the Collateral should not be taken from Allen and/or the Trustee and delivered to ICCU;

    (b) That on the hearing of said Order to Show Cause, the court, after hearing the evidence presented, find that ICCU has shown probable cause:

        (i) That ICCU is entitled to possession of the Collateral;

ANSWER OF DEFENDANTS, IDAHO CENTRAL CREDIT UNION AND BRIAN M. BERRETT TO COMPLAINT, AND VERIFIED COUNTERCLAIM - 7

  (ii) That the Collateral is located at or in the vicinity of Allen's and the Trustee's address of 2600 E. Seltice Way, Post Falls, Idaho 83854; and

  (iii) That this is a proper case for the taking of the Collateral from Allen and the Trustee and delivering it to ICCU pursuant to Idaho Code § 8-302.

 (c) That on ICCU filing a bond in an amount fixed by the Court as provided in Idaho Code § 8-303, a Writ of Possession shall be issued by the Court directing the applicable Sheriff to take into his possession the Collateral and deliver the Collateral to ICCU as provided in Idaho Code § 8-308;

 (d) That during the pendency of this action, ICCU be allowed to dispose of the Collateral in accordance with the Installment Contract, and Idaho law;

 (e) That on the trial of this action, the Court adjudge:

  (i) That ICCU is entitled to possession of the Collateral; and

  (ii) That ICCU be awarded judgment against Allen for a deficiency resulting from the sale of the Collateral.

3. All Claims. For its costs and attorney's fees, pursuant to Idaho Code §§12-120 and 12-121, FRCP 54, and the Installment Contract, in a sum of $2,500.00 if judgment is entered by default, and such additional sums as the court may deem just and reasonable in the premises in the event of contest, trial or appeal.

4. All Claims. Such other and further relief as to the Court shall appear just and equitable.

DATED this 28th day of April, 2025.

       JONES WILLIAMS FUHRMAN GOURLEY, P.A.

       /s/ Kimbell D. Gourley
       KIMBELL D. GOURLEY
       Attorneys for ICCU and Berrett

ANSWER OF DEFENDANTS, IDAHO CENTRAL CREDIT UNION AND BRIAN M. BERRETT TO COMPLAINT, AND VERIFIED COUNTERCLAIM - 8

**VERIFICATION**

STATE OF IDAHO   )
                 : ss.
County of Bannock )

THOMAS BUTLER, being first duly sworn, deposes and says:

That he is the Assistant Vice President of Member Assistance of Idaho Central Credit Union, the Defendant/Counterclaimant herein, that he has read the foregoing document, knows the contents thereof, and believes the same to be true and correct to the best of his/her information, knowledge and belief.

_____
THOMAS BUTLER

SUBSCRIBED AND SWORN to before me this 24th day of April, 2025.

_____
Notary Public for Idaho
Residing at Bannock
Commission expires: 10/13/2026



ANSWER OF DEFENDANTS, IDAHO CENTRAL CREDIT UNION AND BRIAN M. BERRETT TO COMPLAINT, AND VERIFIED COUNTERCLAIM - 9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 28th day of April, 2025, a true and correct copy of the foregoing document was filed with the Clerk of the Court using the CM/ECF System.

I certify that the following listed non-registered CM/ECF participants were served a copy of the foregoing by first class mail, postage prepaid, addressed to:

Jason Henry Allen, individually, and as
Trustee of the Rikur Private Irrevocable
Trust
2600 East Seltice Way
Post Falls, Idaho 83854

                                 /s/ Kimbell D. Gourley
                                 Kimbell D. Gourley