# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO NORTHERN DIVISION

| | |
|---|---|
| JASON HENRY ALLEN, INDIVIDUALLY AND AS TRUSTEE OF RIKUR PRIVATE IRREVOCABLE TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>IDAHO CENTRAL CREDIT UNION AND BRIAN M. BERRETT,<br><br>Defendants | Case No.: 2:25-cv-00172-AKB<br><br>MOTION TO DISMISS DEFENDANT IDAHO CENTRAL CREDIT UNION'S COUNTER CLAIMS<br><br>U.S. COURTS<br>MAY 15 2025<br>Rcvd___Filed___Time 2:54<br>STEPHEN W. KENYON<br>CLERK, DISTRICT OF IDAHO |

## PLAINTIFF'S MOTION TO DISMISS DEFENDANT IDAHO CENTRAL CREDIT UNION'S COUNTERCLAIMS PURSUANT TO FRCP 12(b)(6)

COME NOW Plaintiff Jason Henry Allen, individually and as Trustee of the Rikur Private Irrevocable Trust, in propria persona, and respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss with prejudice the counterclaims filed by Defendant Idaho Central Credit Union ("ICCU") in its Answer of Defendants, Idaho Central Credit Union and Brian M. Berrett to Complaint, and Verified Counterclaim (filed April 28, 2025) **for failure to state a claim upon which relief can be granted**. In support of this motion, Plaintiff states as follows:

### I. INTRODUCTION

1

1. On April 28, 2025 (amended on May 12, 2025), ICCU filed two counterclaims against Plaintiff: (1) Action on the Installment Contract, seeking $87,604.47 for alleged non-payment of a Retail Installment Sale Contract dated October 18, 2024, and (2) Claim and Delivery, seeking repossession of a 2023 Toyota Sequoia (VIN 7SVAAABA8PX011784).

2. ICCU's counterclaims fail to state a claim because Plaintiff fully satisfied the underlying obligation through specially and restrictively indorsed negotiable instruments, accepted by ICCU on or about October 18, 2024, discharging the debt under Uniform Commercial Code (UCC) § 3-603, as adopted by Idaho Code § 28-3-603. Furthermore, the Sequoia is trust property of the Rikur Private Irrevocable Trust, not subject to ICCU's lien, rendering the counterclaims legally deficient.

## II. LEGAL STANDARD

3. Under FRCP 12(b)(6), a counterclaim must be dismissed if it fails to state a claim upon which relief can be granted. The court accepts the non-moving party's factual allegations as true but need not accept legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The counterclaim must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

4. Dismissal is warranted if the counterclaimant's allegations, taken as true, show the claim is barred as a matter of law. *See Jones v. Bock*, 549 U.S. 199, 215 (2007).

## III. FACTUAL BACKGROUND

2

5. On October 18, 2024, Plaintiff entered into a contract with ICCU via George Gee Cadillac Kia for a 2023 Toyota Sequoia (VIN 7SVAAABA8PX011784), which was accepted by ICCU.

6. Plaintiff fully performed on the contract by tendering a specially and restrictively indorsed negotiable instrument, indorsed "Pay to the order of JASON H ALLEN" per UCC § 3-205(a), which ICCU accepted on or about October 18, 2024 (Exhibits E, F, G).

7. On November 3, 2024, Plaintiff transferred all rights, title, and interest in the Sequoia to the Rikur Private Irrevocable Trust, a separate legal entity under Idaho Code § 68-104, secured by a UCC Financing Statement filed with the Idaho Secretary of State (Exhibits A, H).

8. Plaintiff demanded release of the clean title and proof of lien release on December 1, 2024, and January 13, 2025, via registered mail (RF816840985US, RF816840968US), which ICCU received and accepted per the posting rule (Exhibits B, C; *Culton v. Gilchrist*, 81 U.S. 306 (1871)).

9. ICCU has failed to release the title, continued collection attempts, and falsely reported negative credit information, prompting Plaintiff's complaint alleging breaches of contract, fiduciary duty, and violations of federal and Idaho laws.

## IV. ARGUMENT

**A. ICCU's First Counterclaim (Action on the Installment Contract) Fails Because It Fails To State a Claim Upon Which Relief Can Be Granted**

3

10. ICCU's claim for $87,604.47 under the Contract is barred because Plaintiff discharged the debt by tendering negotiable instruments, accepted by ICCU on or about October 18, 2024 (Exhibits E, F, G).

11. Under UCC § 3-603(b), as adopted by Idaho Code § 28-3-603, "if tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument and the tender is refused, there is discharge, to the extent of the amount of the tender, of the obligation." Plaintiff tendered a specially indorsed instrument for the full contract amount ($84,800.94 and $85,598.37 X2), which ICCU accepted without refusal or return.

12. ICCU's acceptance of the instrument constitutes full satisfaction of the debt, negating any default. *See Holloway v. Barrett*, 487 So.2d 859 (Ala. 1986) (tender of payment discharges obligation if accepted). ICCU's failure to address the instrument in its counterclaim undermines its default allegation.

13. Because the debt was discharged, ICCU's claim for principal, interest, and fees lacks a plausible legal basis, warranting dismissal under FRCP 12(b)(6).

14. ICCU's assertion of a valid lien and default is further undermined by its failure to contest or return the negotiable instrument within a reasonable time, constituting acceptance under UCC § 3-202(b) and (Idaho Code § 28-3-202). By retaining the instrument without objection, ICCU waived any claim to non-payment, rendering its demand for $87,604.47 implausible. See *Barclays Bank v. Mercantile Nat'l Bank*, 481 F.2d 1224, 1236 (5th Cir. 1973) (retention of instrument without protest equates to acceptance).

