Kimbell D. Gourley / ISB #3578
JONES♦WILLIAMS♦FUHRMAN♦GOURLEY, P.A.
The 9th & Idaho Center
225 North 9th Street, Suite 820
P.O. Box 1097
Boise, ID 83701
Telephone: (208) 331-1170
Facsimile: (208) 331-1529
Email: *kgourley@idalaw.com*

*Attorneys for Defendants/Counterclaimant,*
*Idaho Central Credit Union and Brian M. Berrett*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON HENRY ALLEN, Individually and as Trustee of Rikur Private Irrevocable Trust,<br><br>Plaintiff,<br><br>vs.<br><br>IDAHO CENTRAL CREDIT UNION, and BRIAN M. BERRETT,<br><br>Defendants. | Case No.: 2:25-cv-00172-AKB<br><br>**OBJECTION TO PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIMANT, IDAHO CENTRAL CREDIT UNION'S COUNTERCLAIMS [Dkt. 18]** |
| IDAHO CENTRAL CREDIT UNION,<br><br>Counterclaimant,<br><br>vs.<br><br>JASON HENRY ALLEN, Individually and as Trustee of Rikur Private Irrevocable Trust,<br><br>Counter Defendants. | |

COME NOW the Defendants/Counterclaimant, the Idaho Central Credit Union ("ICCU") and Brian M. Berrett ("Berrett"), by and through their counsel of record Jones Williams Fuhrman Gourley, P.A., and object to and oppose the Plaintiffs' Motion to Dismiss ICCU's counterclaims [Dkt. 18]. This objection is made on the following grounds and for the following reasons:

I. **Procedural History:**

1. On May 15, 2025, Plaintiffs filed a "Motion to Dismiss Defendant Idaho Central Credit Union's Counter Claims" [Dkt.18] (the "Motion to Dismiss"), which was signed "Without Recourse, In Propria Persona";

2. In addition, on May 15, 2025, Plaintiffs submitted the "Affidavit of Jason Henry Allen in Support of Motion to Dismiss Defendants' Counterclaims" [Dkt. 18-1], which was signed "without recourse";

3. Pursuant to FRCP 12(d), the court may disregard the Affidavit of Jason Henry Allen in support of the Motion to Dismiss, or the court may treat the Motion to Dismiss as a Motion for Partial Summary Judgment;

4. The Motion to Dismiss is based upon FRCP 12(b)(6), which asserts ICCU has failed to state a claim upon which relief can be granted;

5. ICCU has asserted two counterclaims in this matter [Dkt.11], namely:

   a. Breach of the Installment Contract, by which Plaintiff, Jason Henry Allen, as an individual, purchased and financed the purchase of a certain used 2023 Toyota Sequoia Platinum, VIN#7SVAAABA8PX011784 ("Collateral"); and

   b. Claim and Delivery (Replevin) to repossess the Collateral.

6. Contemporaneously herewith, ICCU and Mr. Berrett have filed a motion to dismiss pursuant to FRCP 12(b)(6), a motion for judgment on the pleadings pursuant to FRCP 12(c), a motion for partial summary judgment pursuant to FRCP 56, and a motion for order to show cause to repossess the Collateral, along with memorandums in support and affidavits in support as to the motion for partial summary judgment and motion for order to show cause. The counterclaim is also verified and thus serves as an additional affidavit.

## II. Applicable Standards for a Motion to Dismiss Pursuant to FRCP 12(b)(6):

"A dismissal for failure to state a claim pursuant to **[FRCP] 12(b)(6)** is reviewed *de novo*. All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff." *Stoner v. Santa Clara Cnty Office of Educ.*, 502 F.3d 1116, 1120 (9th Cir. 2007) (internal citations and quotation marks omitted). "Dismissal of a complaint under **[FRCP] 12(b)(6)** is appropriate when the complaint fails to state sufficient facts creating a plausible claim to relief." *Trader Joe's*, 4 F.4th at 880. Whiteside v. Kimberly Clark Corp., 108 F.4th 771, 777 (9th Cir. 2024).

