Kimbell D. Gourley / ISB #3578
JONES ♦ WILLIAMS ♦ FUHRMAN ♦ GOURLEY, P.A.
The 9th & Idaho Center
225 North 9th Street, Suite 820
P.O. Box 1097
Boise, ID 83701
Telephone: (208) 331-1170
Facsimile: (208) 331-1529
Email: *kgourley@idalaw.com*

*Attorneys for Defendants/Counterclaimant,*
*Idaho Central Credit Union and Brian M. Berrett*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON HENRY ALLEN, Individually and as Trustee of Rikur Private Irrevocable Trust,<br><br>Plaintiff,<br><br>vs.<br><br>IDAHO CENTRAL CREDIT UNION, and BRIAN M. BERRETT,<br><br>Defendants. | Case No.: 2:25-cv-00172-AKB<br><br>**AFFIDAVIT OF BRIAN M. BERRETT** |

STATE OF IDAHO   )
                 : ss
County of Bannock )

Brian M. Berrett, being first duly sworn, on oath, deposes and says:

1. I am the Chief Financial Officer of the Defendant/Counterclaimant, Idaho Central Credit Union, and I am individually a Defendant, in the above-entitled matter.

2. I make the following statements based upon my own personal knowledge.

3. At all times relevant hereto, Idaho Central Credit Union ("ICCU") was an Idaho state-chartered association duly authorized to do, and doing business in, the state of Idaho.

AFFIDAVIT OF BRIAN M. BERRETT - PAGE 1

4. From a review of that certain Idaho Retail Installment Contract in the original principal amount of $84,700.94 executed on or about October 18, 2024, by the Defendant, Jason Henry Allen ("Allen"), as buyer and borrower, and George Gee Cadillac Kia, as seller and lender(the "Installment Contract"), Allen purchased a certain used 2023 Toyota Sequoia Platinum, VIN#7SVAAABA8PX011784 and granted a security interest in it to secure the outstanding purchase money loan obligation ("Collateral").

5. This Installment Contract was then assigned by George Gee Cadillac Kia to ICCU on or about October 18, 2024.

6. I had no participation in or knowledge about the purchase and sale and loan transaction between Allen and George Gee Cadillac Kia.

7. In addition, I had no participation in or knowledge about the assignment of the Installment Contract by George Gee Cadillac Kia to ICCU.

8. Hundreds of equivalent installment contracts are assigned by auto dealerships to ICCU each month and I am not personally involved with any of such assignments.

9. As to the Installment Contract, the loan was initially fully funded by George Gee Cadillac Kia to Allen, and then when the Installment Contract was assigned to ICCU, payment was made by ICCU to George Gee Cadillac Kia at that time for transfer of the Installment Contract. Thus, there were no loan distributions by ICCU pursuant to the Installment Contract directly to Allen, and ICCU only made a single lump sum distribution by ICCU to George Gee Cadillac Kia.

10. I also had no participation in Allen's efforts to create a fiduciary duty that does not exist with ICCU or with me individually. Allen sent to ICCU in care of me a fiduciary appointment and authorization dated October 19, 2024. This is the first time I had any knowledge about Allen or the Installment Contract.

**AFFIDAVIT OF BRIAN M. BERRETT - PAGE 2**

11. I never accepted any appointment as a fiduciary of Allen, as an individual, or Allen as trustee of the Rikur Private Irrevocable Trust ("Trustee"), and I never assumed or undertook any fiduciary duties to Allen or the Trustee.

12. In addition, I never had any conversations or meetings with Allen or the Trustee.

13. Allen's fiduciary appointment and authorization form along with other documents received from Allen over the next five months were forwarded by ICCU to its counsel, Kimbell D. Gourley, and Mr. Gourley responded to Allen on behalf of ICCU and me.

14. I simply was never involved with Allen or the Installment Contract until after the Installment Contract was assigned to ICCU and Allen was making various demands upon ICCU and/or me. My involvement with Allen as an individual and as Trustee of the Rikur Private Irrevocable Trust has been to simply keep informed of the demands and this lawsuit.

15. Neither ICCU nor I ever entered into an agreement to accomplish an unlawful objective or to accomplish a lawful objection in an unlawful manner.

**FURTHER YOUR AFFIANT SAYETH NOT.**

_____
BRIAN M. BERRETT

STATE OF IDAHO )
              ) ss.
County of Bannock )

SUBSCRIBED AND SWORN to before me this 24th day of April, 2025.

_____
Notary Public for State of Idaho
Residing at: Bannock

AFFIDAVIT OF BRIAN M. BERRETT - PAGE 3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 20th day of May, 2025, a true and correct copy of the foregoing document was filed with the Clerk of the Court using the CM/ECF System.

I certify that the following listed non-registered CM/ECF participants were served a copy of the foregoing by first class mail, postage prepaid, addressed to:

Jason Henry Allen, individually and as
trustee of the Rikur Private Irrevocable
Trust,
2600 East Seltice Way
Post Falls, Idaho 83854


      /s/ *Kimbell D. Gourley*
      Kimbell D. Gourley