# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO NORTHERN DIVISION

| | |
|---|---|
| JASON HENRY ALLEN, INDIVIDUALLY AND AS TRUSTEE OF RIKUR PRIVATE IRREVOCABLE TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>IDAHO CENTRAL CREDIT UNION AND BRIAN M. BERRETT,<br><br>Defendants | Case No.: 2:25-cv-00172-AKB<br><br>RESPONSE TO DEFENDANTS OBJECTION TO DISMISS COUNTERCLAIMANT |

COMES NOW Plaintiff Jason Henry Allen, individually and as Trustee of the Rikur Private Irrevocable Trust, in propria persona, and submits this Reply in support of his Motion to Dismiss Defendants' Counterclaims [Dkt. 18], opposing Defendants' Objection.

1. Defendants Idaho Central Credit Union (ICCU) and Brian M. Berrett fail to rebut Plaintiff's Motion to Dismiss their counterclaims for breach of contract and replevin, which lack a cognizable legal theory under FRCP 12(b)(6) due to ICCU's fraudulent alteration of the Retail Installment Sale Contract and Plaintiff's discharge of the debt. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

1

2. ICCU's unauthorized alteration of the contract on October 18, 2024, changing the lender from Potlatch No. 1 Financial Credit Union to ICCU without Plaintiff's consent (Exhibit K), voids their claims, as it constitutes fraud and discharges Plaintiff's liability under Idaho Code § 28-3-407(b). *Watts v. Krebs*, 131 Idaho 616, 624, 962 P.2d 387 (1998); Count XVIII, ¶¶ 158–180.

3. Plaintiff's tender of payment on October 18, 2024, accepted by ICCU, discharged the debt under Idaho Code § 28-3-603(b), rendering ICCU's breach and replevin claims implausible. Plaintiff's special indorsement and demands further negate ICCU's lender status. *Cheney v. Palos Verdes Inv. Corp.*, 104 Idaho 897, 905, 665 P.2d 661 (1983).

4. The Rikur Private Irrevocable Trust's ownership of the 2023 Toyota Sequoia as of November 3, 2024, free of ICCU's invalid lien, defeats replevin, as ICCU's security interest was extinguished by the fraudulent alteration and payment. Idaho Code § 28-9-317; Count X.

5. Defendants' reliance on the contract is misplaced, as its authenticity is disputed due to the alteration, and their affidavits are irrelevant under FRCP 12(b)(6), which limits review to the pleadings. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

6. Berrett's denial of fiduciary duty is a factual dispute irrelevant to dismissal, but Plaintiff's Form 56 establishes his role, supporting Count II. ICCU's failure to address Plaintiff's pre-litigation demands undermines their good faith. *Jenkins v. Boise Cascade Corp.*, 141 Idaho 233, 108 P.3d 380 (2005).

WHEREFORE, Plaintiff respectfully requests the Court grant his Motion to Dismiss Defendants' Counterclaims for failure to state a claim under FRCP 12(b)(6).

DATED: June 3, 2025

Respectfully submitted,

/s/ Jason-Henry:Allen

Jason-Henry:Allen – Beneficiary, Without Prejudice, All Rights Reserved

2600 East Seltice Way, Post Falls, Idaho 83854

323-377-5620 | Jason.Alistor@gmail.com

Plaintiff, In Propria Persona

# CERTIFICATE OF SERVICE

I certify that on June 4, 2025, a true and correct copy of the foregoing was served via first-class mail, postage prepaid, to:

Kimbell D. Gourley

Jones Williams Fuhrman Gourley, P.A.

225 North 9th Street, Suite 820

Boise, Idaho 83701


/s/ Jason-Henry:Allen