# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO NORTHERN DIVISION

| | |
|---|---|
| JASON HENRY ALLEN, INDIVIDUALLY AND AS TRUSTEE OF RIKUR PRIVATE IRREVOCABLE TRUST, | Case No.: 2:25-cv-00172-AKB |
| Plaintiff, | PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT PURSUANT TO FRCP 15(A)(2) AND LOCAL RULE 15.1 |
| vs. | |
| IDAHO CENTRAL CREDIT UNION AND BRIAN M. BERRETT, | |
| Defendants | |

U.S. COURTS

JUN 04 2025

Counter
Rcvd _____ Filed _____ Time 3:43pm
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT PURSUANT TO FRCP 15(A)(2) AND LOCAL RULE 15.1

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 15(a)(2) and Local Rule 15.1, Plaintiff Jason Henry Allen, both individually and in his capacity as Trustee of the Rikur Private Irrevocable Trust, respectfully moves this Honorable Court for leave to file a First Amended Complaint. The proposed amendment seeks to add Count XVIII for fraud based on newly discovered evidence of unauthorized alteration of the Retail Installment Sale Contract by Defendant Idaho Central Credit Union (ICCU) or its agent, and to refine existing claims to address pleading deficiencies and incorporate new evidence. The

proposed Amended Complaint is attached hereto as Exhibit L, in compliance with Local Rule 15.1.

## PROCEDURAL BACKGROUND

On March 25, 2025, Plaintiff, proceeding in propria persona, initiated this action against Defendants ICCU and Brian M. Berrett, alleging multiple causes of action including breach of contract, fraud, breach of fiduciary duty, and related claims arising from a Retail Installment Sale Contract dated October 18, 2024, concerning a 2023 Toyota Sequoia (VIN 7SVAAABA8PX011784). The case remains in the pre-discovery phase, with no trial date set.

On May 20, 2025, Defendants filed several motions: (a) a Motion to Dismiss Counts VII–IX and XI–XVII; (b) a Motion for Partial Summary Judgment on Counts I–VI and X, as well as their counterclaims for breach of contract and claim and delivery; and (c) a Motion for Order to Show Cause seeking possession of the vehicle. Plaintiff's proposed Count XVIII, based on newly discovered evidence of contract alteration (Exhibit K), directly challenges the validity of any lien claimed by Defendants and undermines their motions.

Given Plaintiff's in propria persona status, this motion is entitled to liberal construction to ensure that meritorious claims are adjudicated on their merits. See *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## NEWLY DISCOVERED EVIDENCE

On May 20, 2025, during a thorough review of transaction documents, Plaintiff discovered that ICCU or its agent had fraudulently altered the Retail Installment Sale Contract and Negotiable Instrument after Plaintiff's original execution on October 18, 2024. Specifically, the original contract designated Potlatch No. 1 Financial Credit Union as the lender. However, in the version presented by ICCU, the lender designation was scratched out and replaced with a handwritten insertion of "Idaho Central Credit Union" or "ICCU" without Plaintiff's knowledge, permission, or consent (Exhibit K).

This material alteration constitutes a violation of Idaho Code § 28-3-407 (UCC § 3-407), which addresses unauthorized changes to contracts and negotiable instruments. The alteration was discovered through Plaintiff's diligent review of records, despite ICCU's failure to disclose this information in response to Plaintiff's prior demands for contract validation (Exhibits B and C, dated December 1, 2024, and January 13, 2025, respectively).

Anticipated discovery, including but not limited to the original wet ink Retail Installment Sale Contract with chain of custody, accounting and transaction records, Berrett's fiduciary appointment and conflict of interest documents, securitization agreements, all Operating Circular agreements, trust documents and chain of custody, credit reporting communications, collection agency agreements and communications, loan assignment records and communication from George Gee Cadillac Kia, ICCU's compliance and training materials, ICCU's modification records, internal communications referencing or relating to Plaintiff, and FED agreements, will further

substantiate the fraud claim and support relief under Federal Rule of Civil Procedure 56(d).

## VIOLATIONS OF LAW

The unauthorized alteration of the Retail Installment Sale Contract by ICCU or its agent gives rise to multiple legal violations:

1. **Idaho Common-Law Fraud**: The elements of fraud under Idaho law are: (1) a misrepresentation; (2) knowledge of its falsity; (3) intent to induce reliance; (4) justifiable reliance; and (5) resulting damage. *Watts v. Krebs*, 131 Idaho 616, 962 P.2d 387 (1998). The alteration of the lender designation constitutes a misrepresentation known to be false, intended to induce Plaintiff's reliance, upon which Plaintiff justifiably relied, resulting in damages including credit harm and loss of title.

2. **Uniform Commercial Code (UCC) Violation**: The unauthorized alteration is a material change under Idaho Code § 28-3-407 (UCC § 3-407), which may discharge Plaintiff's obligations under the instrument.

3. **Equal Credit Opportunity Act (ECOA) Violation**: The concealment of the true lender may violate 15 U.S.C. § 1691 by deceptively altering credit terms, as discussed in *Das v. WMC Mortg. Corp.*, 831 F. Supp. 2d 1147, 1160 (N.D. Cal. 2011).

4. **Truth in Lending Act (TILA) Violation**: The failure to disclose the true lender may also violate 12 C.F.R. § 226.17, as noted in *Smith v. Wells Fargo Bank, N.A.*, 135 F. Supp. 3d 1124, 1132 (S.D. Cal. 2015).

# PROPOSED AMENDMENT

The proposed First Amended Complaint (Exhibit L) seeks to:

1. **Add Count XVIII (Fraud)**: Alleging that ICCU or its agent knowingly altered the Retail Installment Sale Contract post-October 18, 2024, by removing "Potlatch No. 1 Financial Credit Union" and inserting "Idaho Central Credit Union" or "ICCU" without Plaintiff's consent or knowledge, misrepresenting the terms and concealing the change to induce Plaintiff's performance, resulting in damages of at least $75,000, including improper credit reporting and collection costs.

2. **Refine Existing Claims**: To address Defendants' Motion to Dismiss and incorporate new evidence, thereby curing any pleading deficiencies.

The amendment satisfies the particularity requirements of Federal Rule of Civil Procedure 9(b) by specifying the who (ICCU or its agent), what (lender alteration), when (post-October 18, 2024), where (location to be determined through discovery), and how (concealment via false lienholder claims).

Furthermore, the amendment relates back to the original complaint under Federal Rule of Civil Procedure 15(c), as it arises from the same conduct, transaction, or occurrence set out in the original pleading. See *ASARCO LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014).

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be freely given when justice so requires. The Supreme Court in *Foman v. Davis*, 371 U.S. 178, 182 (1962), held that leave to amend should be granted absent undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of amendment.

Additionally, Federal Rule of Civil Procedure 16(b)(4) requires a showing of good cause for amendments after a scheduling order deadline. Good cause exists when the moving party demonstrates diligence in discovering new evidence. See *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Given Plaintiff's in propria persona status, this motion is entitled to liberal construction to ensure that meritorious claims are adjudicated on their merits. See *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## JUSTIFICATION FOR AMENDMENT

1. **No Undue Delay**: Plaintiff discovered the alteration evidence on May 20, 2025, and promptly filed this motion, demonstrating diligence and timeliness. See *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

2. **No Bad Faith**: The amendment is sought in good faith to address newly discovered evidence of fraud, aligning with existing allegations. See *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

3. **No Prejudice to Defendants**: The case is in the pre-discovery phase, and the amendment arises from the same transaction, requiring minimal additional discovery. Defendants' motions remain unaffected, as Count XVIII addresses the same core issues. See *DCD Programs, Ltd. v. Leighton*, 833 F.2d at 187.

4. **Not Futile**: Count XVIII states a viable fraud claim under Idaho law and implicates violations of Idaho Code §§ 18-2403, 28-9-406, 15 U.S.C. § 1691, and 12 C.F.R. § 226.17. The claim relates back to the original complaint, avoiding statute of limitations issues. See *ASARCO LLC v. Union Pac. R.R. Co.*, 765 F.3d at 1004.

5. **Response to Defendants' Motions**: The amendment addresses deficiencies identified in Defendants' Motion to Dismiss and creates genuine disputes for summary judgment, particularly concerning lien validity and default claims. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002 (9th Cir. 2015).

6. **Good Cause Under Rule 16(b)(4)**: The alteration evidence was discovered on May 20, 2025, and ICCU's concealment prevented earlier discovery, justifying amendment. See *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d at 609.

**Relief Requested**: Plaintiff requests leave to file the proposed Amended Complaint (Exhibit L notated in red), adding Count XVIII for fraud based on the unauthorized alteration of the contract and to update the Prayer for Relief to include compensatory and punitive damages of not less than $75,000 (Exhibit L notated in red). Plaintiff respectfully demands modification under Rule 16(b)(4). Plaintiff further requests any and all relief the court deems just, proper, and equitable.

WHEREFORE, Plaintiff respectfully demands that this Court grant leave to amend the Complaint pursuant to FRCP 15(a)(2), and award such other relief as is just and proper.

Dated: June ___4___, 2025

Respectfully submitted,

/s/ By: Jason-Henry-Allen

Jason-Henry:Allen – Beneficiary, Without Prejudice, All Rights Reserved

2600 East Seltice Way, Post Falls, Idaho 323-377-5620 Jason.Alistor@gmail.com

Plaintiff, In Propria Persona

CERTIFICATE OF SERVICE

I certify that on Jun _____4_____, 2025, I served a copy of this Motion for Leave to Amend

Complaint on Defendants' counsel via CM/ECF and first-class mail, postage prepaid, to:

Kimbell D. Gourley Jones Williams Fuhrman Gourley, P.A. 225 North 9th Street, Suite 820

Boise, ID 83701 Email: kgourley@idalaw.com

/s/ Jason Henry Allen Jason Henry Allen

# EXHIBIT

# K

# Report Of Sale And Application for Certificate of Title
## This is not a Certificate of Title

ITD 0502 (Rev. 09-14)
Supply # 01-807050-1
Control Number

**– Must be Legible –** Idaho Transportation Department - Division of Motor Vehicles

Any previous liens on the trade-in vehicle that is listed on this application for title will be satisfied in full by the dealer within 10 business days unless the owner relinquishing possession has signed below.
I, the owner relinquishing possession, acknowledge that I am responsible for satisfying all liens within 10 business days (Idaho Code 49-1609A)

X

☐ Rebuilt Salvage  ☐ Previous State Brand  ☐ Reconstruct  ☐ Repaired  ☐ Other

## Section 1 — Vehicle/Vessel Description

Previous Idaho Title No.    1st Vehicle or Hull Identification No.    2nd VIN if Assigned

**7SVAAABA8PX011784**

| Year | Make | Body Type | Model | Description | Color (Primary/Secondary) |
|------|------|-----------|-------|-------------|---------------------------|
| 2023 | TOYOTA | UV | SEQUOIA | | SILVER |

Fuel Type    Wheel Base    Weight    Length    Width    Hull Material    Horsepower    Propulsion

Odometer Reading **21270**

Odometer Status
☐ Actual  ☐ In Excess  ☐ Not Actual  ☐ No Device  ☐ Exempt

Odometer Reading Date **10/18/2024**    Previous State    Previous State Brand    Previous State Title No.

Type of Sale  ☐ New  ☒ Used  ☐ Demo  ☐ Courtesy Delivery  ☐ Lease  ☐ Rental

## Section 2 — Purchaser – Owner

Owner #1 Full Legal Name (Last, First, Middle) or Business Name
**ALLEN JASON HENRY**

Idaho Driver's License Number or SSN / EIN if Business
**61717083**
☒ Or  ☐ And
☐ LSR  ☐ DBA

Owner #2 Full Legal Name (Last, First, Middle) or Business Name

Idaho Driver's License Number or SSN / EIN if Business
☐ Or  ☐ And
☐ LSE  ☐ DBA

Owner #3 Full Legal Name (Last, First, Middle) or Business Name

Idaho Driver's License Number or SSN / EIN if Business

Address of Owner's Current Legal Residence or Business    City    State    Zip+4
TICE WAY    **POST FALLS**    **ID**    **83854**

Mailing if Different from Owner's Current Legal Residence    City    State    Zip+4

## Section 3 — Lienholder

Primary Lienholder    Mailing Address    City    State, Zip+4
**POTLATCH #1 FINANCIAL CREDIT UNION**    **PO BOX 897**    **LEWISTON**    **ID**    **83501-0897**

Secondary Lienholder Name    Mailing Address    City    State, Zip+4

## Section 4 — Sales Tax Information

Dealer's Seller's Permit No. **003955075**    Lessor's Seller's Permit No.    Delivery Date **10/18/2024**

| | |
|---|---|
| Gross Taxable Sales Price (Include Taxable Fees) $ | 74899.00 |
| Rebates (Motor Vehicles Only) | N/A |
| Adjusted Gross Sales Price | 74899.00 |
| Trade-In Allowance | N/A |
| Net Sales Price $ | 74899.00 |
| Tax Collected $ | 4493.94 |

☐ Tax Exempt Enter the tax form number used

**Trade-In Information**

Year    Make    Body Type    Model

Vehicle or Hull Identification No. (VIN/HIN)

## Section 5 — Dealer Information

If motorcycle/motorbike, the FMVSS sticker is present  ☐ Yes  ☐ No

Dealer Name    Idaho Dealer No.
**GEORGE GEE CADILLAC KIA**    **0047**

Dealer Address    Phone No.
**317 W DALTON AVE**    **208-667-7416**

City    State    Zip+4
**COEUR D'ALENE**    **ID**    **83815**

I certify under penalty of perjury pursuant to the law of the State of Idaho that I have physically inspected the vehicle/vessel described in Section 1, and the VIN/HIN and date of this application are correct, that this vehicle/vessel and the person(s) signing this application and witnessed their signature. I further certify that all information contained herein is true and correct to the best of my knowledge and belief. I also release all interest in this vehicle/vessel unless I am listed as lienholder or owner on this application for title.

Authorized Signature
X

Title    Date **10/18/2024**

## Applicant's Signature

By signing below, I certify under penalty of perjury pursuant to the law of the State of Idaho to all of the following statements: that the vehicle/vessel described above is owned by me and I hereby make application for a Certificate of Title for said vehicle/vessel, that the vehicle/vessel will not be subject to a lien prior to receipt of the title unless indicated; that all information contained herein is true and correct to the best of my knowledge and belief; that this vehicle will be continuously insured as prescribed by Idaho Code 49-1229; and that the signature below is my true and legal signature.

Applicant's Signature(s)
X

Date **10/18/2024**    Daytime Phone Number ( **323** ) **377-5620**

Customer Copy

Temporary Registration / Ownership Documents - Keep in your vehicle until you present it to the DMV for permanent documents.

# Report Of Sale And Application for Certificate of Title
## This is not a Certificate of Title

**– Must be Legible –** Idaho Transportation Department - Division of Motor Vehicles

ITD 0502 (Rev 09-14)
Supply # 01-807050-1

Control Number **CO8421588**

Any previous liens on the trade-in vehicle that is listed on this application for title will be satisfied in full by the dealer within 10 business days unless the owner relinquishing possession has signed below.

I, the owner relinquishing possession, acknowledge that I am responsible for satisfying all liens within 10 business days (Idaho Code 49-1609A).