15. Moreover, ICCU's counterclaim omits any factual basis for alleging non-payment, failing to specify how Plaintiff's tender was deficient or rejected. Under FRCP 8(a)(2), a counterclaim must provide a short and plain statement showing entitlement to relief, which ICCU's conclusory default claim lacks. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The absence of such facts, coupled with Plaintiff's documented payment (Exhibits E, F), warrants dismissal for lack of plausibility.

16. Furthermore, ICCU's counterclaims are barred because the contract was specially and restrictively indorsed "Without Recourse," **explicitly** relieving Plaintiff of any liability or obligation to ICCU or its agents. Under UCC § 3-414(c), as adopted by Idaho Code § 28-3-414, an indorsement "Without Recourse" disclaims the indorser's liability on the instrument and contract. ICCU's acceptance of this indorsement on or about October 18, 2024 (Exhibit F, G), precludes it from pursuing Plaintiff for holding him liable, rendering the counterclaim for $87,604.47 implausible and legally deficient. See *First Nat'l Bank v. Brown*, 181 Wash. 693, 44 P.2d 171 (1935)

**B. ICCU's Second Counterclaim (Claim and Delivery) Fails Because the Sequoia Is Trust Property**

17. ICCU's claim for repossession of the Sequoia fails because the vehicle is trust property of the Rikur Private Irrevocable Trust, not subject to ICCU's lien (Exhibit A).

18. On November 3, 2024, Plaintiff transferred all rights, title, and interest in the Sequoia to the Trust, perfected by a UCC Financing Statement (Exhibit H). Under Idaho

Code § 68-106, trust property is held separately from the grantor's personal assets, and ICCU's lien was extinguished by Plaintiff's tender of payment (Idaho Code § 28-9-317).

19. ICCU's claim that its security interest is superior is implausible, as the debt discharge on October 18, 2024, predates any alleged default and extinguishes the lien. *See Idaho Code § 28-9-601* (secured party's rights terminate upon satisfaction).

20. Furthermore, ICCU's attempt to repossess trust property constitutes conversion, as the Trust, not Plaintiff individually, holds title. *See Watts v. Krebs*, 131 Idaho 616, 962 P.2d 387 (1998). ICCU's failure to address the Trust's ownership renders the repossession claim legally deficient.

21. Because the Sequoia is not subject to ICCU's lien, the claim and delivery action fails to state a claim, warranting dismissal under FRCP 12(b)(6).

### C. ICCU's Counterclaims Are Barred by Plaintiff's Prior Performance

22. Plaintiff performed all contractual obligations on October 18, 2024, by tendering more than full payment via the negotiable instruments (Exhibit E, G). ICCU's acceptance of the contract and instruments precludes any claim of default.

23. ICCU's allegations of non-payment are contradicted by Plaintiff's documented performance, supported by Exhibits E,F, and G. Under *Iqbal*, 556 U.S. at 678, the court need not accept ICCU's conclusory default claims when Plaintiff's allegations show satisfaction.

24. ICCU's counterclaims are further barred by equitable estoppel, as their acceptance of the negotiable instrument (Exhibit F, G) and failure to dispute it estop them from claiming default. Under Idaho law, a party accepting payment without objection cannot

later deny its sufficiency. See McEnroe v. Morgan, 106 Idaho 326, 678 P.2d 595, 598 (1984) (acceptance of payment estops contradictory claims). ICCU's silence post-tender (Exhibits E, F, G) precludes their default allegations.

25. Additionally, ICCU's continued collection efforts, despite Plaintiff's cease-and-desist notices (Exhibits B, C, D), constitute bad faith, further barring equitable relief like repossession. The Idaho Consumer Protection Act, Idaho Code § 48-603(17), prohibits deceptive practices causing confusion, as ICCU has done by pursuing trust property post-discharge (Complaint, Count IV). This misconduct defeats their counterclaims. See Taylor v. McNichols, 149 Idaho 826, 243 P.3d 642, 662 (2010) (bad faith bars equitable claims).

26. Plaintiff's prior performance bars ICCU's counterclaims as a matter of law, further justifying dismissal.

## V. CONCLUSION

ICCU's counterclaims fail to state a claim upon which relief can be granted because Plaintiff fully and completely performed all obligations under the contract, accepted by ICCU, under UCC § 3-603, and the Sequoia is trust property of the Rikur Private Irrevocable Trust, not subject to ICCU's liens. The counterclaims lack plausible legal or factual grounds, as Plaintiff's performance precludes default and repossession. Accordingly, Plaintiff respectfully requests that this Court: A. Dismiss ICCU's First Counterclaim (Action on the Contract) with prejudice; B. Dismiss ICCU's Second Counterclaim (Claim and Delivery) with prejudice; C. Grant Plaintiff's costs incurred in bringing this motion, pursuant to FRCP 54(d); D. Grant such other and further relief as the Court deems just and proper.

DATED this 15th day of May, 2025.

Respectfully submitted,

<u>/s/ By: Jason-Henry:Allen</u>

Jason Henry Allen, Without Recourse, In Propria Persona

## CERTIFICATE OF SERVICE

I, Jason Henry Allen, hereby certify that on this 15th day of May, 2025, I caused a true and correct copy of the foregoing Plaintiff's Answer to Defendant Idaho Central Credit Union's Counterclaims to be served via first-class mail, postage prepaid system to:

Kimbell D. Gourley Jones Williams Fuhrman Gourley, P.A. 225 North 9th Street, Suite 820 P.O. Box 1097 Boise, ID 83701 Email: kgourley@idalaw.com

/s/ Jason Henry Allen Jason Henry Allen, In Propria Persona