[U]nder Rule 12(b)(6), the court must: (1) construe the Complaint in the light most favorable to the plaintiff, and (2) accept all well-pleaded factual allegations as true, as well as all reasonable inferences to be drawn from them. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001); *Pareto v. F.D.I.C.,* 139 F.3d 696, 699 (9th Cir. 1998); *see also Dahlia v. Rodriguez*, 735 F.3d 1060, 1066 (9th Cir. 2013) *(en banc)*. The Court need not accept as true "legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). In its consideration of the motion, the Court is limited to the allegations on the face of the Complaint (including documents attached thereto), matters which are properly judicially noticeable and "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001); *Branch v. Tunnel*!, 14

F.3d 449, 453-54 (9th Cir. 1994), *overruling on other grounds recognized in Galbraith v. County of Santa Clara, 307* F.3d 1119 (9th Cir. 2002).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep 't*, 901 F.2d 696, 699 (9th Cir. 1990); *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-63, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief). AJR Trucking, Inc. v. Worthington Indus., No. CV 20-4622-GW-RAOx, 2020 U.S. Dist. LEXIS 188457, at *2-6 (C.D. Cal. Aug. 7, 2020).

### III. Undisputed Facts:

7.  At all times relevant hereto, Idaho Central Credit Union ("ICCU") was an Idaho state-chartered association duly authorized to do, and doing business in, the state of Idaho.;

8.  At all times relevant hereto, Counter Defendants, Jason Henry Allen, an individual ("Allen"), and Jason Henry Allen, trustee of the Rikur Private Irrevocable Trust ("Trustee"), was an individual residing in Kootenai County, Idaho;

9.  On or about October 18, 2024, Allen, as borrower, executed in favor of George Gee Cadillac Kia, as seller and lender, a certain Idaho Retail Installment Contract in the original principal amount of $84,700.94 (the "Installment Contract"). A true and correct copy of the Installment Contract is attached to the Counterclaim as **Exhibit A**. George Gee Cadillac Kia thereafter assigned the Installment Contract on October 18, 2024 to ICCU;

10. In order to secure the obligations owed under the Installment Contract, Allen, as grantor, granted to ICCU, as secured party, a security interest in a certain used 2023 Toyota Sequoia Platinum, VIN#7SVAAABA8PX011784 ("Collateral"). This security interest is evidenced, and the terms and conditions are set forth, in the Installment Contract;

11. In order to perfect ICCU's security interest in the Collateral, ICCU caused its name to be listed as a first lien holder on the Collateral's certificate of title. A true and correct copy of the Collateral's certificate of title is attached as **Exhibit B** to the counterclaim;

12. That the security interest granted to ICCU in the Collateral is superior in time and in right to the interest of any other party, including Allen and the Trustee to this action;

13. Allen is in default under the Installment Contract for failure to pay the December 2, 2024, to the present installment payments.

14. The Collateral has not yet been repossessed or foreclosed upon by ICCU;

15. As of April 10, 2025, the following sums were due, owing, and unpaid on the Installment Contract:

| | |
|---|---|
| Principal balance | $ 84,800.94 |
| Accrued Interest | $2,546.03 |
| Repossession Fees | $257.50 |
| Total | $87,604.47 |

Additional interest continues to accrue on this sum from and including April 10, 2025, until and including the date of entry of judgment herein at the per diem rate of $15.12.

16. ICCU has fully complied with all conditions precedent incumbent upon it to perform.

17. The Installment Contract, among other things, provides that if payment of any sums, either principal or interest, shall not be made at the times when the said payments shall become due

as expressed by the Installment Contract, the whole of the principal sums then remaining paid, together with interest that shall have accrued thereon, shall become immediately due and payable at the option of the holder of the Installment Contract, and that Allen has failed to pay the amounts due on the Installment Contract in accordance with its terms. Accordingly, ICCU declared that the principal sum under the Installment Contract is now due and payable in full, together with interest with accrued and accruing interest thereon.

18. The Installment Contract provides, among other things, that if Allen fails to repay the Installment Contract as provided therein, ICCU has the right to take possession of any or all of the Collateral which has been granted as collateral to ICCU. That due to the default of Allen, ICCU may exercise its rights pursuant to the Installment Contract to take possession of the Collateral.

19. That based on information and belief and the NADA Guides attached as **Exhibit C** to the counterclaim, the fair market value of the Collateral, namely a 2023 Toyota Sequoia Platinum, VIN#7SVAAABA8PX011784, is in the range of $59,400.00.

20. Neither ICCU nor Mr. Berrett had any participation in or knowledge about the purchase and sale and loan transaction between Allen and George Gee Cadillac Kia.

21. In addition, Mr. Berrett had no participation in or knowledge about the assignment of the Installment Contract by George Gee Cadillac Kia to ICCU.