X _____

☐ Rebuilt Salvage   ☐ Previous State Brand   ☐ Reconstruct   ☐ Repaired   ☐ Other ____

**Section 1 Vehicle/Vessel Description**

| Previous Idaho Title No. | 1st Vehicle or Hull Identification No | | 2nd VIN if Assigned |
|---|---|---|---|
| | 7SVAAABA8PX011784 | | |

| Year | Make | Body Type | Model | Description | Color (Primary/Secondary) |
|---|---|---|---|---|---|
| 2023 | TOYOTA | UV | SEQUOIA | | SILVER |

| Fuel Type | Wheel Base | Weight | Length | Width | Hull Material | Horsepower | Propulsion |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| Odometer Reading | Odometer Status | Odometer Reading Date | Previous State | Previous State Brand | Previous State Title No. |
|---|---|---|---|---|---|
| 21270 | ☐ Actual ☐ In Excess ☐ Not Actual ☐ No Device ☐ Exempt | 10/18/2024 | | | |

Type of Sale: ☐ New   ☒ Used   ☐ Demo   ☐ Courtesy Delivery   ☐ Lease   ☐ Rental

**Section 2 Owner**

| Owner #1 Full Legal Name (Last, First, Middle) or Business Name | Idaho Driver's License Number or SSN / EIN if Business | ☒ Or ☐ And ☐ LSR ☐ DBA |
|---|---|---|
| ALLEN JASON HENRY | | |

| Owner #2 Full Legal Name (Last, First, Middle) or Business Name | Idaho Driver's License Number or SSN / EIN if Business | ☐ Or ☐ And ☐ LSE ☐ DBA |
|---|---|---|
| | | |

| Owner #3 Full Legal Name (Last, First, Middle) or Business Name | Idaho Driver's License Number or SSN / EIN if Business |
|---|---|
| | |

| Physical Address of Owner's Current Legal Residence or Business | City | State | Zip+4 |
|---|---|---|---|
| 2677 BELTICE WAY | POST FALLS | ID | 83854 |

| Mailing Address if different from Owner's Current Legal Residence | City | State | Zip+4 |
|---|---|---|---|
| | | | |

**Section 3 Lienholder**

| Primary Lienholder Name | Mailing Address | City | State | Zip+4 |
|---|---|---|---|---|
| ICCU POTLATCH #1 FINANCIAL CREDIT UNION, PO BOX 807 2469 | | Pocatello LEWISTON | ID | 23206 83501-0807 |

| Secondary Lienholder Name | Mailing Address | City | State | Zip+4 |
|---|---|---|---|---|
| | | | | |

If motorcycle/motorbike, the FMVSS sticker is present  ☐ Yes  ☐ No

**Section 4 Sales Tax Information**

| Dealer's Seller's Permit No. / Lessor's Seller's Permit No. | Delivery Date |
|---|---|
| 003955075 | 10/18/2024 |

Gross Taxable Sales Price (Include Taxable Fees)  $  74899.00
Rebates (Motor Vehicle Only)  $  N/A
Adjusted Gross Sales Price  $  74899.00
Trade-In Allowance  $  N/A
Net Sales Price  $  74899.00
Tax Collected  $  4493.94
☐ Tax Exempt - Enter the tax form number used

**Trade-In Information**

| Year | Make | Body Type | Model |
|---|---|---|---|
| | | | |

Vehicle or Hull Identification No. (VIN/HIN)

**Section 5 Dealer Information**

| Dealer Name | Idaho Dealer No. |
|---|---|
| GEORGE GEE CADILLAC KIA | 0047 |

| Dealer Address | Phone No. |
|---|---|
| 317 W DALTON AVE | 208-667-7416 |

| City | State | Zip+4 |
|---|---|---|
| COEUR D'ALENE | ID | 83815 |

I certify under penalty of perjury pursuant to the law of the State of Idaho that I have physically inspected the vehicle/vessel described in Section 1, and the VIN/HIN and date of this application are correct. I have identified the person(s) signing this application and witnessed their signature. I further certify that all information contained herein is true and correct to the best of my knowledge and belief. I also release all interest in this vehicle/vessel unless I am listed as lienholder or owner on this application for title.

Authorized Signature
X _____
Title  M.G.R.
Date  10/18/2024

**Section 6 Applicant Signature**

By signing below, I certify under penalty of perjury pursuant to the law of the State of Idaho to all of the following statements, that the vehicle/vessel described above is owned by me and I hereby make application for a Certificate of Title for said vehicle/vessel; that this vehicle/vessel will not be subject to a lien prior to receipt of the title unless indicated; that all information contained herein is true and correct to the best of my knowledge and belief; that this vehicle will be continuously insured as proscribed by Idaho Code 49-1229; and that the signature below is my true and legal signature.

| Applicant Signature(s) | Date | Daytime Phone Number |
|---|---|---|
| X _____ X | 10/18/2024 | ( 323 ) 377-5620 |

The document is a retail installment sale contract; much of the fine print is illegible.

**g.** **What we may do about optional insurance, mainte-nance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, you agree that we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

**5. SERVICING AND COLLECTION CONTACTS**

*(illegible fine print)*

You agree that we may try to contact you in writing, by telephone, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you.

You agree to allow us and our agents and anyone to whom you are referred to contact you at any address or telephone number you provide us even if you told us at one time not to contact you.

You must notify us within a reasonable time of any change in your contact information.

**6. APPLICABLE LAW**

Federal law and the law of the State of Idaho govern this contract.

**7. NEGATIVE CREDIT REPORT NOTICE**
We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

**4. WARRANTIES SELLER DISCLAIMS**
Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.
This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

---

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

---

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and we must sign it. No oral changes are binding.      Buyer Signs X _____      Co-Buyer Signs X _____

If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

See the rest of this contract for other important agreements.

**NOTICE TO RETAIL BUYER:** Do not sign this contract in blank. You are entitled to a copy of the contract at the time you sign. Keep it to protect your legal rights.

You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You confirm that you received a completely filled-in copy when you signed it.

Buyer Signs X _____ Date 10/18/2024      Co-Buyer Signs X _____ N/A _____      Date _____ N/A

Buyer Printed Name JASON HENRY ALLEN _____      Co-Buyer Printed Name N/A

_____ N/A      Tax N/A

_____      X _____ N/A

GEORGE GEE CADILLAC KIA                10/18/2024      X _____ F&I MGR

---

_____ POTLATCH NO.1 FINANCIAL CREDIT UNION      _____

X _____

GEORGE GEE CADILLAC KIA

X _____ (_____)                F&I MGR

---

**f.** **We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.
We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us unless the law provides otherwise. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.

**g.** **What we may do about optional insurance, mainte-nance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, you agree that we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

**4. WARRANTIES SELLER DISCLAIMS**
Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.
This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

**5. SERVICING AND COLLECTION CONTACTS**
In consideration of our extension of credit to you, you agree to provide us your contact information for our servicing and collection purposes. You agree that we may use this information to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you. You agree to allow our agents and service providers to contact you as agreed above.
You agree that you will, within a reasonable time, notify us of any change in your contact information.

**6. APPLICABLE LAW**
Federal law and the law of the state of Idaho apply to this contract.

**7. NEGATIVE CREDIT REPORT NOTICE**
We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

---

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding. Buyer Signs X_____ Co-Buyer Signs X_____ **N/A**
If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.
See the rest of this contract for other important agreements.

**NOTICE TO RETAIL BUYER: Do not sign this contract in blank. You are entitled to a copy of the contract at the time you sign. Keep it to protect your legal rights.**

**You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You confirm that you received a completely filled-in copy when you signed it.**

Buyer Signs X_____ Date 10/18/2024    Co-Buyer Signs X _____ N/A    Date ____ N/A
Buyer Printed Name JASON HENRY ALLEN    Co-Buyer Printed Name N/A
If the "business" use box is checked in "Primary Use for Which Purchased": Print Name N/A _____ Title N/A
Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An another owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.
Other owner signs here X N/A    Address N/A
Seller signs GEORGE GEE CADILLAC KIA    Date 10/18/2024    By X _____    Title F&I MGR

Seller assigns its interest in this contract to ICCU _____ (Assignee) under the terms of Seller's agreement(s) with Assignee.
☐ Assigned with recourse    ☒ Assigned without recourse    ☐ Assigned with limited recourse
Seller GEORGE GEE CADILLAC KIA
By X _____    Title F&I MGR

**LAW** FORM NO. 553-ID-eps (REV. 623)
©2023 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM, CONSULT YOUR OWN LEGAL COUNSEL.

104657*1*GGC-FI



# Report Of Sale And Application for Certificate of Title
## This is not a Certificate of Title

DEAL# 56475
CUST#71483
STK# PC10558U

ITD 0502 (Rev. 09-14)
Supply # 01-807050-1

Control Number

**– Must be Legible –** Idaho Transportation Department - Division of Motor Vehicles

Any previous liens on the trade-in vehicle that is listed on this application for title will be satisfied in full by the dealer within 10 business days unless the owner relinquishing possession has signed below.

I, the owner relinquishing possession, acknowledge that I am responsible for satisfying all liens within 10 business days (Idaho Code 49-1609A)

X _____

☐ Rebuilt Salvage ☐ Previous State Brand ☐ Reconstruct ☐ Repaired ☐ Other

## Section 1 – Vehicle/Vessel Description

| Previous Idaho Title No. | 1st Vehicle or Hull Identification No | 2nd VIN if Assigned |
| --- | --- | --- |
| | **7SVAAABA8PX011784** | |

| Year | Make | Body Type | Model | Description | Color (Primary-Secondary) |
| --- | --- | --- | --- | --- | --- |
| **2023** | **TOYOTA** | **UV** | **SEQUOIA** | | **SILVER** |

| Fuel Type | Wheel Base | Weight | Length | Width | Hull Material | Horsepower | Propulsion |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | | | |

| Odometer Reading | Odometer Status | Odometer Reading Date | Previous State | Previous State Brand | Previous State Title No |
| --- | --- | --- | --- | --- | --- |
| **21270** | ☐ Actual ☐ In Excess ☐ Not Actual ☐ No Device ☐ Exempt | **10/18/2024** | | | |

Type of Sale: ☐ New ☒ Used ☐ Demo ☐ Courtesy Delivery ☐ Lease ☐ Rental

## Section 2 – Owner

| Owner #1 Full Legal Name (Last, First, Middle) or Business Name | Idaho Driver's License Number or SSN / EIN if Business | |
| --- | --- | --- |
| **ALLEN JASON HENRY** | **61717083** | ☒ Or ☐ And ☐ LSR ☐ DBA |

| Owner #2 Full Legal Name (Last, First, Middle) or Business Name | Idaho Driver's License Number or SSN / EIN if Business | |
| --- | --- | --- |
| | | ☐ Or ☐ And ☐ LSE ☐ DBA |

| Owner #3 Full Legal Name (Last, First, Middle) or Business Name | Idaho Driver's License Number or SSN / EIN if Business |
| --- | --- |
| | |

| Address of Owner's Current Legal Residence or Business | City | State | Zip+4 |
| --- | --- | --- | --- |
| **ELTICE WAY** | **POST FALLS** | **ID** | **83854** |

Mailing (if different from Owner's Current Legal Residence) | City | State | Zip+4

## Section 3 – Lienholder

| Primary Lienholder Name | Mailing Address | City | State | Zip+4 |
| --- | --- | --- | --- | --- |
| **POTLATCH #1 FINANCIAL CREDIT UNION, PO BOX 897** | | **LEWISTON** | **ID** | **83501-0897** |

| Secondary Lienholder Name | Mailing Address | City | State | Zip+4 |
| --- | --- | --- | --- | --- |
| | | | | |

If motorcycle/motorbike, the FMVSS sticker is present ☐ Yes ☐ No

## Section 4 – Sales Tax Information

| Dealer's Seller's Permit No. | Lessor's Seller's Permit No | Delivery Date |
| --- | --- | --- |
| **003955075** | | **10/18/2024** |

| | |
| --- | --- |
| Gross Taxable Sales Price (Include Taxable Fees) $ | **74899.00** |
| Rebates (Motor Vehicles Only) $ | **N/A** |
| Adjusted Gross Sales Price $ | **74899.00** |
| Trade-In Allowance $ | **N/A** |
| Net Sales $ | **74899.00** |
| Tax Collected $ | **4493.94** |

☐ Tax Exempt - Enter tax form number used

### Trade-In Information

| Year | Make | Body Type | Model |
| --- | --- | --- | --- |
| | | | |

Vehicle or Hull Identification No. (VIN/HIN)

## Section 5 – Dealer Information

| Idaho Dealer Name | Idaho Dealer No. |
| --- | --- |
| **GEORGE GEE CADILLAC KIA** | **0047** |

| Dealer Address | Phone No |
| --- | --- |
| **317 W DALTON AVE** | **208-667-7416** |

| City | State | Zip+4 |
| --- | --- | --- |
| **COEUR D'ALENE** | **ID** | **83815** |

I certify under penalty of perjury pursuant to the law of the State of Idaho that I have physically inspected the vehicle/vessel described in Section 1, and the VIN/HIN and of this application are correct. I have identified the person(s) signing this application and witnessed their signature. I further certify that all information contained herein is true and correct to the best of my knowledge and belief. I also release all interest in this vehicle/vessel unless I am listed as lienholder or owner on this application for title.

Authorized Signature

X _____

| Title | Date |
| --- | --- |
| | **10/18/2024** |

## Section 6 – Applicant's Signature

By signing below, I certify under penalty of perjury pursuant to the law of the State of Idaho to all of the following statements: that the vehicle/vessel described above is owned by me and I hereby make application for a Certificate of Title for said vehicle/vessel; that this vehicle/vessel will not be subject to a lien prior to receipt of the title unless indicated; that all information contained herein is true and correct to the best of my knowledge and belief; that this vehicle will be continuously insured as prescribed by Idaho Code 49-1229, and that the signature below is my true and legal signature

| Applicant's Signature(s) | Date | Daytime Phone Number |
| --- | --- | --- |
| X _____ X _____ | **10/18/2024** | ( **323** ) **377-5620** |

# Report Of Sale And Application for Certificate of Title
## This is **not** a Certificate of Title

ITD 0502  (Rev. 09-14)
Supply # 01-807050-1

Control Number

**CO8421588**

**– Must be Legible –** Idaho Transportation Department - Division of Motor Vehicles

Any previous liens on the trade-in vehicle that is listed on this application for title will be satisfied in full by the dealer within 10 business days unless the owner relinquishing possession has signed below.

I, the owner relinquishing possession, acknowledge that I am responsible for satisfying all liens within 10 business days (Idaho Code 49-1609A)

X

☐ Rebuild Salvage  ☐ Previous State Brand  ☐ Reconstruct  ☐ Repaired  ☐ Other

## Section 1 Vehicle/Vessel Description

| Previous Idaho Title No. | 1st Vehicle or Hull Identification No. | | 2nd VIN if Assigned |
|---|---|---|---|
| | 7SVAAABA8PX011784 | | |

| Year | Make | Body Type | Model | Description | Color (Primary/Secondary) |
|---|---|---|---|---|---|
| 2023 | TOYOTA | UV | SEQUOIA | | SILVER |

| Fuel Type | Wheel Base | Weight | Length | Width | Hull Material | Horsepower | Propulsion |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| Odometer Reading | Odometer Status | Odometer Reading Date | Previous State | Previous State Brand | Previous State Title No. |
|---|---|---|---|---|---|
| 21270 | ☐ Actual ☐ In Excess ☐ Not Actual ☐ No Device ☐ Exempt | 10/18/2024 | | | |

Type of Sale: ☐ New  ☒ Used  ☐ Demo  ☐ Courtesy Delivery  ☐ Lease  ☐ Rental

## Section 2 – Owner

| Owner #1 Full Legal Name (Last, First, Middle) or Business Name | Idaho Driver's License Number or SSN / EIN if Business | |
|---|---|---|
| ALLEN JASON HENRY | | ☒ Or ☐ And / ☐ LSR ☐ DBA |
| Owner #2 Full Legal Name (Last, First, Middle) or Business Name | | ☐ Or ☐ And / ☐ LSE ☐ DBA |
| Owner #3 Full Legal Name (Last, First, Middle) or Business Name | Idaho Driver's License Number or SSN / EIN if Business | |

| Physical Address of Owner's Current Legal Residence or Business | City | State | Zip+4 |
|---|---|---|---|
| 3800 E SELTICE WAY | POST FALLS | ID | 83854 |
| Mailing Address if different from Owner's Current Legal Residence | City | State | Zip+4 |

## Section 3 Lienholder

| Primary Lienholder Name | Mailing Address | City | State | Zip+4 |
|---|---|---|---|---|
| Iccu POTLATCH #1 FINANCIAL CREDIT UNION PO BOX 937 2469 | | Pocatello LEWISTON | ID | 23206 83501-0937 |
| Secondary Lienholder Name | Mailing Address | City | State | Zip+4 |

## Section 4 Sales Tax Information

| Dealer's Seller's Permit No. | Lessor's Seller's Permit No. | Delivery Date |
|---|---|---|
| 003955075 | | 10/18/2024 |

| | |
|---|---|
| Gross Taxable Sales Price (Include Taxable Fees) $ | 74899.00 |
| Rebates (Motor Vehicles Only) $ | N/A |
| Adjusted Gross Sales Price $ | 74899.00 |
| Trade-In Allowance $ | N/A |
| Net Sales Price $ | 74899.00 |
| Tax Collected $ | 4493.94 |
| ☐ Exempt - Enter the tax form number used | |

**Trade-In Information**

| Year | Make | Body Type | Model |
|---|---|---|---|
| | | | |

Vehicle or Hull Identification No. (VIN)

## Section 5 Dealer Information

If motorcycle/motorbike, the FMVSS sticker is present ☐ Yes  ☐ No

| Dealer Name | Idaho Dealer No. |
|---|---|
| GEORGE GEE CADILLAC KIA | 0047 |
| Dealer Address | Phone No. |
| 317 W DALTON AVE | 208-667-7416 |
| City | State | Zip+4 |
| COEUR D'ALENE | ID | 83815 |

I certify under penalty of perjury pursuant to the law of the State of Idaho that I have physically inspected this vehicle/vessel described in Section 1 and the VIN/HIN and date of this application are correct. I have identified the person(s) signing this application and witnessed their signature. I further certify that all information contained herein is true and correct to the best of my knowledge and belief. I also release all interest in this vehicle/vessel unless I am listed as lienholder or owner on this application for title.