22. Mr. Berret had no participation in Allen's efforts to create a fiduciary duty that does not exist with ICCU or with Mr. Berret, individually. Allen sent to ICCU in care of Mr. Berrett fiduciary appointment and authorization dated October 19, 2024. This is the first time Mr. Berrett had any knowledge about Allen or the Installment Contract.

23. Mr. Berrett never accepted any appointment as a fiduciary of Allen, as an individual, or Allen as trustee of the Rikur Private Irrevocable Trust ("Trustee"), and Mr. Berrett never assumed or undertook any fiduciary duties as to Allen or the Trustee.

24. In addition, Mr. Berrett never had any conversations or meetings with Allen or the Trustee.

25. Allen's fiduciary appointment and authorization form along with other documents received from Allen over the next five months were forwarded by ICCU to its counsel, Kimbell D. Gourley, and Mr. Gourley responded to Allen on behalf of ICCU and Mr. Berrett.

26. Mr. Berrett was simply never involved with Allen or the Installment Contract until after the Installment Contract was assigned to ICCU and Allen was making various demands upon ICCU and/or Mr. Berrett. Mr. Berrett's involvement with Allen as an individual and as Trustee of the Rikur Private Irrevocable Trust has been to simply keep informed of the demands and this lawsuit.

27. Neither ICCU nor Mr. Berrett entered into an agreement to accomplish an unlawful objective or to accomplish a lawful objection in an unlawful manner.

IV. **Argument:**

ICCU has alleged the appropriate elements to a breach of contract claim in relation to the Installment Contract, and pursuant to Idaho Code §8-301 et. seq., ICCU has alleged the appropriate elements to a claim and delivery (replevin) claim to repossess the Collateral. Plaintiffs do not appear to contest this.

Rather, Plaintiffs in their Motion to Dismiss seem to rely upon two theories. The first theory is that somehow Plaintiff, Mr. Allen, even though the borrower/maker on the Installment Contract, could somehow "indorse" the Installment Contract and tender it to ICCU, even though

ICCU was already the lender/payee on the Installment Contract, and that this indorsement and tender somehow paid the debt in full even though no monetary payment was made. Plaintiffs reference the court to Exhibit G to the Affidavit of Mr. Allen (Dkt.18-1, pages 6-10] in support of this argument.

The second theory is that when Plaintiff, Mr. Allen transferred the Collateral to his trust, the Riku Private Irrevocable Trust, somehow the transfer was free and clear of ICCU's security interest in the Collateral without ICCU releasing its security interest.

Plaintiffs fail to cite any legitimate legal authority that supports either of the two theories set forth in their Motion to Dismiss. Plaintiff, Mr. Allen respectfully misunderstands that he is the "maker" and "borrower" pursuant to the Installment Contract, and that he does not have the ability to indorse and transfer it to ICCU, which already is the lender and payee of the Installment Contract.

ICCU has contemporaneously herewith filed a motion for partial summary judgment on the two counterclaims and the affidavit of Thomas Butler, affidavit of Brian Berrett, affidavit of Kimbell Gourley, and Verified Counterclaim all establish the requisite facts for partial summary judgment to be granted and Plaintiffs' motion to dismiss to be denied.

**Wherefore**, ICCU and Mr. Berrett request that the court deny Plaintiffs' Motion to Dismiss. This objection and opposition to the Motion to Dismiss is further supported by the Verified Counterclaim, Motion to Dismiss, Motion for Judgment on the Pleadings, Motion for Partial Summary Judgment, and Motion for Order to Show Cause, along with the memorandums and affidavits filed in support thereof, as applicable, filed by ICCU and Mr. Berrett.

DATED this 20th day of May, 2025.

JONES WILLIAMS FUHRMAN GOURLEY, P.A.

                         */s/ Kimbell D. Gourley*
                        KIMBELL D. GOURLEY
                        Attorneys for Defendants/Counterclaimant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 20th day of May, 2025, a true and correct copy of the foregoing document was filed with the Clerk of the Court using the CM/ECF System.

I certify that the following listed non-registered CM/ECF participants were served a copy of the foregoing by first class mail, postage prepaid, addressed to:

Jason Henry Allen, individually and as
trustee of the Rikur Private Irrevocable
Trust,
2600 East Seltice Way
Post Falls, Idaho 83854

      /s/ *Kimbell D. Gourley*
      Kimbell D. Gourley