Authorized Signature

X

| Title | Date |
|---|---|
| | 10/18/2024 |

## Section 6 Applicant's Signature

By signing below, I certify under penalty of perjury pursuant to the law of the State of Idaho to all of the following statements: that the vehicle/vessel described above is owned by me and I hereby make application for a Certificate of Title for said vehicle/vessel; that this vehicle/vessel will not be subject to a lien prior to receipt of the title unless indicated; that all information contained herein is true and correct to the best of my knowledge and belief; that the vehicle will be continuously insured as proscribed by Idaho Code 49-1229; and that the signature below is my true and legal signature.

| Applicant's Signature(s) | Date | Daytime Phone Number |
|---|---|---|
| X _____ X | 10/18/2024 | 323 377-5620 |

White – Idaho Transportation Department Copy

59084*1*GGC-FI


# PROSIDIUM

## GAP ADDENDUM

The Addendum is between the Customer/Borrower (You or Your), the Dealer/Creditor, or, if assigned, the Assignee (We, Us, or Our)

| Customer/Borrower JASON H ALLEN | | Address 2600 E SELTICE WAY | |
|---|---|---|---|
| City POST FALLS | State ID | Zip 83854 | Customer Phone # 323-377-5620 |

| Co-Customer/Borrower | | Address | |
|---|---|---|---|
| City | State | Zip | Co-Customer Phone # |

| Dealer/Creditor George Gee Cadillac Kia | Dealer/Account # 1167 | Financial Institution / Lender POTLATCH #1 FINANCIAL CREDIT UNION | | |
|---|---|---|---|---|
| Address 317 W Dalton Ave | | Address PO BOX 897 | | |
| City Coeur d'Alene | State ID | Zip 83815 | City LEWISTON | State ID | Zip 83501-0897 |

| Year 2023 | Make TOYOTA | Model SEQUOIA PLATINUM | Charge for Addendum $895.00 | APR % 0.756.49 | Term of Addendum 72 Months |
|---|---|---|---|---|---|
| VIN 7SVAAABA8PX011784 | ☑ New ☐ Used | MSRP / NADA $0.00 | Amount Financed $80,705.94 | Effective Date 10/18/2024 | |

### PROGRAM LIMITS

| Maximum AFVR 150% MSRP/NADA | Maximum Term 84 Months | Maximum Limit of Coverage $50,000 | Maximum Amount Financed Limit $100,000 | Financing Contract |
|---|---|---|---|---|
| | | | | ☑ Loan ☐ Lease __ Retail Installment Sales Contract |

This **Addendum** amends the **Financing Contract**. In the event of a **Constructive Total Loss** of the **Collateral**, we hereby agree to waive our rights against you for the amount due under a **Qualifying Loss**. You will remain responsible for any past due amounts, payments exchanges, or any items listed in the **Exclusions**. This **Addendum** will follow the **Financing Contract** with no subrogation rights against the **Customer/Borrower** if the **Financing Contract** is sold or assigned by us.

Although not required to do so, you elect to purchase this **Addendum** for an additional charge which is shown above. You may, as an alternative to purchasing this **Addendum**, be able to purchase a similar product from a company of your choice. This **GAP Program is not a** substitute for collision or property damage insurance, does not take the place of insurance on the **Collateral** and does not afford collision, comprehensive, or any other form of automobile insurance coverage. You are responsible for all communications with your Primary Carrier including notice and claims. If you purchase this **Addendum** from us, you understand that we may retain all or a portion of the charge paid by you.

ENROLLMENT IS AVAILABLE ONLY AT THE TIME THE **FINANCING CONTRACT** IS ORIGINALLY EXECUTED. BY YOUR SIGNATURE BELOW, YOU ACKNOWLEDGE AND AGREE THAT YOUR ACCEPTANCE OF THIS **ADDENDUM** IS VOLUNTARY AND IS NOT REQUIRED IN ORDER FOR YOU TO OBTAIN CREDIT, DOES NOT IMPACT THE CREDIT TERMS, AND HAS NO EFFECT ON THE TERMS OF THE RELATED SALE OF THE **COLLATERAL**.

The coverage under this **Addendum** may decrease over the term of your **Financing Contract**. You should carefully read the front and back of this **Addendum** for additional information on conditions, limitations and exclusions that could prevent you from receiving the amount due under a **Qualifying Loss** attributed to a **Constructive Total Loss**.

YOUR RIGHT TO CANCEL: You have the unconditional right to cancel this optional **Addendum** for a refund/credit of the unearned portion of the charge for this **Addendum** at any time. If the **Addendum** is terminated or cancelled by You within 30 days of the **Addendum** purchase, you will receive a full refund/credit of the **Addendum** cost, provided no Constructive Total Loss has occurred. After 30 days, you will receive a refund/credit of the **Addendum** cost calculated by the Pro Rata refund method, or by the refund method as may be required by state or federal law, less a $50.00 cancellation fee, where such cancellation fee is permitted by law. To terminate or cancel this **Addendum** and request a refund/credit, you should, or as required by the lender, contact the **Dealer/Creditor** or the **Administrator**, in writing, at the addresses above and below on this page. If the refund/credit is not received within 60 days of notice of cancellation, contact the **Administrator** shown below. In the event of a cancellation, the **Financial Institution/Lender** will be named as payee on all refunds and sole payee on a repossession refund. Any condition or exclusion that voids coverage will provide a full refund.

By your signature below, you acknowledge you have read and understand the **Addendum** and its conditions, and no other verbal representations have been made to you that differ from these written provisions and that this **Addendum** is not an insurance policy or part of an insurance policy. You authorize release of **Financing Contract**, or any other information required for processing this **Addendum** or processing of a loss.

### STOP AND READ:

**YOU CANNOT BE REQUIRED TO BUY A GAP WAIVER OR ANY OTHER OPTIONAL ADD-ON PRODUCTS OR SERVICES. IT IS OPTIONAL. NO ONE CAN MAKE YOU BUY A GAP WAIVER OR ANY OTHER OPTIONAL ADD-ON PRODUCTS OR SERVICES TO GET FINANCING, TO GET CERTAIN FINANCING TERMS, OR TO GET CERTAIN TERMS FOR THE SALE OF A VEHICLE. IT IS UNLAWFUL TO REQUIRE OR ATTEMPT TO REQUIRE THE PURCHASE OF THIS GAP WAIVER OR ANY OTHER OPTIONAL ADD-ON PRODUCTS OR SERVICES.**

Administrator: Prosidium Warranty & Capital, 1500A E. College Way, PMB 541, Mount Vernon, WA 98273, (866) 330-6117

| Customer/Borrower Signature | Date 10/18/2024 | Dealer/Creditor | Date 10/18/2024 |
|---|---|---|---|
| | | | |
| Co-Customer/Borrower Signature | Date 10/18/2024 | Title | Date |


**PROSIDIUM**
*AUTO GAP*

## GAP ADDENDUM

The Addendum is between the Customer/Borrower (You or Your), the Dealer/Creditor, or, if assigned, the Assignee (We, Us, or Our)

| Customer/Borrower JASON H ALLEN | | Address 2600 E SELTICE WAY | |
|---|---|---|---|
| City POST FALLS | State ID | Zip 83854 | Customer Phone # 325-877-5620 |

| Co-Customer/Borrower | | Address | |
|---|---|---|---|
| City | State | Zip | Co-Customer Phone # |

| Dealer/Creditor George Gee Cadillac Kia | Dealer/Account # 1167 | Financial Institution / Lender ICCU ...ION | |
|---|---|---|---|
| Address 317 W Dalton Ave | | Address PO BOX 2469 | |
| City Coeur d'Alene | State ID | Zip 83815 | City Pocatello | State ID | Zip 83206 |

| Year 2023 | Make TOYOTA | Model SEQUOIA PLATINUM | Charge for Addendum $895.00 | APR % ~~8.75~~ 6.49 | Term of Addendum 72 Months |
|---|---|---|---|---|---|
| VIN 7SVAAABA8PX011784 | ☑ New ☐ Used | MSRP / NADA $0.00 | Amount Financed $80,705.94 | Effective Date 10/18/2024 | |

### PROGRAM LIMITS

| Maximum AFVR 150% MSRP/NADA | Maximum Term 84 Months | Maximum Limit of Coverage $50,000 | Maximum Amount Financed Limit $100,000 | Financing Contract |
|---|---|---|---|---|
| | | | | ☑ Loan ☐ Lease ☐ Retail Installment Sales Contract |

This Addendum amends the Financing Contract. In the event of a Constructive Total Loss of the Collateral, we hereby agree to waive our rights against you for the amount due under a Qualifying Loss. You will remain responsible for any past due amounts, payments exchanges, or any items listed in the Exclusions. This Addendum will follow the Financing Contract with no subrogation rights against the Customer/Borrower if the Financing Contract is sold or assigned by us.

Although not required to do so, you elect to purchase this Addendum for an additional charge which is shown above. You may, as an alternative to purchasing this Addendum, be able to purchase a similar product from a company of your choice. This GAP Program is not a substitute for collision or property damage insurance, does not take the place of insurance on the Collateral and does not afford collision, comprehensive, or any other form of automobile insurance coverage. You are responsible for all communications with your Primary Carrier including notice and claims. If you purchase this Addendum from us, you understand that we may retain all or a portion of the charge paid by you.

ENROLLMENT IS AVAILABLE ONLY AT THE TIME THE FINANCING CONTRACT IS ORIGINALLY EXECUTED. BY YOUR SIGNATURE BELOW, YOU ACKNOWLEDGE AND AGREE THAT YOUR ACCEPTANCE OF THIS ADDENDUM IS VOLUNTARY AND IS NOT REQUIRED IN ORDER FOR YOU TO OBTAIN CREDIT, DOES NOT IMPACT THE CREDIT TERMS, AND HAS NO EFFECT ON THE TERMS OF THE RELATED SALE OF THE COLLATERAL.

The coverage under this Addendum may decrease over the term of your Financing Contract. You should carefully read the front and back of this Addendum for additional information on conditions, limitations and exclusions that could prevent you from receiving the amount due under a Qualifying Loss attributed to a Constructive Total Loss.

YOUR RIGHT TO CANCEL: You have the unconditional right to cancel this optional Addendum for a refund/credit of the unearned portion of the charge for this Addendum at any time. If the Addendum is terminated or cancelled by You within 30 days of the Addendum purchase, you will receive a full refund/credit of the Addendum cost, provided no Constructive Total Loss has occurred. After 30 days, you will receive a refund/credit of the Addendum cost calculated by the Pro Rata refund method, or by the refund method as may be required by state or federal law, less a $50.00 cancellation fee, where such cancellation fee is permitted by law. To terminate or cancel this Addendum and request a refund/credit, you should, or as required by the lender, contact the Dealer/Creditor or the Administrator, in writing, at the addresses above and below on this page. If the refund/credit is not received within 60 days of notice of cancellation, contact the Administrator shown below. In the event of a cancellation, the Financial Institution/Lender will be named as payee on all refunds and sole payee on a repossession refund. Any condition or exclusion that voids coverage will provide a full refund.

By your signature below, you acknowledge you have read and understand the Addendum and its conditions, and no other verbal representations have been made to you that differ from these written provisions and that this Addendum is not an insurance policy or part of an insurance policy. You authorize release of Financing Contract, or any other information required for processing this Addendum or processing of a loss.

### STOP AND READ:
YOU CANNOT BE REQUIRED TO BUY A GAP WAIVER OR ANY OTHER OPTIONAL ADD-ON PRODUCTS OR SERVICES. IT IS OPTIONAL. NO ONE CAN MAKE YOU BUY A GAP WAIVER OR ANY OTHER OPTIONAL ADD-ON PRODUCTS OR SERVICES TO GET FINANCING, TO GET CERTAIN FINANCING TERMS, OR TO GET CERTAIN TERMS FOR THE SALE OF A VEHICLE. IT IS UNLAWFUL TO REQUIRE OR ATTEMPT TO REQUIRE THE PURCHASE OF THIS GAP WAIVER OR ANY OTHER OPTIONAL ADD-ON PRODUCTS OR SERVICES.

Administrator: Prosidium Warranty & Capital, 1500A E. College Way, PMB 541, Mount Vernon, WA 98273, (866) 330-6117

| Customer/Borrower Signature | 10/18/2024 Date | Dealer/Creditor | 10/18/2024 Date |
|---|---|---|---|
| Co-Customer/Borrower Signature | 10/18/2024 Date | Title | |

FOR SALE IN THE U.S. WHERE PERMISSIBLE BY STATE LAW

# PROSIDIUM AUTO CARE

**VEHICLE SERVICE AGREEMENT DECLARATION PAGE**

**AGREEMENT NUMBER**
AC300739759W

## AGREEMENT HOLDER INFORMATION

| LAST NAME | FIRST | MI | TELEPHONE NUMBER |
|---|---|---|---|
| ALLEN | JASON | H | (323) 377-5620 |

| ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|
| 2600 E SELTICE WAY | POST FALLS | ID | 83854 |

## VEHICLE INFORMATION

| YEAR | MAKE | MODEL | MANDATORY SURCHARGES |
|---|---|---|---|
| 2023 | TOYOTA | SEQUOIA PLATINUM | ☑ Hybrid  ☑ Lift Kit |

| VEHICLE IDENTIFICATION NUMBER | VEHICLE PURCHASE PRICE | ODOMETER | IN-SERVICE DATE (WRAP PLAN) |
|---|---|---|---|
| 7SVAAABA8PX011784 | $74,500.00 | 21,270 | 04/20/2023 |

## PLAN INFORMATION

| PURCHASE DATE | AGREEMENT PURCHASE PRICE | TERM | PLAN TYPE |
|---|---|---|---|
| 10/18/2024 | $3,995.00 | Months: 84   Miles: 100,000 | ☑ NEW   ☐ USED |

**DEDUCTIBLE SELECTED**  ☐ $100 Standard  ☑ $50  ☐ $200

**OPTIONAL COVERAGE (SURCHARGE APPLIES)**  ☐ Business Use  ☐ Tech Package

**TYPE OF COVERAGE**
☐ Maximum Plan   ☐ ~~Maximum WRAP Plan~~   ☐ Certified Plan
☐ Preferred Plan   ☐ ~~Power Train Plus Plan~~   ☐ Power Train Plan

New Vehicle Plans (except WRAP & Certified Plans) start on contract purchase date and 0 miles.
Used Vehicle Plans (except WRAP & Certified Plans) start on contract purchase date and sale odometer miles.
New WRAP & Certified Plans start on vehicle's original in-service date and 0 miles.

## DEALER INFORMATION

**DEALER NAME**
George Gee Cadillac Kia

**DEALER ADDRESS, CITY, STATE, ZIP CODE**
317 W Dalton Ave , Coeur d'Alene, ID 83815

| TELEPHONE NUMBER | DEALER NUMBER |
|---|---|
| 208-209-3353 | 1167 |

## LIEN HOLDER INFORMATION

**LIEN HOLDER NAME**
POTLATCH #1 FINANCIAL CREDIT UNION

**LIEN HOLDER ADDRESS, CITY, STATE, ZIP CODE**
PO BOX 897 , LEWISTON, ID 83501-0897

**TELEPHONE NUMBER**
208-746-8900

## OTHER PROVISIONS

The Administrator of this Vehicle Service Agreement is Principal Warranty Corp., at 1500A E. College Way, PMB 541, Mount Vernon, WA 98273. The telephone number is (855) 251-7175.

The entity obligated to perform under this Vehicle Service Agreement, which is referred to as "We", "Us" and "Our" throughout the Vehicle Service Agreement Coverage Booklet, is PWC Warranty Services, Inc., 317 W Dalton Ave., Coeur d'Alene, ID 83815, (855) 826-1162 unless indicated otherwise in the Special State Disclosures.

Purchase of this Vehicle Service Agreement is not required in order to purchase or obtain financing for a motor vehicle. This Vehicle Service Agreement is not valid unless this Declaration Page is completed and attached to the Vehicle Service Agreement Coverage TERMS & CONDITIONS.

This Declaration Page shall be the basis upon which the Vehicle Service Agreement is issued. Your signature indicates that You have read the information set forth herein and agree that it is true and correct and that You accept the terms and provisions of this Vehicle Service Agreement and agree to be bound by the terms thereof.

## SIGNATURES FOR VEHICLE SERVICE AGREEMENT

| AGREEMENT HOLDER'S SIGNATURE | DATE | DEALER AUTHORIZED SIGNATURE | DATE |
|---|---|---|---|
| X By: Jason Allen Without Recourse | 10/18/2024 | X | 10/18/2024 |

## OPTIONAL PRINCIPAL AUTO CARE PREPAID MAINTENANCE

| I CHOOSE TO ENROLL | TERM MONTHS/MILES | PLAN | SERVICE INTERVAL MONTHS/MILES |
|---|---|---|---|
| ☐ YES  ☑ NO | 24 / 30,000 | ☐ PPM 1   ☐ PPM 2 | 6 / 7,500 |

| AGREEMENT HOLDER'S SIGNATURE | DATE | DEALER AUTHORIZED SIGNATURE | DATE |
|---|---|---|---|
| X By: Jason Allen Without Recourse | 10/18/2024 | X | 10/18/2024 |

ADMINISTRATOR COPY / CUSTOMER COPY / DEALER COPY / LIENHOLDER COPY
©Copyright 2021, Principal Warranty Corp., LLC, All Rights Reserved

| FOR SALE IN THE U.S. WHERE PERMISSIBLE BY STATE LAW | **PROSIDIUM AUTO CARE** | VEHICLE SERVICE AGREEMENT DECLARATION PAGE | AGREEMENT NUMBER AC300739759W |
|---|---|---|---|

## AGREEMENT HOLDER INFORMATION

| LAST NAME ALLEN | FIRST JASON | MI H | TELEPHONE NUMBER (323) 377-5620 |
|---|---|---|---|

| ADDRESS 2600 E SELTICE WAY | CITY POST FALLS | STATE ID | ZIP CODE 83854 |
|---|---|---|---|

## VEHICLE INFORMATION

| YEAR 2023 | MAKE TOYOTA | MODEL SEQUOIA PLATINUM | MANDATORY SURCHARGES ☑ Hybrid ☑ Lift Kit |
|---|---|---|---|

| VEHICLE IDENTIFICATION NUMBER 7SVAAABA8PX011784 | VEHICLE PURCHASE PRICE $74,500.00 | ODOMETER 21,270 | IN-SERVICE DATE (WRAP PLAN) |
|---|---|---|---|

## PLAN INFORMATION

| PURCHASE DATE 10/18/2024 | AGREEMENT PURCHASE PRICE $3,995.00 | TERM Months: 84  10/13/31   Miles: 100,000 | PLAN TYPE ☑ NEW ☐ USED |
|---|---|---|---|

| DEDUCTIBLE SELECTED ☐ $100 Standard  ☑ $50  ☐ $200 | OPTIONAL COVERAGE (SURCHARGE APPLIES) ☐ Business Use  ☐ Tech Package |
|---|---|

**TYPE OF COVERAGE**

| ☐ Maximum Plan | ☑ Maximum WRAP Plan | ☐ Certified Plan |
|---|---|---|
| ☐ Preferred Plan | ☑ Power Train Plus Plan | ☐ Power Train Plan |

New Vehicle Plans (except WRAP & Certified Plans) start on contract purchase date and 0 miles.
Used Vehicle Plans (except WRAP & Certified Plans) start on contract purchase date and sale odometer miles.
New WRAP & Certified Plans start on vehicle's original in-service date and 0 miles.

## DEALER INFORMATION / LIEN HOLDER INFORMATION

| DEALER NAME George Gee Cadillac Kia | LIEN HOLDER NAME Iccu |
|---|---|
| DEALER ADDRESS, CITY, STATE, ZIP CODE 317 W Dalton Ave , Coeur d'Alene, ID 83815 | LIEN HOLDER ADDRESS, CITY, STATE, ZIP CODE PO BOX 2469 Pocatello ID. 83206 |
| TELEPHONE NUMBER 208-209-3353 | DEALER NUMBER 1167 | TELEPHONE NUMBER |

## OTHER PROVISIONS

The ADMINISTRATOR of this Vehicle Service Agreement is Principal Warranty Corp., at 1500A E. College Way, PMB 541, Mount Vernon, WA 98273. The telephone number is (855) 251-7175.

The entity obligated to perform under this Vehicle Service Agreement, which is referred to as "We", "Us" and "Our" throughout the Vehicle Service Agreement Coverage Booklet, is PWC Warranty Services, Inc., 317 W Dalton Ave., Coeur d'Alene, ID 83815, (855) 826-1162 unless indicated otherwise in the Special State Disclosures.

Purchase of this Vehicle Service Agreement is not required in order to purchase or obtain financing for a motor vehicle. This Vehicle Service Agreement is not valid unless this DECLARATION PAGE is completed and attached to the Vehicle Service Agreement Coverage TERMS & CONDITIONS.

This DECLARATION PAGE shall be the basis upon which the Vehicle Service Agreement is issued. YOUR signature indicates that You have read the information set forth herein and agree that it is true and correct and that You accept the terms and provisions of this Vehicle Service Agreement and agree to be bound by the terms thereof.

## SIGNATURES FOR VEHICLE SERVICE AGREEMENT

| AGREEMENT HOLDER'S SIGNATURE X  WITHOUT RECOURSE | DATE 10/18/2024 | DEALER AUTHORIZED SIGNATURE X | DATE 10/18/2024 |
|---|---|---|---|

## OPTIONAL PRINCIPAL AUTO CARE PREPAID MAINTENANCE

| I CHOOSE TO ENROLL ☐ YES  ☑ NO | TERM MONTHS/MILES 24 / 30,000 | PLAN ☐ PPM 1  ☐ PPM 2 | SERVICE INTERVAL MONTHS/MILES 6 / 7,500 |
|---|---|---|---|

| AGREEMENT HOLDER'S SIGNATURE X | DATE 10/18/2024 | DEALER AUTHORIZED SIGNATURE X | DATE 10/18/2024 |
|---|---|---|---|

ADMINISTRATOR COPY / CUSTOMER COPY / DEALER COPY / LIENHOLDER COPY

©Copyright 2021, Principal Warranty Corp., LLC, All Rights Reserved

1

PAC-PWS-WIC-NAT-002

(1/2022)

# EXHIBIT

# L

JASON HENRY ALLEN,
Plaintiff, Pro se

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO NORTHERN DIVISION

| | |
|---|---|
| JASON HENRY ALLEN, INDIVIDUALLY AND AS TRUSTEE OF RIKUR PRIVATE IRREVOCABLE TRUST, | Case No.: |
| | COMPLAINT |
| Plaintiff, | |
| vs. | |
| IDAHO CENTRAL CREDIT UNION AND BRIAN M. BERRETT, | |
| Defendants | |

**COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, FAIR DEBT COLLECTION PRACTICES ACT, EQUAL CREDIT OPPORTUNITY ACT, FEDERAL CREDIT UNION ACT, FEDERAL FRAUD STATUTES, BREACH OF CONTRACT, BREACH OF FIDUCIARY DUTY, UNJUST ENRICHMENT, CONVERSION OF TRUST PROPERTY, IDAHO CONSUMER PROTECTION AND UNFAIR CLAIMS LAWS, IDAHO CONSTITUTIONAL VIOLATIONS, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, CIVIL CONSPIRACY, AND FOR INJUNCTIVE RELIEF, COMPENSATORY AND PUNITIVE DAMAGES.**

COMES NOW, Plaintiff, JASON HENRY ALLEN, and files this Complaint against Defendants

Idaho Central Credit Union ("ICCU") and Brian M. Berrett, stating as follows:
COMPLAINT - 1

# PARTIES AND JURISDICTION

1. Plaintiff Jason-Henry:Allen maintains a physical presence near 2600 East Seltice Way #235, Post Falls, Kootenai County, Idaho 83854, and is a natural person and non-citizen national of the United States of America, possessing inherent standing to bring this action individually and as Trustee of the Rikur Private Irrevocable Trust (*Exhibit A*) [trust formation date—August 26, 2022]. The 2023 Toyota Sequoia VIN 7SVAAABA8PX011784 is trust res of the Rikur Private Irrevocable Trust, not Plaintiff's personal property. For the sole and limited purpose of instituting and prosecuting this action, Plaintiff exercises his power of attorney (*Exhibit A*) to naturalize the ens legis, JASON HENRY ALLEN, into this Court's jurisdiction. Plaintiff, the living man Jason-Henry:Allen, and the ens legis, JASON HENRY ALLEN, are distinct entities, and any conflation shall be deemed subterfuge, subject to all lawful remedies.

2. Defendant Idaho Central Credit Union ("ICCU") is a financial institution with its principal place of business located at 4400 Central Way, Chubbuck, Bannock County, Idaho 83202. ICCU is engaged in financial services throughout the State of Idaho and is subject to all regulations governing banking, consumer credit, and consumer finance.

3. Defendant Brian M. Berrett is the Chief Financial Officer for ICCU, responsible for overseeing financial operations, policies, fiduciary duties, and regulatory compliance for ICCU and its members. Berrett received and ignored Plaintiff's fiduciary appointment, Form 56, and demands, knowingly breaching his duty under common law and UCC § 3-301 as a holder of the instrument making him a viable Defendant in this action.

COMPLAINT - 2

4. Defendant Brian M. Berrett, as CFO of ICCU, personally directed or ratified financial policies leading to the breaches and violations alleged herein, rendering him individually liable under Idaho law and 15 U.S.C. § 1681n (FCRA willful noncompliance)

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the claims asserted herein under 28 U.S.C. § 1331 (federal question jurisdiction), as the action arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. The Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, as they form part of the same case or controversy as the federal claims.

6. Venue is proper under 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to this claim—namely, the purchase of the 2023 Toyota Sequoia from George Gee Kia in Coeur d'Alene, Kootenai County, Idaho and Defendants' wrongful actions against Plaintiff and the Rikur Private Irrevocable Trust—occurred in this judicial district.

7. Defendants are subject to personal jurisdiction in this district due to their business activities and contacts in Kootenai County, including but not limited to contracts with Plaintiff.

## PROCEDURAL BACKGROUND

Plaintiff has exhausted all reasonable pre-litigation remedies, including demands on December 1, 2024, January 13, 2025, and cease-and-desist on March 5, 2025 (*Exhibits B, C, D*), to no avail. This action complies with FRCP 8(a). Plaintiff demands a trial by jury on all issues so triable, pursuant to FRCP 38(b). Plaintiff provides notice of intent to seek

COMPLAINT - 3

sanctions under FRCP 37(e) for any spoliation of evidence by Defendants, including but not limited to emails, credit reports, and loan records related to the 2023 Toyota Sequoia transaction.

# FACTUAL ALLEGATIONS

1. On or about October 18, 2024, Plaintiff entered into a contract (*Exhibit E*) with ICCU for **a 2023 Toyota Sequoia VIN 7SVAAABA8PX011784** from George Gee Kia dealership.

2. George Gee Kia is located at 317 Dalton Avenue Coeur D'Alene ID 83815.

3. Plaintiff fully performed on the contract relating to the 2023 Toyota Sequoia VIN 7SVAAABA8PX011784 on October 18, 2024 (*Exhibit E*).

4. Plaintiff indorsed the contract specially and restrictively on October 18th 2024 (*Exhibit E*).

5. Plaintiff indorsed the negotiable instrument specially and restrictively on October 18th 2024 (*Exhibit F*).

6. Plaintiff signed all contract documents with special and restrictive indorsements "By: Jason-Henry:Allen Without Recourse" or "By: Jason-Henry:Allen Without Recourse, Pay to the order of JASON H ALLEN" in alignment with UCC 3-205(a) (*Exhibit E*).

7. A "special indorsement" is an indorsement made by the holder of an instrument, whether payable to an identified person or payable to bearer, and that identifies a person to whom it makes the instrument payable (UCC 3-205(a)).

8. ICCU accepted the specially and restrictively indorsed Negotiable Instrument on or around October 18th 2024.

9. ICCU fully accepted the perfected contract on or around October 18th 2024.

COMPLAINT - 4

10. Brian M. Berrett in his official capacity of Chief Financial Officer for ICCU became the Fiduciary for JASON HENRY ALLEN on or around October 18th 2024.

11. Plaintiff performed all obligations pertaining to the contract on October 18, 2024.

12. ICCU fully accepted the contract containing the specially and restrictively indorsed instrument on or around October 18th, 2024.

13. ICCU agent Brian M. Berrett became Plaintiff's fiduciary on or around October 18th, 2024 regarding the Plaintiff's fiduciary within the transaction (*Exhibit G*).

14. Plaintiff sent Brian M Barrett CFO for ICCU letter of instruction, Notice of Tender, copy of original contract, copy of perfected Negotiable Instrument, Durable Power of Attorney, specially and restrictively indorsed payment coupons, and Fiduciary appointment form 56. Sent via Registered mail #RF816840985US (*Exhibit B*).

15. Plaintiff formally demanded the clean and clear title for the 2023 Toyota Sequoia VIN 7SVAAABA8PX011784 on December 1, 2024 via Registered mail (*Exhibit B*).

16. Plaintiff formally demanded the proof of lien release for the 2023 Toyota Sequoia (VIN 7SVAAABA8PX011784 on December 1, 2024 via Registered mail (*Exhibit B*).

17. The demands were sent via Registered Mail RF816840985US (*Exhibit B*).

18. The demands were received by ICCU on December 10th, 2024.

19. The demands were fully accepted by ICCU on December 10th, 2024 per the posting rule (Culton v Gilchrist 81 US (14 Wall.) 306 (1871)).

20. ICCU agent signed acknowledging delivery and acceptance of the demands with a wet ink signature.

21. Plaintiff formally demanded the clean and clear title for 2023 Toyota Sequoia VIN 7SVAAABA8PX011784 again on January 13, 2025 (*Exhibit C*).

COMPLAINT - 5

22. Plaintiff formally demanded the proof of lien release for 2023 Toyota Sequoia VIN 7SVAAABA8PX011784 again on January 13, 2025 (*Exhibit C*).

23. The demands were sent via Registered Mail RF816840968US (*Exhibit C*).

24. The demands were received on January 23rd, 2025.

25. The demands were fully accepted on January 23, 2025 per the posting rule (Culton v Gilchrist 81 US (14 Wall.) 306 (1871)).

26. ICCU agent signed acknowledging delivery and acceptance of the demands with a wet ink signature.

27. ICCU has failed to release the title and continued collection attempts and negative credit reporting despite the fulfilled contract.

28. Plaintiff notified ICCU and Brian M. Berrett of their breach of contract and breach of fiduciary duty on December 1, 2024 and again on January 13, 2025 (*Exhibits B, C*).

29. Plaintiff affirms that 2023 Toyota Sequoia VIN 7SVAAABA8PX011784 was placed into Rikur Private Irrevocable Trust on November 3, 2024 (*Exhibit H*).

30. Plaintiff affirms that 2023 Toyota Sequoia VIN 7SVAAABA8PX011784 is Trust Res of Rikur Private Irrevocable Trust (*Exhibit A*).

31. Plaintiff affirms that 2023 Toyota Sequoia VIN 7SVAAABA8PX011784 is secured with highest lien position by UCC financial statement on the public record with the Idaho Secretary Of State (*Exhibit H*).

32. Plaintiff requested any and all appropriate funds related to 2023 Toyota Sequoia VIN 7SVAAABA8PX011784 to be deposited into the plaintiffs Treasury Direct Account # G 509-840-052 on December 1st 2024 via Registered mail #RF816840985US (*Exhibit B*).

COMPLAINT - 6

33. Plaintiff requested that all collection attempts and any and all negative credit reporting related to 2023 Toyota Sequoia VIN 7SVAAABA8PX011784 cease and be corrected on December 1st 2024 via Registered Mail RF816840985US (*Exhibit B, D*).

34. Plaintiff requested that all collection attempts and any and all negative credit reporting cease and be corrected on January 13th 2025 via Registered mail #RF816840968USUS (*Exhibit C*).

35. Plaintiff noticed ICCU and its agent Brian M. Berrett they are in breach of contract and in breach of Fiduciary Duty on January 13th 2025 via Registered mail #RF816840968USUS (*Exhibit C*).

36. Plaintiff affirms that ICCU and its agents have not challenged or refuted the contract.

37. Plaintiff affirms that ICCU and its agents have not challenged the negotiable instrument(s).

38. Plaintiff affirms that ICCU and its agents have not returned, refused, or refuted the negotiable instrument(s).

39. Plaintiff asserts that ICCU and Brian M. Berrett have absconded with the negotiable instruments supplied by the Plaintiff, amounting to possible securities fraud and willful fraud under applicable law.

40. Plaintiff asserts that ICCU and its agents are in breach of contract.

41. Plaintiff asserts that ICCU and its agents have committed willful and deliberate fraud.

42. Plaintiff affirms that he has performed all obligations required under the purchase contract, including submitting full payment and completing all required documentation.

43. These actions invoke Plaintiff's rights under the *Fair Credit Reporting Act (FCRA)* and FDCPA.

44. On February 5th 2025, Plaintiff sent a Notice of Intent to Litigate to ICCU (*Exhibit I*).

COMPLAINT - 7

45. On February 23rd 2025, Plaintiff sent a formal demand for debt validation ICCU (*Exhibit J*).

46. On February 27th 2025, Plaintiff sent a formal Fiduciary appointment documents to Brian M. Berrett CFO for ICCU (*Exhibit G*).

47. On March 5th 2025, Plaintiff sent a formal cease and desist to ICCU (*Exhibit D*).

48. Defendant ICCU is accredited by the Better Business Bureau (BBB) and has publicly committed to upholding the BBB Standards for Trust, which include being responsive and addressing marketplace disputes through good-faith dispute resolution processes.

49. Despite Plaintiff's repeated attempts to resolve this dispute without litigation—including demands for title release on December 1, 2024, and January 13, 2025 (Exhibits B. C), a cease-and-desist notice on March 5, 2025 (Exhibit D), and a notice of intent to litigate sent to ICCU on February 5, 2025 ICCU has failed to engage in <u>any</u> dispute resolution efforts.

50. ICCU's refusal to respond to Plaintiff's demands or participate in BBB-mediated dispute resolution processes violates their BBB commitment to address marketplace disputes in good faith, further evidencing their pattern of bad faith conduct in this transaction.

51. ICCU's failure to uphold their BBB commitment has exacerbated Plaintiff's financial harm, reputational damage, and emotional distress, as Plaintiff was forced to escalate this matter to litigation to seek redress for Defendants' wrongful actions.

52. Plaintiff has suffered severe emotional distress as a direct result of Defendants' actions, including but not limited to anxiety, sleeplessness, and humiliation caused by ICCU's wrongful retention of the 2023 Toyota Sequoia title, continued collection attempts, and false credit reporting.

COMPLAINT - 8

53. Plaintiff's emotional distress has been exacerbated by the need to engage in litigation to protect the Rikur Private Irrevocable Trust's property and Plaintiff's financial reputation, a burden directly attributable to Defendants' refusal to engage in good-faith dispute resolution as committed to under their BBB accreditation.

54. Defendants ICCU and Brian M. Berrett engaged in a civil conspiracy to wrongfully retain Plaintiff's payment of $84,800.94, withhold the title to the 2023 Toyota Sequoia, and falsely report Plaintiff's credit status, with the intent to cause Plaintiff financial and reputational harm.

55. Berrett, as CFO, directed or ratified ICCU's actions, including the refusal to release the title and the continuation of collection attempts, as evidenced by his non-response to Plaintiff's Form 56 fiduciary appointment and demands

56. As a result of Defendants' conspiracy, Plaintiff has suffered financial loss, reputational damage, and emotional distress.


# CLAIMS FOR RELIEF

# COUNT I – BREACH OF CONTRACT

57. Plaintiff incorporates by reference all prior allegations as if fully stated herein.

58. ICCU's breach proximately caused damages exceeding $75,000, including loss of vehicle ownership, use, and equity. *Hadley v. Baxendale* (1854).

59. A valid and enforceable contract existed between Plaintiff and ICCU regarding the purchase of the 2023 Toyota Sequoia VIN 7SVAAABA8PX011784.

60. ICCU accepted the perfected and performed on contract and assumed financial obligations and fiduciary duties, including processing the transaction correctly and issuing a clean and clear title. This obligation is outlined as per the *Uniform Commercial Code (UCC)* and general principles of contract law.

61. ICCU's failure to release the title and properly execute contractual obligations constitutes a material breach of contract.

62. ICCU's failure to release the clean title to the Rikur Private Irrevocable Trust, despite accepting full payment via the negotiable instrument (UCC § 3-603), constitutes a material breach of contract and trust law under Idaho Code § 68-106.

63. Plaintiff has suffered financial harm, inconvenience, and damages due to ICCU's breach. It is well settled that breach of "a contract to act diligently and skillfully" provides a "ground of action" in federal court. *Wilcox v. Executors of Plummer*, 4 Pet. 172, 181-182, 7 L.Ed. 821 (1830). It is also undisputed that "a breach of contract always creates a right of action," even when no financial "harm was caused." Restatement (First) of Contracts § 328, and Comment *a*, pp. 502-503 (1932); see also *Spokeo*, 578 U. S.,136 S.Ct., at 1551 (THOMAS, J., concurring)

64. ICCU's failure to engage in good-faith dispute resolution, as committed to under their BBB accreditation, constitutes an additional breach of the implied covenant of good faith and fair dealing inherent in the contract for the 2023 Toyota Sequoia, further violating Idaho common law principles as recognized in *Jenkins v. Boise Cascade Corp.*, 141 Idaho 233, 108 P.3d 380 (2005).

## COUNT II – BREACH OF FIDUCIARY DUTY

COMPLAINT - 10

65. Plaintiff incorporates by reference all prior allegations as if fully stated herein.

66. By accepting Plaintiff's perfected contract and payment, ICCU and Defendant Berrett assumed a fiduciary duty towards Plaintiff.

67. This duty arises from the trust and confidence placed in ICCU to handle Plaintiff's funds and obligations responsibly.

68. Defendants breached this duty by failing to properly process Plaintiff's requests, release the vehicle title, and make accurate credit bureau reporting. As a result, Plaintiff has suffered financial losses and reputational harm.

69. A breach of-fiduciary-duty claim exists regardless of the beneficiary's personal gain, loss, or recovery. Berrett's failure to act as fiduciary, despite fully accepting the Fiduciary Appointment and Form 56 (Exhibits B, G), breached duties of loyalty and care under U.C.C and Idaho Code § 15-7-804

## COUNT III – VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681 *et seq.*

70. Plaintiff incorporates by reference all prior allegations as if fully stated herein.

71. ICCU and its agents furnished inaccurate and misleading information to credit reporting agencies regarding Plaintiff's financial obligations, violating *15 U.S.C. § 1681s-2(a)*.

72. Plaintiff disputed inaccuracies with ICCU on December 1, 2024, and January 13, 2025 (Exhibits B, C, D), yet ICCU failed to investigate and correct within 30 days, per 15 U.S.C. § 1681s-2(b)(2).

COMPLAINT - 11

73. ICCU's reporting of inaccurate debt information against Plaintiff, rather than the Rikur Private Irrevocable Trust—the legal owner of the 2023 Toyota Sequoia—further violates 15 U.S.C. § 1681s-2(a)(1)(A) by furnishing false data tied to the wrong entity.

74. As a direct result of ICCU's violations, Plaintiff has suffered harm, including damage to credit reputation, financial losses, and emotional distress. Plaintiff is entitled to damages as provided under *15 U.S.C. § 1681n* for willful noncompliance and *15 U.S.C. § 1681o* for negligent noncompliance.

75. CCU's refusal to participate in BBB dispute resolution processes after Plaintiff's disputes of inaccurate credit reporting on December 1, 2024, and January 13, 2025 (Exhibits B, C), demonstrates willful noncompliance with 15 U.S.C. § 1681s-2(b), as ICCU failed to engage in any meaningful effort to investigate or correct the inaccuracies, further justifying statutory damages under 15 U.S.C. § 1681n.

## COUNT IV- VIOLATION OF THE IDAHO CONSUMER PROTECTION ACT, *Idaho Code § 48-601 et seq.*

76. Plaintiff incorporates by reference all prior allegations as if fully stated herein.

77. ICCU's actions constitute unfair or deceptive business practices in violation of the Idaho Consumer Protection Act. These practices include but are not limited to, misrepresenting the terms of the transaction, failing to provide clear and accurate information, and not honoring the mutually agreed-upon terms.

COMPLAINT - 12

78. ICCU's misrepresentations about debt status violate Idaho Code § 48-603(7) (false statements in trade). Specifically, reporting paid debt as delinquent.

79. Pursuant to *Idaho Code § 48-608*, Plaintiff is entitled to legal remedies including actual damages, a minimum recovery of $1,000, recovery of court fees, and at the Courts discretion, costs and punitive damages.

80. ICCU's false advertising through their BBB commitment further violates Idaho Code § 48-603(5), as their misrepresentation misled Plaintiff into expecting ethical conduct, justifying additional damages under Idaho Code § 48-608.

81. ICCU's failure to uphold their BBB commitment to dispute resolution constitutes an additional unfair and deceptive business practice under Idaho Code § 48-603(17) (engaging in conduct that creates a likelihood of confusion or misunderstanding), as ICCU's public commitment to ethical dispute resolution misled Plaintiff into expecting a good-faith response that never materialized.

82. ICCU's failure to uphold their BBB commitment to dispute resolution also violates Idaho Code § 48-603(9) under the Deceptive Trade Practices Act, as their public representations misled Plaintiff into expecting ethical conduct that ICCU failed to deliver.

83. ICCU's failure to engage in any dispute resolution efforts despite Plaintiff's demands violates Idaho Code § 48-603(9) by engaging in deceptive acts that create a likelihood of confusion or misunderstanding regarding ICCU's business practices.

84. ICCU's public commitment to the BBB Standards for Trust, including good-faith dispute resolution, constitutes a representation to the public that ICCU will engage in ethical business practices, as governed by Idaho's Deceptive Trade Practices Act, Idaho Code § 48-601 et seq.

COMPLAINT - 13

# COUNT V - UNJUST ENRICHMENT

85. Plaintiff incorporates by reference all prior allegations as if fully stated herein.

86. ICCU retained at least $84,800.94 without delivering title, unjustly enriching itself at Plaintiff's expense.

87. ICCU has been unjustly enriched by retaining the full payment made by Plaintiff without providing the corresponding release of title and fulfillment of their contractual obligations.

88. It is inequitable for ICCU to retain these funds under these circumstances.

89. Plaintiff is entitled to restitution for at least the amount of the unjust enrichment.

90. A claim for unjust enrichment is maintained, "(1) there was a benefit conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of such benefit; and (3) acceptance of the benefit under circumstances that would be inequitable for the defendant to retain the benefit without payment to the plaintiff for the value thereof." *Stevenson v. Windermere Real Estate/Capital Grp., Inc.*, 152 Idaho 824, 827, 275 P.3d 839, 842 (2012).

# COUNT VI – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

91. Plaintiff incorporates by reference all prior allegations as if fully set forth herein.

92. If ICCU is not a debt collector, its agent acted as one under 15 U.S.C § 1692a(6), and ICCU is vicariously liable per *Fox v. Citicorp*, 15 F.3d 1507 (9th Cir. 1994).

COMPLAINT - 14

93. Violation of 15 U.S.C. § 1692c(c) – Cease and Desist Violations (*Exhibit D*): Plaintiff formally notified ICCU in writing on December 1, 2024, on January 13, 2025, and again on February 25, 2025 to cease all collection efforts related to the alleged debt.

94. Despite these requests, ICCU continued to engage in collection activities, including attempting to collect on an obligation Plaintiff had already satisfied.

95. Despite Plaintiff's cease-and-desist notices, ICCU continued collection efforts against Plaintiff personally, rather than the Rikur Private Irrevocable Trust, the lawful owner and debtor if any debt exists, violating 15 U.S.C. § 1692c(c).

96. Violation of 15 U.S.C. § 1692e – False or Misleading Representations: ICCU knowingly or recklessly misrepresented the status of the debt by falsely reporting it as outstanding despite receiving Plaintiff's full payment and contractual performance.

97. ICCU's misrepresentation was made with the intent to deceive Plaintiff and induce further payments that were not legally owed.

98. This conduct constitutes a violation of 15 U.S.C. § 1692e, which prohibits the use of false, deceptive, or misleading representations in the collection of a debt.

99. Violation of 15 U.S.C. § 1692f – Unfair and Unconscionable Practices: ICCU engaged in unfair and unconscionable debt collection practices by demanding payment even though the obligation was satisfied.

100. ICCU's failure to provide the clear title and proof of lien release, despite being contractually obligated to do so, constitutes an unfair act under 15 U.S.C. § 1692f.

101. By retaining control over Plaintiff's property without justification and reporting erroneous debt information to credit bureaus, ICCU engaged in practices prohibited under federal law.

COMPLAINT - 15

## COUNT VII – VIOLATION OF 18 U.S.C. § 1001 (FALSE STATEMENTS)

102. Plaintiff incorporates by reference all prior allegations as if fully set forth herein.

103. ICCU's false statements to credit bureaus constitute fraud under Idaho common law, actionable per *McKay v. Owens*, 130 Idaho 148 (1997).

104. ICCU misrepresented the status of Plaintiff's debt by reporting an obligation that had been fully satisfied, despite receiving formal notice and proof of payment from Plaintiff.

105. Such false statements were material, intended to mislead financial institutions, credit bureaus, and regulators, and had a direct impact on Plaintiff's financial standing and creditworthiness, and reputation.

106. As a result of ICCU's knowing and willful misrepresentation, Plaintiff has suffered financial harm, damage to his credit reputation, and emotional distress.

## COUNT VIII – VIOLATION OF 18 U.S.C. § 1341 (MAIL FRAUD)

107. Plaintiff incorporates by reference all prior allegations as if fully set forth herein.

108. ICCU's use of mail to misrepresent debt status constitutes common-law fraud, per *Watts v. Krebs*, 131 Idaho 616 (1998), causing damages over $75,000.

109. ICCU knowingly sent fraudulent correspondence regarding Plaintiff's alleged financial obligations in an attempt to unjustly retain funds and refuse the release of the vehicle title.

COMPLAINT - 16

110. The use of mail for the purpose of executing a fraudulent scheme constitutes mail fraud in violation of *18 U.S.C. § 1341.*

111. As a result of ICCU's mail fraud, Plaintiff has suffered financial harm and reputational damage.

# COUNT IX – VIOLATION OF 18 U.S.C. § 1343 (WIRE FRAUD)

112. Plaintiff incorporates by reference all prior allegations as if fully set forth herein.

113. ICCU's use of wire to misrepresent debt status constitutes common-law fraud, per *Watts v. Krebs*, 131 Idaho 616 (1998), causing damages over $75,000.

114. ICCU engaged in fraudulent activities using electronic communications, including emails, credit reporting systems, and other digital platforms, to misrepresent Plaintiff's financial obligations.

115. ICCU falsely reported to credit bureaus and financial institutions that Plaintiff owed a balance on the 2023 Toyota Sequoia despite having received full payment.

116. ICCU's actions were intentional and carried out via electronic means to execute a fraudulent scheme, thereby constituting wire fraud in violation of 18 U.S.C. § 1343.

117. As a direct result of ICCU's fraudulent actions, Plaintiff has suffered significant financial and reputational damages.

# COUNT X - DECLARATORY JUDGMENT AND CONVERSION OF TRUST PROPERTY

COMPLAINT - 17

118. Plaintiff incorporates by reference all prior allegations as if fully set forth herein.

119. On November 3, 2024, Plaintiff transferred all rights, title, and interest in the 2023 Toyota Sequoia VIN 7SVAAABA8PX011784 to the Rikur Private Irrevocable Trust (*Exhibit A*), a separate legal entity under Idaho Code § 68-104, via a perfected UCC Financing Statement filed with the Idaho Secretary of State (*Exhibit H*). Said vehicle is trust res, held exclusively by the trust and not the personal property of Plaintiff Jason Henry Allen.

120. ICCU's acceptance of Plaintiff's specially and restrictively indorsed negotiable instrument on October 18, 2024 (*Exhibit B*), constituted full satisfaction of the debt under UCC § 3-603(b) "Tender of payment discharges the obligation to the extent of the amount tendered". Defendants' refusal to release the title to the Rikur Private Irrevocable Trust, despite satisfaction of the underlying obligation, violates UCC § 3-306 (impairment of holder's rights).

121. Defendants' continued attempts to repossess the 2023 Toyota Sequoia and report derogatory credit information against Plaintiff, rather than the trust, constitute wrongful conversion of trust property under Idaho common law. See Watts v. Krebs, 131 Idaho 616, 962 P.2d 387 (1998).

122. ICCU's lien, if valid, attached to the vehicle on October 18, 2024, but was extinguished by Plaintiff's tender of payment (Exhibit B), rendering the trust's ownership superior under Idaho Code § 28-9-317 (priority of security interests). Defendants' failure to acknowledge the trust's title and release their claim is an unlawful interference with trust property.

123. Plaintiff, as grantor and/or trustee of the Rikur Private Irrevocable Trust, has standing to seek relief on behalf of the trust to protect its assets from Defendants' wrongful actions.

COMPLAINT - 18

124.    As a direct result of Defendants' conduct, the trust has been deprived of clear title and use of its property, and Plaintiff has suffered ancillary harm, including financial loss and reputational damage from erroneous credit reporting.

# COUNT XI – VIOLATION OF BBB STANDARDS FOR TRUST AND BAD FAITH CONDUCT

125.    Plaintiff incorporates by reference all prior allegations as if fully set forth herein.

126.    ICCU, as a BBB-accredited business, has committed to upholding the BBB Standards for Trust, which include being responsive and addressing marketplace disputes through good-faith dispute resolution processes.

127.    ICCU's failure to engage in any dispute resolution efforts despite Plaintiff's repeated attempts violates their BBB commitment and constitutes bad faith conduct under Idaho common law principles of good faith and fair dealing, as recognized in *Jenkins v. Boise Cascade Corp.*, 141 Idaho 233, 108 P.3d 380 (2005).

128.    ICCU's bad faith conduct has directly caused Plaintiff to incur additional financial harm, reputational damage, and emotional distress, as Plaintiff was forced to escalate this matter to litigation to seek redress.

129.    Plaintiff's emotional distress warrants additional punitive damages for ICCU's bad faith conduct.

130.

COMPLAINT - 19

131.	Plaintiff is entitled to damages for ICCU's bad faith conduct, including compensatory and punitive damages, as well as injunctive relief to compel ICCU to comply with their BBB commitment to engage in good-faith dispute resolution.

## COUNT XII – VIOLATION OF THE FEDERAL CREDIT UNION ACT (12 U.S.C. § 1751 et seq.)

132.	Plaintiff incorporates by reference all prior allegations as if fully set forth herein.

133.	ICCU, as a credit union, is subject to the Federal Credit Union Act, which requires it to treat members fairly and equitably, per 12 U.S.C. § 1757.

134.	ICCU's actions, including retaining Plaintiff's payment without releasing the title, continuing collection attempts after cease-and-desist notices, and falsely reporting Plaintiff's credit status, constitute a violation of 12 U.S.C. § 1757 by failing to act in good faith and treat Plaintiff equitably.

135.	As a direct result, Plaintiff has suffered financial harm, reputational damage, and emotional distress, entitling Plaintiff to damages, including compensatory and punitive damages, in an amount to be determined by the court.

## COUNT XIII – VIOLATION OF IDAHO UNFAIR CLAIMS SETTLEMENT PRACTICES ACT (IDAHO CODE § 41-1301 et seq.)

COMPLAINT - 20

136.  Plaintiff incorporates by reference all prior allegations as if fully set forth herein.

137.  ICCU's actions, including falsely reporting Plaintiff's credit status, continuing collection attempts after cease-and-desist notices, and refusing to release the title despite full payment, violate Idaho Code § 41-1302 by engaging in unfair claims settlement practices.

138.  ICCU's failure to engage in good-faith dispute resolution further violates Idaho Code § 41-1302(4) by failing to attempt prompt, fair, and equitable settlement of Plaintiff's claims.

139.  As a direct result, Plaintiff has suffered financial harm, reputational damage, and emotional distress, entitling Plaintiff to damages, including compensatory and punitive damages, in an amount to be determined by the court.

# COUNT XIV – VIOLATION OF THE EQUAL CREDIT OPPORTUNITY ACT (15 U.S.C. § 1691)

140.  Plaintiff incorporates by reference all prior allegations as if fully set forth herein.

141.  ICCU violated ECOA, 15 U.S.C. § 1691(a), by engaging in unfair and discriminatory credit practices, including falsely reporting Plaintiff's credit status and refusing to release the title to the 2023 Toyota Sequoia

142.  ICCU's actions were willful, as evidenced by their continued misconduct after Plaintiff's demands and cease-and-desist notices

143.  As a result, Plaintiff has suffered financial harm, reputational damage, and emotional distress, entitling Plaintiff to statutory damages of up to $10,000 per violation under 15 U.S.C. § 1691e(b), as well as actual damages to be assigned by the court.

COMPLAINT - 21

# COUNT XV – VIOLATION OF IDAHO CONSTITUTION

# (ARTICLE I, §§ 18, 21)

144.    Plaintiff incorporates by reference all prior allegations as if fully set forth herein.

145.    ICCU's actions, including refusing to release the title to the 2023 Toyota Sequoia and continuing false credit reporting, violate Plaintiff's right to justice without delay under Article I, § 18 of the Idaho Constitution.

146.    ICCU's actions further violate Plaintiff's right to due process under Article I, § 21 by depriving Plaintiff of property—the use and title of the Sequoia—without fair procedure.

147.    As a result, Plaintiff has suffered financial harm, reputational damage, and emotional distress, entitling Plaintiff to damages, including compensatory and punitive damages, in an amount to be determined by the court.

148.    ICCU's actions also violate Plaintiff's right to property under Article I, § 13 of the Idaho Constitution by depriving Plaintiff and the Rikur Trust of the Sequoia title without due process, further justifying damages.

149.    ICCU's refusal to release the title to the 2023 Toyota Sequoia despite full payment violates Plaintiff's right to property under Article I, § 13 by depriving Plaintiff and the Trust of lawful possession without due process.

# COUNT XVI - INTENTIONAL INFLICTION OF

# EMOTIONAL DISTRESS

150.    Plaintiff incorporates by reference all prior allegations as if fully set forth herein.

COMPLAINT - 22

151. Defendants' conduct, including but not limited to their wrongful retention of the 2023 Toyota Sequoia title, continued collection attempts after cease-and-desist notices, false credit reporting, and refusal to engage in BBB dispute resolution, constitutes extreme and outrageous behavior under Idaho common law, as recognized in *Spence v. Howell*, 126 Idaho 763, 890 P.2d 714 (1995)

152. Defendants acted intentionally or with reckless disregard for the likelihood of causing Plaintiff severe emotional distress, knowing Plaintiff's reliance on the Sequoia for personal use and the Rikur Trust's legal ownership.

153. As a direct result, Plaintiff has suffered severe emotional distress, including anxiety, sleeplessness, and humiliation.

154. Plaintiff is entitled to compensatory and punitive damages for Defendants' intentional infliction of emotional distress, in an amount to be determined at trial.

# COUNT XVII – CIVIL CONSPIRACY

155. Plaintiff incorporates by reference all prior allegations as if fully set forth herein.

156. Defendants ICCU and Brian M. Berrett engaged in a civil conspiracy to wrongfully retain Plaintiff's payment, withhold the title to the 2023 Toyota Sequoia, and falsely report Plaintiff's credit status, with the intent to cause Plaintiff harm.

157. Defendants acted in concert, with Berrett directing or ratifying ICCU's actions, as evidenced by his non-response to Plaintiff's demands and Fiduciary Appointment, constituting an agreement to commit unlawful acts under Idaho common law, as recognized in *McPheters v. Maile*, 138 Idaho 391, 64 P.3d 317 (2003).

COMPLAINT - 23

158.    As a direct result, Plaintiff has suffered financial loss, reputational damage, and emotional distress, entitling Plaintiff to compensatory and punitive damages in an amount to be determined at trial.

# COUNT XVIII - FRAUD

159.    Plaintiff incorporates by reference all prior allegations as if fully set forth herein.

160.    On or about October 18, 2024, Plaintiff entered into a Retail Installment Sale Contract for the purchase of a 2023 Toyota Sequoia, VIN 7SVAAABA8PX011784, designating Potlatch No. 1 Financial Credit Union as the lender (Exhibit E).

161.    The fraud claim arises from the same transaction as Plaintiff's federal claims under the FCRA, FDCPA, and ECOA (*Counts III, VI, XIV*), invoking this Court's supplemental jurisdiction under 28 U.S.C. § 1367.

162.    After Plaintiff's execution, ICCU or its agent fraudulently altered the contract by scratching out "Potlatch No. 1 Financial Credit Union" as the designated lender and handwriting "Idaho Central Credit Union" or "ICCU" as the assigned lender, without Plaintiff's knowledge, permission, or consent as discovered on May 20, 2025, and evidenced by Exhibit K. This alteration violates:

- **Idaho Code § 28-3-407 (UCC § 3-407)**, which defines an unauthorized change to a contract or negotiable instrument as a fraudulent alteration that discharges the obligor's liability unless consented to, as the change materially modified the lienholder's identity. *Watts v. Krebs*, 131 Idaho 616, 624, 962 P.2d 387 (1998); *Cheney v. Palos Verdes Inv.*

COMPLAINT - 24

*Corp.*, 104 Idaho 897, 905, 665 P.2d 661 (1983). The Retail Installment Sale Contract is a negotiable instrument under Idaho Code § 28-3-104 and UCC § 3-104.

- **Idaho Code § 28-9-316 (UCC § 4-406)**, which requires authenticated notification to the account debtor (Plaintiff) of any assignment, absent here, rendering ICCU's lien unenforceable. *Corales v. Flagstar Bank, FSB*, 822 F. Supp. 2d 1102, 1112 (W.D. Wash. 2011).

- **Idaho Code § 18-3174**, which establishes that altering a financial instrument with intent to defraud is a felony, supporting civil liability for ICCU's misrepresentation. *See Idaho Code § 18-2407(1)(b)* (theft by fraud).

163.     ICCU knowingly and intentionally altered the contract post-signing to misrepresent themselves as the creditor, with intent to deceive Plaintiff and induce continued performance under false terms, defrauding Plaintiff of property rights and title.

164.     ICCU's alteration was not a clerical error but a deliberate act, as evidenced by the handwritten change post-signing and their failure to disclose or correct it despite Plaintiff's demands, constituting fraud under *Cheney v. Palos Verdes Inv. Corp.*, 104 Idaho 897, 905, 665 P.2d 661 (1983).

165.     No term in the Retail Installment Sale Contract or industry practice authorized ICCU to unilaterally alter the lender from Potlatch No. 1 Financial Credit Union to ICCU without Plaintiff's consent, and ICCU failed to provide authenticated notification of any assignment, violating Idaho Code § 28-9-316 (UCC § 4-406). The lender's identity was material, as it directly affected Plaintiff's payment obligations, lien priority, and the Rikur Private

COMPLAINT - 25

Irrevocable Trust's property rights, constituting a fraudulent misrepresentation under *Watts v. Krebs*, 131 Idaho 616, 624, 962 P.2d 387 (1998).

166.    ICCU's unauthorized alteration of the Retail Installment Sale Contract discharged Plaintiff's liability under Idaho Code § 28-3-407(b) (UCC § 3-407(b)), as the change from Potlatch No. 1 Financial Credit Union to ICCU was material and made without Plaintiff's consent, fundamentally altering the creditor's identity and lienholder rights. ICCU's alteration of the contract without notifying Plaintiff violates Idaho Code § 28-3-406 (UCC § 3-406), shifting liability to ICCU for contributing to the fraudulent alteration

167.    By failing to disclose the true lender at signing, ICCU violated 12 C.F.R. § 226.17(a) (TILA), which requires clear and conspicuous disclosure of credit terms, depriving Plaintiff of informed consent (Ford Motor Credit Co. v. Milhollin, 444 U.S. 555 (1980)).

168.    ICCU concealed the alteration, failing to disclose the modified lender designation at signing or in response to Plaintiff's demands for title and lien release, violating their good-faith duty under Idaho Code § 28-1-304.

169.    No contract term or industry practice authorized ICCU to unilaterally change the lender without Plaintiff's consent, and ICCU failed to provide authenticated notification of assignment, violating Idaho Code § 28-9-316 (Corales v. Flagstar Bank, FSB, 822 F. Supp. 2d 1102, 1112 (W.D. Wash. 2011)).

170.    The lender's identity was material, as it altered Plaintiff's payment obligations, lien priority, and the Rikur Private Irrevocable Trust's property rights, causing direct harm (Watts v. Krebs, 131 Idaho 616, 624, 962 P.2d 387 (1998)).

COMPLAINT - 26

171.    Plaintiff reasonably relied on the original contract terms as signed on October 18, 2024, designating Potlatch as lender, and was unaware of ICCU's alteration until May 20, 2025, due to their concealment, as evidenced by Exhibit K.

172.    As a direct and proximate result of ICCU's fraudulent alteration, Plaintiff has suffered damages, including but not limited to financial losses from unlawful collection attempts, reputational harm from false credit reporting and emotional distress, in an amount not less than $75,000, to be proven at trial.

173.    ICCU's willful misconduct, evidenced by their silence in response to Plaintiff's demands and concealment of the alteration until May 20, 2025, justifies punitive damages of not less than $150,000 to deter such egregious behavior.

174.    ICCU's fraudulent alteration directly harmed the Rikur Private Irrevocable Trust by impairing its clear title to the 2023 Toyota Sequoia, constituting conversion under *Watts v. Krebs*, 131 Idaho 616, 962 P.2d 387 (1998), and exacerbating Plaintiff's emotional distress through anxiety and humiliation.

175.    ICCU's actions constitute common-law fraud under Idaho law, satisfying the elements of misrepresentation, falsity, materiality, intent, reliance, and damages. *Watts v. Krebs*, 131 Idaho at 624, 962 P.2d 387; *Cheney v. Palos Verdes*, 104 Idaho at 905, 665 P.2d 661. Plaintiff is entitled to compensatory and punitive damages for ICCU's willful misconduct, per Idaho Code § 6-1604 (punitive damages for fraud).

176. The alteration further violates 15 U.S.C. § 1691 (ECOA) by deceptively altering credit terms and 12 C.F.R. § 226.17 (TILA) by failing to disclose the true lender, as alleged in Plaintiff's Motion for Leave to Amend, reinforcing and increasing ICCU's liability.

177. Plaintiff is entitled to compensatory damages for ICCU's fraud, including financial losses from improper collection attempts, reputational harm from false credit reporting, and emotional distress, in an amount not less than $75,000; punitive damages of not less than $150,000 for ICCU's willful misconduct; and equitable relief, including discharge of any ICCU lien, pursuant to Idaho Code § 28-9-317 and common-law principles.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A. A declaratory judgment that ICCU is in breach of contract;

B. A declaratory judgment that ICCU and Brian M. Berrett are in breach of fiduciary duties;

C. Order ICCU to deliver the Manufacturer's Certificate of Origin (MCO) and lien-free title for the 2023 Toyota Sequoia, VIN 7SVAAABA8PX011784 within 14 days;

D. Order ICCU to correct all credit reports within 14 days and provide written proof of corrections;

E. An injunction preventing Defendants from any further negative credit reporting related to Plaintiff;

F. Statutory damages of $1,000 per FCRA violation, as provided by *15 U.S.C. § 1681n*;

G. Compensatory damages of at least $75,000 for financial loss and emotional distress;

COMPLAINT - 28

H. Punitive damages of $500,000 for willful misconduct, where applicable under Idaho State and Federal laws;

I. Additional punitive damages of $100,000 for ICCU's bad faith conduct in failing to uphold their BBB Standards for Trust, exacerbating Plaintiff's harm.

J. Actual damages, restitution, costs, and such other relief as the Court deems just;

K. Damages for ICCU's violation of the Federal Credit Union Act, including compensatory and punitive damages, in an amount to be assigned by the Court, but not less than $50,000.

L. Damages for ICCU's violation of the Idaho Unfair Claims Settlement Practices Act, including compensatory and punitive damages, in an amount to be assigned by the Court, but not less than $50,000.

M. Statutory damages of up to $10,000 per ECOA violation under 15 U.S.C. § 1691e(b), plus actual damages for ICCU's willful noncompliance.

N. Damages for ICCU's violation of Plaintiff's rights under Article I, §§ 18 and 21 of the Idaho Constitution, including compensatory and punitive damages, in an amount to be determined by the Court, but not less than $50,000.

O. Compensatory and punitive damages for Defendants' intentional infliction of emotional distress, in an amount to be proven at trial, but not less than $50,000.

P. Compensatory and punitive damages for Defendants' civil conspiracy, in an amount to be proven at trial, but not less than $75,000.

Q. Attorney's fees as permitted under Idaho Code § 48-608(5) for violations of the Idaho Consumer Protection Act, should Plaintiff retain counsel during the pendency of this action.

COMPLAINT - 29

R. A trial by jury on all issues so triable, pursuant to FRCP 38(b).

S. Any other relief the Court deems just and proper.

T. Compensatory damages for Defendants' fraud and constructive fraud under Count XVIII, including but not limited to financial losses from improper collection attempts, inflated payment demands, reputational harm from false credit reporting, and emotional distress caused by ICCU's fraudulent and unauthorized alteration of the Retail Installment Sale Contract and Negotiable Instrument, in an amount to be proven at trial but not less than $100,000; punitive damages of not less than $200,000 for ICCU's willful, oppressive, and fraudulent misconduct in altering the contract, concealing the alteration, and violating their duty of good faith under Idaho Code § 28-1-304, as warranted by Idaho Code § 6-1604; equitable relief, including discharge of any purported ICCU lien on the 2023 Toyota Sequoia, VIN 7SVAAABA8PX011784, and restoration of clear title and MCO to the rightful and lawful owner, the Rikur Private Irrevocable Trust, pursuant to Idaho Code § 28-3-407, § 28-9-317, and common-law principles of fraud and conversion; and restitution for unjust enrichment from ICCU's retention of $84,800.94 without delivering title, under *Stevenson v. Windermere Real Estate/Capital Grp., Inc.*, 152 Idaho 824, 275 P.3d 839 (2012).

DATED: March 25, 2025

Respectfully submitted in honor and in equity,

/s/ By:____Jason-Henry:Allen_____

COMPLAINT - 30

Jason-Henry:Allen – Beneficiary, Without Prejudice, All Rights Reserved

2600 East Seltice Way, Post Falls, Idaho 323-377-5620 Jason.Alistor@gmail.com

Plaintiff, In Propria Persona

# EXHIBITS

A.  Rikur Private Irrevocable Trust Agreement (August 26, 2022)

B.  First Demand, Notice of Tender, Demand For Title, Fully Indorsed Payment Coupons, Durable Power of Attorney, & Form 56 (December 1st 2024)

C. Second Demand (January 13th 2025)

D. Cease and Desist (March 5th 2025)

E. Executed Original Contract (October 18th 2024)

F. Indorsed Negotiable Instrument (October 18th 2024)

G. Fiduciary Appointment (February 27th 2025)

H. UCC 1 Finance Statement & Certificate of Title form ITD 3337 – Idaho DMV Letter (November 3rd 2024)

I. Debt Validation Demand & Intent to Litigate (February 23rd 2025)

COMPLAINT - 31

J. Personal Information, Intent, & Definitions

K. Altered contract pages after plaintiff signed (May 20th 2025)

L. Amended Original Complaint (This document)

M. Credit Reports

COMPLAINT - 32

**CERTIFICATE OF SERVICE**

I certify that on June ___4___, 2025, a true and correct copy of the foregoing was served via first-class mail, postage prepaid, to:

Kimbell D. Gourley

Jones Williams Fuhrman Gourley, P.A.

225 North 9th Street, Suite 820

Boise, Idaho 83701

/s/ Jason Henry Allen

COMPLAINT - 33

# EXHIBIT B

Jason-Henry:Allen Beneficiary
2600 East Seltice Way
#235
Post Falls, Idaho [83854]

Idaho Central Credit Union
Brian M. Barrett, CFO
4400 Central Way
Chubbuck, Idaho 83202

Idaho Central Credit Union
Brian M. Barrett, CFO
200 North 4th Street
Boise, Idaho 83702

RF8 1684098505

Postage $ ........... $2.31
Extra Services & Fees
Registered $ .......... $19.30
"Return Receipt
Hardcopy $ ........... $4.10
Certified Express
Restricted Delivery ... $0.00 Total Postage & Fees
Resiricted Date ....... $0.00  $25.71

Customer Must Declare    Received by
Full Value               12/03/2024
$ 00 $100.00

Extra Services & Fees
Signature Confirmation
Signature Confirmation
Restricted Delivery

FROM  JASON HENRY ALLEN
2600 East Seltice Way #235
Post Falls ID 83854

TO  Brian M Barrett
IDAHO CENTRAL CREDIT UNION
4400 Central Way
Chubbuck IDAHO 83202

PS Form 3806, Registered Mail Receipt          Copy 1 - Customer
April 2015, PSN 7530-02-000-9051          (See Information on Reverse)
For domestic delivery information, visit our website at www.usps.com

0835
10

## NOTICE OF TENDER
### PRIVATE AND CONFIDENTIAL

#### NOTICE TO AGENT IS NOTICE TO PRINCIPAL.
#### NOTICE TO PRINCIPAL IS NOTICE TO AGENT.

December 1, 2024

Re: Toyota Sequoia 2023 VIN 7SVAAABA8PX011784
Idaho Central Credit Union: Account #745384317

To Brian M. Berrett CFO, Et Al

This is a LEGAL NOTICE and not a letter.

Purpose: Since we have not received the clear title as of yet as referenced by the executed contract which is a negotiable security instrument. As this might be foreign to you we wanted to provide exact instructions on how to correctly handle and process the transaction. Utilizing your medallion stamp might also be advised for monetization of said security.

Please reference the received Registered Security related to the above mentioned asset transaction. You have received a perfected, executed, and properly indorsed negotiable instrument (copy attached) to satisfy any outstanding balance with interest and fees on 2023 Toyota Sequoia VIN # 7SVAAABA8PX011784 transacted through your agent George Gee

Cadillac Kia dealer #0047. Also included in this mail package, Beneficiary has enclosed a durable power of attorney, a fiduciary nomination, and a copy of the Negotiable Instrument executed on October 18th 2024. Please also be advised that this instrument is a lawful specie of payment under the Uniform Commercial Code in section 3-104 which must be used to credit / off-set the balance of the above account. The Negotiable Instrument is to be forwarded to your organization's banking partner, who in turn is to securitize the Instrument, deposit the appropriate amount into Treasury Direct Account #: G-509-840-052 (TDA ABA Routing # 051736158), and file Form 56F documenting the trustee action.

If there is any attempt to not fulfill your fiduciary duties, please be aware there is discharge under the Uniform Commercial Code section 3-603(b).

We are fully willing to work together with you and your banking institution to complete this transaction but be aware that any response except full compliance to performance of your fiduciary duties will result in legal action to secure remedy. Please be advised that the payment for the 2023 Toyota Sequoia plus interest has already been made, you are only to complete the process to satisfy and correct the balance. If applicable please submit an affidavit under the penalty of perjury and full commercial liability as to why you or your organization is exempt from any of these duties or the legislation as outlined.

Upon completion of fiduciary duties please provide written confirmation the account balance is zero.

Please send clean and clear title for 2023 Toyota Sequoia VIN # 7SVAAABA8PX011784 to the above mentioned mailing address.

We trust that this is to your satisfaction and that no claims will be made against JASON HENRY ALLEN Principal.

Enclosed in the received Registered Mail Package is the following:

Copy of Executed Securitized Negotiable Instrument
Durable Power of Attorney
Indorsed Payoff Coupon X2
Form 56 X2


Please be aware that we only desire a peaceful and mutually beneficial ongoing relationship.

This notice is being served pursuant to the Fair Debt Collections Practice Act (F.D.C.P.A.) and the Truth in Lending Act as well as other legislation included on the Notice of Acceptance of Presentment.

This transaction is to be executed and completed per Uniform Commercial Code

Article 3: Sections 3101-3406 and UCC 3-501, 502, 603, 409, 410, 411.

Yours without dishonor, ill will, or frivolity. All rights reserved. Non-assumpsit.
Errors and Omissions Excepted

Without prejudice, by:

By: _Jason Henry Allen_ _____

Jason-Henry:Allen
Agent on Behalf of Principal



**Idaho Central** CREDIT UNION

**Auto Loan Payoff Quote**

11/26/2024

JASON H ALLEN
2600 E SELTICE WAY #235
POST FALLS, ID 83854

Account #:  745384317

To Whom It May Concern:

Re:  JASON H ALLEN
2600 E SELTICE WAY
POST FALLS, ID 83854

Payoff on the above referenced loan is subject to change with advances or payments.

Payoff Amount: $ 85598.37
Per Diem: $ 15.02
Quoted payoff valid through: 12/16/2024

Please mail payoff to:

Idaho Central Credit Union
PO Box 2469
Pocatello, ID 83206

Please include the loan number and any special instructions for the title release. This payoff supersedes any previous payoff information quoted prior to the date of this letter.

Sincerely,

Cave Guevarra
TCCU Team Member

PAY TO THE ORDER OF:
IDAHO CENTRAL CREDIT UNION
BY: _____ /Agent
Agent For: JASON ALLEN
By Accommodation / Principle

EIGHTY FIVE THOUSAND FIVE HUNDRED NINETY EIGHT DOLLARS 37/100


**Idaho Central**
CREDIT UNION


Auto Loan Payoff Quote

11/26/2024

JASON H ALLEN

2600 E SELTICE WAY #235

POST FALLS, ID 83854

Account #: 745384317

To Whom It May Concern:

Re: JASON H ALLEN

2600 E SELTICE WAY

POST FALLS, ID 83854

Payoff on the above referenced loan is subject to change with advances or payments.

Payoff Amount: $ 85598.37
Per Diem: $ 15.02
Quoted payoff valid through: 12/16/2024

Please mail payoff to:

Idaho Central Credit Union
PO Box 2469
Pocatello, ID 83206

Please include the loan number and any special instructions for the title release. This payoff supersedes any previous payoff information quoted prior to the date of this letter.

Sincerely,

Cave Guevarra

ICCU Team Member

> PAY TO THE ORDER OF:
> *JASON HENRY ALLEN, REANIMATED PERSON*
> BY: *[signature]* /Agent
> Agent For: JASON ALLEN *WITHOUT RECOURSE*
> By Accommodation / Principle

*EIGHTY FIVE THOUSAND FIVE HUNDRED NINETY EIGHT DOLLARS 37/100*

 **Idaho Central** CREDIT UNION

11/26/2024

JASON H ALLEN

2600 E SELTICE WAY #235

POST FALLS, ID 83854

Account #: 745384317

To Whom It May Concern:

Re: JASON H ALLEN

2600 E SELTICE WAY

POST FALLS, ID 83854

Payoff on the above referenced loan is subject to change with advances or payments.

Payoff Amount: $ 85598.37
Per Diem: $ 15.02
Quoted payoff valid through: 12/16/2024

Please mail payoff to:

Idaho Central Credit Union
PO Box 2469
Pocatello, ID 83206

Please include the loan number and any special instructions for the title release. This payoff supersedes any previous payoff information quoted prior to the date of this letter.

Sincerely,

Cave Guevarra

ICCU Team Member

# ⅃AW 553-ID-eps 6/23

### RETAIL INSTALLMENT SALE CONTRACT
### SIMPLE FINANCE CHARGE

DEAL # 56475

CUST # 71483

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| JASON HENRY ALLEN<br>2600 E SELTICE WAY<br>POST FALLS, ID 83854<br>COUNTY: KOOTENAI<br>Cell: 323-377-5620<br>Email: JASON.ALISTOR@GMAIL.COM | N/A<br><br><br><br>Cell: N/A<br>Email: N/A | GEORGE GEE CADILLAC KIA<br>317 W DALTON AVE<br>COEUR D'ALENE, ID 83815<br><br>208-667-7416 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements in this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used | Year | Make and Model | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|
| USED | 2023 | TOYOTA<br>SEQUOIA | 7SVAAABA8PX011784 | Personal, family, or household unless otherwise indicated below<br>☐ business<br>☐ agricultural   ☐ __N/A__ |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $0.00 is |
|---|---|---|---|---|
| 6.49 % | $ 18058.18 | $ 84700.94 | $ 102759.12 | $ 102759.12 |

Returned Payment Charge: You agree to pay a charge of $ ___20.00___ if any check or any electronic payment you give us is dishonored.

### Your Payment Schedule Will Be:
(e) means an estimate

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | $ 1427.21 | MONTHLY   beginning   12/02/2024 |
| N/A | $ N/A | N/A |
| N/A | | |

Late Charge. If payment is not received in full within __10__ days after it is due, you will pay a late charge of $ __15.00__ or __5__ % of the part of the payment that is late, whichever is __greater__.

Prepayment. If you pay early, you will not have to pay a penalty.

Security Interest. You are giving a security interest in the vehicle being purchased.

Additional Information: See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

The preceding NOTICE applies only to goods or services obtained primarily for personal, family or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

Used Car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.

Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

☐ VENDOR'S SINGLE INTEREST INSURANCE (VSI insurance): If the preceding box is checked, the Creditor requires VSI insurance for the initial term of the contract to protect the Creditor for loss or damage to the vehicle (collision, fire, theft, concealment, skip). VSI insurance is for the Creditor's sole protection. This insurance does not protect your interest in the vehicle. You may choose the insurance company through which the VSI insurance is obtained. If you elect to purchase VSI insurance through the Creditor, the cost of this insurance is $ _____ and is also shown in Item 4B of the Itemization of Amount Financed. The coverage is for the initial term of the contract.

104657*1*GGC-FI

10/18/2024   07:00 pm

Buyer Signs X _____   Co-Buyer Signs X   N/A

SEASON HENRY ALLEN

LAW 553-ID-eps 6/23 v1   Page 1 of 4

ITEMIZATION OF AMOUNT FINANCED

1 Cash Price (including $ ___4493.94___ sales tax)      $ ___79392.94___ (1)

2 Total Downpayment =

   Trade-In _____ N/A _____
       (Year)     (Make)       (Model)

   Gross Trade-In Allowance              $ ___N/A___
   Less Pay Off Made By Seller to __N/A__      $ ___N/A___
   Equals Net Trade In                  $ ___N/A___
   + Cash                          $ ___N/A___
   + Other __N/A__                 $ ___N/A___
   + Other __N/A__                 $ ___N/A___
   + Other __N/A__                 $ ___N/A___
   (If total downpayment is negative, enter "0" and see 4J below)    $ ___0.00___ (2)

3 Unpaid Balance of Cash Price (1 minus 2)      $ ___79392.94___ (3)

4 Other Charges Including Amounts Paid to Others on Your Behalf
(Seller may keep part of these amounts):

  A Cost of Optional Credit Insurance Paid to Insurance Company or Companies.
    Life                    $ ___N/A___
    Disability           $ ___N/A___      $ ___N/A___
  B Vendor's Single Interest Insurance Paid to Insurance Company    $ ___N/A___
  C Other Optional Insurance Paid to Insurance Company or Companies    $ ___N/A___
  D Optional Gap Contract                895.00
  E Official Fees Paid to Government Agencies      $ ___N/A___
  F Government Taxes Not Included in Cash Price      $ ___N/A___
  G Government License and/or Registration Fees
    __N/A__
    __N/A__                     $ ___N/A___
  H Government Certificate of Title Fees      $ ___19.00___
  I Optional Service Contract** Paid to
    PROSIDIUM VSC               3995.00
  J Other Charges (Seller must identify who is paid and describe purpose)
    to _____ for Prior Credit or Lease Balance    $ ___N/A___
    to GEORGE GEE CADILLAC KIA for DOCUMENTATION FEE    $ ___399.00___
    to N/A    for N/A      $ ___N/A___
    to N/A    for N/A      $ ___N/A___
    to N/A    for N/A      $ ___N/A___
    to N/A    for N/A      $ ___N/A___
    to N/A    for N/A      $ ___N/A___
    to N/A    for N/A      $ ___N/A___
    to N/A    for N/A      $ ___N/A___

Total Other Charges and Amounts Paid to Others on Your Behalf    $ ___5308.00___ (4)

5 Amount Financed (3 + 4)      $ ___84700.94___ (5)

**Purchase of an optional Service Contract is not required either to purchase or to obtain financing for the Vehicle.

OPTION: ☐ You pay no finance charge if the Amount Financed, item 5, is paid in full on or before _____ , Year ___N/A___ . SELLER'S INITIALS ___N/A___

OPTIONAL GAP CONTRACT. A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 4D of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term ___72___ Mos.    PROSIDIUM GAP
                       Name of Gap Contract
I want to buy a gap contract.
Buyer Signs X _(signature)_ WITHOUT RECOURSE
PAY TO THE ORDER SIMON HEADLY ALLEN
12 UCC MY

Buyer Signs X _(signature)_      Co-Buyer Signs X ___N/A___

104657*1*GGC-FI

---

Insurance. You may buy the physical damage insurance this contract requires from anyone you choose who is acceptable to us. You may also provide the physical damage insurance through an existing policy owned or controlled by you that is acceptable to us. You are not required to buy any other insurance to obtain credit unless the box indicating Vendor's Single Interest Insurance is required is checked on page 1.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

### Check the Insurance you want and sign below:
### Optional Credit Insurance

☐ Credit Life: ☐ Buyer ☐ Co-Buyer ☐ Both
☐ Credit Disability: ☐ Buyer ☐ Co-Buyer ☐ Both

Premium:
  Credit Life $ ___N/A___
  Credit Disability $ ___N/A___
Insurance Company Name ___N/A___
                   ___N/A___
Home Office Address ___N/A___
                   ___N/A___

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not to buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 4A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

### Other Optional Insurance

☒ VEH. SERV. CONT.      ___ MOS.
  Type of Insurance             Term
Premium $ ___3995.00___
Insurance Company Name ___N/A___
  ___N/A___
Home Office Address ___N/A___

☐ ___N/A___      ___N/A___
  Type of Insurance          Term
Premium $ ___N/A___
Insurance Company Name ___N/A___
Home Office Address ___N/A___

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost.

I want the insurance checked above.
X _(signature)_      10/18/2024
Buyer Signature              Date
X ___N/A___      10/18/2024
Co-Buyer Signature         Date

THIS INSURANCE DOES NOT INCLUDE INSURANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE CAUSED TO OTHERS. WITHOUT SUCH INSURANCE YOU MAY NOT OPERATE THIS VEHICLE ON PUBLIC HIGHWAYS.

# OTHER IMPORTANT AGREEMENTS

## 1. FINANCE CHARGE AND PAYMENTS

**a. How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.

**b. How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose as the law allows.

**c. How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on page 1 of this contract on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

**d. You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

**e. Your right to refinance a balloon payment.** A balloon payment is a scheduled payment that is more than twice as large as the average of your earlier scheduled payments. If you are buying the vehicle primarily for personal, family, or household use, you have the right to refinance the balloon payment when due without penalty. The terms of the refinancing will be no less favorable to you than the terms of this contract. This provision does not apply if we adjusted your payment schedule to your seasonal or irregular income.

## 2. YOUR OTHER PROMISES TO US

**a. If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

**b. Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

**c. Security Interest.**

You give us a security interest in:
- The vehicle and all parts or goods put on it;
- All money or goods received (proceeds) for the vehicle;
- All insurance, maintenance, service or other contracts we finance for you; and
- All proceeds from insurance, maintenance, service or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.

**d. Insurance you must have on the vehicle.** You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. You agree to name us on your insurance policy as loss payee. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium for the insurance and a finance charge computed at the Annual Percentage Rate shown on page 1 of this contract, or, at our option, the highest rate the law permits.

If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

**e. What happens to returned insurance, maintenance, service, or other contract charges.** If we obtain a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

## 3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES

**a. You may owe late charges.** You will pay a late charge on each late payment as shown on page 1 of this contract. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments.

If you pay late, we may also take the steps described below.

**b. You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all that you owe on this contract at once. Default means:
- You do not pay any payment on time; or
- You give false, incomplete, or misleading information during credit application, you start a proceeding in bankruptcy or one is started against you or your property, or you break any agreements in this contract, except that if you bought the vehicle primarily for personal, family, or household purposes, we will only treat these events as defaults if they significantly impair the prospect of payment, performance, or realization of the collateral.

The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

**c. You may have to pay collection costs.** If we hire an attorney who is not our salaried employee to collect what you owe, you will pay the attorney's reasonable fee and court costs, as the law allows. You will also pay any reasonable collection costs we incur to enforce our security interest, as the law allows.

**d. We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device (such as GPS), you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you. If you do not ask for these items back, we may dispose of them as the law allows.

**e. How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). We will tell you how much to pay to redeem. Your right to redeem ends when we sell the vehicle.

i. We will sell the vehicle if you do not get it back. If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.
We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us unless the law provides otherwise. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.

g. **What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, you agree that we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

4. **WARRANTIES SELLER DISCLAIMS**
Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.
This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

5. **SERVICING AND COLLECTION CONTACTS**
In consideration of our extension of credit to you, you agree to provide us your contact information for our servicing and collection purposes. You agree that we may use this information to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you. You agree to allow our agents and service providers to contact you as agreed above.
You agree that you will, within a reasonable time, notify us of any change in your contact information.

6. **APPLICABLE LAW**
Federal law and the law of the state of Idaho apply to this contract.

7. **NEGATIVE CREDIT REPORT NOTICE**
We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

---

**The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.**

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding. Buyer Signs X _Joseph William Allen_ Co-Buyer Signs X _N/A_
If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.
See the rest of this contract for other important agreements.

**NOTICE TO RETAIL BUYER: Do not sign this contract in blank. You are entitled to a copy of the contract at the time you sign. Keep it to protect your legal rights.**

You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You confirm that you received a completely filled-in copy when you signed it.

Buyer Signs X _Joseph William Allen_ Date _10/18/2024_ Co-Buyer Signs X _N/A_ Date _N/A_
Buyer Printed Name _JASON HENRY ALLEN_ Co-Buyer Printed Name _N/A_
If the "business" use box is checked in "Primary Use for Which Purchased": Print Name _N/A_ Title _N/A_

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.
Other owner signs here X _N/A_ Address _N/A_
Seller signs X _GEORGE GEE CADILLAC KIA_ Date _10/18/2024_ By X _____ Title _F&I MGR_

Seller assigns its interest in this contract to **POTLATCH #1 FINANCIAL CREDIT UNION** (Assignee) under the terms of Seller's agreement(s) with Assignee.
☐ Assigned with recourse [X] Assigned without recourse ☐ Assigned with limited recourse
Seller _GEORGE GEE CADILLAC KIA_
By X _____ Title _F&I MGR_

**LAW** FORM NO. 553-ID-eps (REV 6-23)
©2023 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.
104657*1*GGC-FI

Form **56**
(Rev. November 2022)
Department of the Treasury
Internal Revenue Service

# Notice Concerning Fiduciary Relationship
(Internal Revenue Code Sections 6036 and 6903)

Go to *www.irs.gov/Form56* for instructions and the latest information.

OMB No. 1545-0013

**Part I    Identification**

| Name of person for whom you are acting (as shown on the tax return) | Identifying number | Decedent's social security no. |
|---|---|---|
| JASON HENRY ALLEN | 617170683 | |

Address of person for whom you are acting (number, street, and room or suite no.)
**2600 East Seltice Way # 235**

City or town, state, and ZIP code (if a foreign address, see instructions.)
**POST FALLS, IDAHO 83854**

Fiduciary's name
Brian H Jarrett

Address of fiduciary (number, street, and room or suite no.)
**4400 CENTRAL WAY**

City or town, state, and ZIP code
**CHUBBUCK, IDAHO 83202**

Telephone number (optional)
( **208** )    **241-7725**

## Section A.  Authority

1    Authority for fiduciary relationship. Check applicable box:
a  ☐ Court appointment of testate estate (valid will exists)
b  ☐ Court appointment of intestate estate (no valid will exists)
c  ☐ Court appointment as guardian or conservator
d  ☐ Fiduciary of intestate estate
e  ☐ Valid trust instrument and amendments
f  ☐ Bankruptcy or assignment for the benefit of creditors
g  ☑ Other. Describe:  **All transactions related to account number 745384317 and 2023 Toyota Sequoia VIN 7SVAAABA6PX011784**

2a   If box 1a, 1b, or 1d is checked, enter the date of death:
b   If box 1c, 1e, 1f, or 1g is checked, enter the date of appointment, taking office, or assignment or transfer of assets:  **October 18th 2024**

## Section B.  Nature of Liability and Tax Notices

3    Type of taxes (check all that apply):  ☐ Income   ☐ Gift   ☐ Estate   ☐ Generation-skipping transfer   ☐ Employment
☐ Excise   ☐ Other (describe):
4    Federal tax form number (check all that apply):  a ☐ 706 series   b ☐ 709   c ☐ 940   d ☐ 941, 943, 944
e ☐ 1040 or 1040-SR   f ☐ 1041   g ☐ 1120   h ☐ Other (list):
5    If your authority as a fiduciary does not cover all years or tax periods, check here
and list the specific years or periods within your authority:   ☐

For Paperwork Reduction Act and Privacy Act Notice, see separate instructions.

Cat. No. 16375I

Form **56** (Rev. 11-2022)

## Part II    Revocation or Termination of Notice

### Section A—Total Revocation or Termination

**6**    Check this box if you are revoking or terminating all prior notices concerning fiduciary relationships on file with the Internal Revenue Service for the same tax matters and years or periods covered by this notice concerning fiduciary relationship   .   .   ☐

     Reason for termination of fiduciary relationship. Check applicable box:

**a**    ☐   Court order revoking fiduciary authority

**b**    ☐   Certificate of dissolution or termination of a business entity

**c**    ☐   Other. Describe: _____

_____

### Section B—Partial Revocation

**7a**   Check this box if you are revoking earlier notices concerning fiduciary relationships on file with the Internal Revenue Service for the same tax matters and years or periods covered by this notice concerning fiduciary relationship   .   .   .   .   .   ☐

**b**    Specify to whom granted, date, and address, including ZIP code.

_____

_____

### Section C—Substitute Fiduciary

**8**    Check this box if a new fiduciary or fiduciaries have been or will be substituted for the revoking or terminating fiduciary and specify the name(s) and address(es), including ZIP code(s), of the new fiduciary(ies)   .   .   .   .   .   ☐

_____

## Part III    Court and Administrative Proceedings

| Name of court (if other than a court proceeding, identify the type of proceeding and name of agency) | Date proceeding initiated |
|---|---|
| Address of court | Docket number of proceeding |

| City or town, state, and ZIP code | Date | Time | ☐ a.m.   ☐ p.m. | Place of other proceedings |
|---|---|---|---|---|

## Part IV    Signature

**Please Sign Here**

Under penalties of perjury, I declare that I have examined this document, including any accompanying statements, and to the best of my knowledge and belief, it is true, correct, and complete.

_____     **Agent for the Principal, Beneficiary**

Fiduciary's signature                      Title, if applicable            Date

# AFFIDAVIT OF TRUTH

## IN THE NATURE OF SUPPLEMENTAL RULES FOR ADMINISTRATIVE AND MARITIME CLAIMS RULES C(6)

Grant of exclusive power of attorney to conduct all
tax, business, and legal affairs of principal person.

# POWER OF ATTORNEY IN FACT

JASON H. ALLEN, JASON HENRY ALLEN, ALLEN, JASON H, or any derivative name thereof, **DEBTOR / principal person / *ens legis* Trust / corporate fiction**, located at 2600 East Seltice Way, Post Falls, Idaho [83854], does hereby appoint Jason-Henry: Allen (also stylized as "First-Middle: Last"), **a Living Soul / Secured Party / Creditor**, as **Agent** with **Power of Attorney in Fact**, located at 47.722820 latitude -116.944980 longitude (non-domestic), to take exclusive charge of, to manage, and to conduct all of the tax, business, and legal affairs and to act in the name and place of the DEBTOR without limitation on the powers necessary to carry out this exclusive purpose of Attorney in Fact as authorized herein:

**(a)** to take possession of, to hold, and to manage real estate and all other property;

**(b)** to receive money or property paid or delivered to the DEBTOR from any source;

**(c)** to deposit funds in, to make withdrawals from, or to sign checks or drafts against any account standing in the name of the DEBTOR individually or jointly in any bank or other depository; to cash coupons, bonds, or certificates of deposits; to endorse checks, notes, or other documents in said legal name; to have access to and to place items in or remove them from any safety deposit box standing in the DEBTOR's name individually or jointly, and to conduct any other bank transactions or business;

**(d)** to pay the just debts and expenses of the DEBTOR, including reasonable expenses incurred by the Attorney in Fact in exercising this exclusive power of attorney;

**(e)** to retain any investments and to invest in stocks, bonds, securities, or real estate or other property;

**(f)** to give general and special proxies or to exercise rights of conversion or rights with respect to shares or securities; to deposit shares or securities with or to transfer them to protective committees or similar bodies; to join any reorganization and pay assessments or subscriptions called for in connection with shares or securities;

**(g)** to sell, to exchange, to lease, to give options, and to make contracts concerning real estate or other property for such considerations and on such terms as the Attorney in Fact may consider prudent;

**(h)** to settle boundary lines, easements, and other rights with respect to real estate;

**(i)** to improve or to develop real estate; to construct, to alter, or to repair building structures and appurtenances or real estate; to settle boundary lines, easements, and other rights with respect to real estate; to plant, to cultivate, to harvest, and to sell or otherwise dispose of crops and timber and to do all things necessary or appropriate for good husbandry;

**(j)** to provide for the use, maintenance, repair, security, or storage of tangible property in the DEBTOR's legal name above; and

**(k)** to purchase and maintain such policies of insurance against liability, fire, casualty, or other risks as the Attorney in Fact may consider prudent.

The **Agent / Living Soul / Secured Party / Creditor**, Jason-Henry: Allen, is hereby authorized by law to act for and in control of the **DEBTOR**, JASON HENRY ALLEN (or any derivative name thereof). In addition, through the exclusive power of attorney, the undersigned Attorney in Fact is authorized to contract for all business and legal affairs of the **principal person**, JASON HENRY ALLEN.

The term "exclusive" shall be construed to mean that only the Attorney in Fact may obligate the principal person to these matters while these powers are in force, and the capacity to obligate the DEBTOR with regard to the same is hereby revoked and forfeited by any other party. The grant of this exclusive power is irrevocable during the lifetime of the **Attorney in Fact** until further notice from the undersigned.

Executed and sealed by the voluntary act of my own hand on this _2_ day of December, 2024.

As this is executed without the UNITED STATES, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Without prejudice, U.C.C. § 1-308.

I, the undersigned, exclusive Attorney in Fact, do hereby accept the fiduciary interest of the DEBTOR named herein and will execute the herein-granted powers with due diligence.

By: _____

**Jason-Henry: Allen, Agent,**
**Attorney in Fact with the Autograph**

**Witnesses**

_____
Witness Signature # 1

_____
Printed Name

_____
Witness Signature # 2

_____
Printed Name

**NOTICE**

Using a notary on this document does not constitute any adhesion, nor does it alter my status in any manner. The purpose for notarization is verification and identification only and not for entrance into any foreign jurisdiction.

## JURAT

Kootenai County          )
                         )   ss:
Idaho State              )

Before me, the undersigned, _Kimberly Cummings_____, a Notary Public in and for said county and state, personally appeared Jason-Henry: Allen, known to me to be fully competent and of legal age to state the aforementioned, and has acknowledged that he/she has executed the same. Subscribed and affirmed before me this __2__ day of December, 2024.


_Kimberly Cummings_____
Notary Signature

Notary Seal:

```
KIMBERLY CUMMINGS
Notary Public - State of Idaho
Commission Number 47508
My Commission Expires Jun 30, 2030
```

My Commission Expires: _June 30, 2030_

ALERT: EFFECTIVE NOVEMBER 29, 2024, INTERNATIONAL MAIL SERVICE TO CANADA IS TEM...

# USPS Tracking®

FAQs >

Remove ✕

Tracking Number:

# RF816840985US

Copy          Add to Informed Delivery (https://informeddelivery.usps.com/)

## Latest Update

Your item was delivered to an individual at the address at 9:32 am on December 10, 2024 in POCATELLO, ID 83202.

## Delivered

**Delivered, Left with Individual**
POCATELLO, ID 83202
December 10, 2024, 9:32 am

See All Tracking History

**What Do USPS Tracking Statuses Mean? (https://faq.usps.com/s/article/Where-is-my-package)**

Text & Email Updates                                                    ⌄

Product Information                                                      ⌄

See Less ⌃

Track Another Package

Enter tracking or barcode numbers

# EXHIBIT C

**<u>Via Registered and Regular Mail</u>**

Jason-Henry:Allen Beneficiary
2600 East Seltice Way
#235
Post Falls, Idaho [83854]

Idaho Central Credit Union
Tommy Butler
200 North 4th Street
Boise, Idaho 83702

Kimball D. Gourley
225 North 9th Street
Suite 820
Boise, ID 83701

Date January 13th 2025

Re:   *Idaho Central Credit Union*
      *Demand on Loan - Account No. 745384317*
      *2023 Toyota Sequoia*



Dear Mr Gourley,

We are writing in response to your letter dated December 20th 2024 and received on January 13th 2025 regarding the alleged default on a Retail Installment Sale Contract with Idaho Central Credit Union ("ICCU"). We strongly dispute the allegations made in your letter and assert that the debt has been paid in full and furthermore your client is engaged in illegal and unlawful acts.

As evidence, we have attached receipts confirming the payment of the debt in its entirety. Despite this, ICCU's continued demands for payment constitute fraud, violation of state, violation of federal laws, and blatant breach of contract.

Be advised that ICCU and its agents are believed to have purloined with the security(s) provided relating to 2023 Toyota Sequoia and account number 745384317. If this matter is not resolved immediately we will be required to report these actions pursuant to the Securities Exchange Act of 1934 and 15 U.S.C. 78(d)

Be advised that Mr. Brian M. Barrett has not fulfilled his fiduciary duties as outlined in the attached documents received by Mr. Barrett's wet ink signature on December 10th 2024. Failure to complete these duties are a direct violation of 12 USC 504 and Mr. Barrett is liable for significant fines.

Your letter's attempt to intimidate into paying an obligation that has already been settled in full is unacceptable. We request that ICCU immediately update its records to reflect the paid-in-full status of the account and cease all further collection activities. This includes forwarding the free and clear title to the above mailing location.

Be aware that proof of validity of the alleged debt has already been submitted in writing.

Furthermore, we take issue with the threat of attorney's fees and costs. As the debt obligation has been paid, ICCU has no legal basis for pursuing such fees.

If ICCU and its agents simply do not have the knowledge or experience with how to perform their duties then they need to simply state as much and we are more than happy to assist where we can.

We demand a written confirmation within 14 days from the date of this letter, acknowledging the payment of the debt in full and confirming that all collection activities have been terminated.

Please be advised that we will seek legal action, including damages, if ICCU continues to commit fraud and not perform on the contract related to Account No. 745384317.

Sincerely,

/s/Jason-Henry:Allen

cc: Idaho Central Credit Union
Attachments: Receipts confirming payment of debt in full

**ALERT: WINTER STORMS IN THE MIDWEST THROUGH THE NORTHEAST U.S. MAY DELAY FIN...**

# USPS Tracking®

FAQs >

Tracking Number:

## RF816840968US

Copy          Add to Informed Delivery (https://informeddelivery.usps.com/)

### Latest Update

Your item was delivered to an individual at the address at 1:00 pm on January 23, 2025 in BOISE, ID 83702.

### Delivered
**Delivered, Left with Individual**
BOISE, ID 83702
January 23, 2025, 1:00 pm

See All Tracking History

**What Do USPS Tracking Statuses Mean? (https://faq.usps.com/s/article/Where-is-my-package)**

Text & Email Updates                                                    ⌄

Product Information                                                      ⌄

See Less ∧

Track Another Package

Enter tracking or barcode numbers