Kimbell D. Gourley / ISB #3578
JONES♦WILLIAMS♦FUHRMAN♦GOURLEY, P.A.
The 9th & Idaho Center
225 North 9th Street, Suite 820
P.O. Box 1097
Boise, ID  83701
Telephone: (208) 331-1170
Facsimile: (208) 331-1529
Email:  *kgourley@idalaw.com*

*Attorneys for Defendants/Counterclaimant,
Idaho Central Credit Union and Brian M. Berrett*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON HENRY ALLEN, Individually and as Trustee of Rikur Private Irrevocable Trust,<br><br>Plaintiff,<br><br>vs.<br><br>IDAHO CENTRAL CREDIT UNION, and BRIAN M. BERRETT,<br><br>Defendants. | Case No.:  2:25-cv-00172-AKB<br><br>**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FRCP 12(b)(6) & (c) [Dkt. 20]** |
| IDAHO CENTRAL CREDIT UNION,<br><br>Counterclaimant,<br><br>vs.<br><br>JASON HENRY ALLEN, Individually and as Trustee of Rikur Private Irrevocable Trust,<br><br>Counter Defendants. | |

COME NOW the Defendants/Counterclaimant, the Idaho Central Credit Union ("ICCU") and Brian M. Berrett ("Berrett"), by and through their counsel of record Jones Williams Fuhrman Gourley, P.A., and submit this reply memorandum in support of their Motion to Dismiss and Motion for Judgment on the Pleadings  Pursuant to FRCP 12(b)(6) & (c) [Dkt. 20].

# I.  Introduction

ICCU and Mr. Berrett have moved the court to dismiss Counts VIIM VIII, IX, XI, XII, XIII, XIV, XV, XV1, and XVII of Plaintiffs' complaint [Dkt. 20]. These claims are identified hereinbelow. Plaintiffs in response filed Plaintiff's Opposition to Defendants' Motion to Dismiss [DKT. 28} and a Memorandum for Plaintiff's Opposition to Defendants' Motion to Dismiss [Dkt. 28-1]. However, Plaintiffs do not argue that ICCU and Mr. Berrett's analysis or legal authority is in error or inapplicable. Rather, Plaintiffs either state that the claims should be treated as being a different type of claim or the Plaintiffs' argue facts not in the record or stated in their complaint in an effort to state a prima facie case. Neither of these arguments is appropriate or sufficient to withstand the pending motions to dismiss.

No matter how Plaintiffs attempt to characterize the subject transaction and attempt to assert wrongdoing on the part of ICCU and Mr. Berrett, this is and always has been a simple Vehicle purchase by Mr. Allen from George Gee Cadillac Kia, with ICCU being assigned the promissory note by George Gee Cadillac Kia. Mr. Allen simply asserts he gets to keep the Vehicle and not pay for it based upon a theory that he indorsed the promissory note and transferred it to ICCU as payment in full of the loan obligation. There is no legal support for this theory and Plaintiffs have provided no legal authority in support of this indorsement theory. The lending industry would come to a crashing halt if borrowers/makers could pay off loan obligations simply by indorsing the subject promissory note to the lender/payee that already holds it. No monetary payments would ever be made and the lenders would never recover their loan funds.

## II. Summary of Claims Subject to the Motion to Dismiss and Motion for Judgment on the Pleadings

**Plaintiffs' Claims**

| COUNTS | DESCRIPTION OF CLAIMS | PARTY(S) AGAINST WHOM THE CLAIM IS ASSERTED |
|---|---|---|
| COUNT VII | Violation of 18 USC Section 1001 (False Statements) | ICCU |
| COUNT VIII | Violation of 18 USC Section 1341 (Mail Fraud) | ICCU |
| COUNT IX | Violation of 18 USC Section 1343 (Wire Fraud) | ICCU |
| COUNT XI | Violation of BBB Standards for Trust and Bad Faith Conduct | ICCU |
| COUNT XII | Violation of the Federal Credit Union Act (12 USC Section 1751 et. seq.) | ICCU |
| COUNT XIII | Violation of Idaho Unfair Claims Settlement Practices Act (Idaho Code Section 41-1301 et. seq.) | ICCU |
| COUNT XIV | Violation of the Equal Credit Opportunity Act (15 USC Sectio 1691) | ICCU |
| COUNT XV | Violation of Idaho Constitution | ICCU |
| COUNT XVI | Intentional Infliction of Emotional Distress | ICCU & Berrett |
| COUNT XVII | Civil Conspiracy | ICCU & Berrett |

In addition, ICCU and Mr. Berrett are seeking the court to dismiss or strike all requests for an award of punitive damages because such requests are in violation of Idaho Code §6-1604. Also, the Plaintiffs did not sign the complaint in compliance with FRCP 11, and the only signature is by a

beneficiary and such signature is "without recourse". If the Plaintiffs have failed to comply with FRCP 11, the complaint should be dismissed.

### III. Counts VII, VIII, and IX

**Counts VII, VIII, and IX of Plaintiffs' complaint are described as follows:**

| | | |
|---|---|---|
| **COUNT VII** | **Violation of 18 USC Section 1001 (False Statements)** | ICCU |
| **COUNT VIII** | **Violation of 18 USC Section 1341 (Mail Fraud)** | ICCU |
| **COUNT IX** | **Violation of 18 USC Section 1343 (Wire Fraud)** | ICCU |

ICCU and Mr. Berrett cited the court legal authority that no private cause of action exists as to the claims asserted. Plaintiffs do not dispute there is no private cause of action, but rather assert the claims are based upon common-law fraud. The allegations in Plaintiffs' complaint do not reference a claim for common law fraud and do not set forth a prima facie case for the nine elements to a common-law fraud claim in relation to the cited statutes. Thus, the claims should be dismissed.

### IV. Counts XI and XII

**Counts XI and XII of Plaintiffs' complaint are described as follows:**

| | | |
|---|---|---|
| **COUNT XI** | **Violation of BBB Standards for Trust and Bad Faith Conduct** | ICCU |
| **COUNT XII** | **Violation of the Federal Credit Union Act (12 USC Section 1751 et. seq.)** | ICCU |

ICCU and Mr. Berrett cited the court legal authority that no private cause of action exists as to these claims asserted. Plaintiffs again do not dispute there is no private cause of action, but rather assert

the claims are based upon a breach of the implied covenant of good faith and fair dealing.. The allegations in Counts XI and XII of Plaintiffs' complaint do not reference a claim for breach of the implied covenant of good faith and fair dealing and do not set forth a prima facie case for such a claim. "A violation of the implied covenant is a breach of contract. It does not result in a cause of action separate from the breach of contract claims." *Saint Alphonsus Diversified Care*, 157 Idaho at 120, 334 P.3d at 794. [Drug Testing Compliance Grp., LLC v. DOT Compliance Serv., 161 Idaho 93, 103 n.5, 383 P.3d 1263, 1273 (2016)](). Thus, the claims should be dismissed.

## V. Count XIII

Count XIII of Plaintiffs' complaint is described as follows:

| COUNT XIII | Violation of Idaho Unfair Claims Settlement Practices Act (Idaho Code Section 41-1301 et. seq.) | ICCU |
|---|---|---|

This claim relates to "insurance" and there is no reference to insurance anywhere in Plaintiffs' complaint. Plaintiffs respond by stating this really is a claim asserting a violation of the Idaho Consumer Protection Act, but Count IV already sets forth a claim pursuant to the Idaho Consumer Protection Act so this claim should be dismissed.

## VI.

## VII. Count XIV

Count XIV of Plaintiffs' complaint is described as follows:

| COUNT XIV | Violation of the Equal Credit Opportunity Act (15 USC Sectio 1691) | ICCU |
|---|---|---|

ICCU and Mr. Berrett set forth that the Plaintiffs' did not plead and cannot establish the prima facie elements to a claim pursuant to the Equal Credit Opportunity Act. There was no

discrimination and Mr. Allen was granted the vehicle loan he requested. Plaintiffs again do not refute this argument but simply respond by stating that ICCU's conduct warrants discovery. Again this claim should be dismissed.

## VIII.   Count XV

Count XV of Plaintiffs' complaint is described as follows:

| **COUNT XV** | **Violation of Idaho Constitution** | ICCU |
|---|---|---|

ICCU and Mr. Berrett have asserted that even when the court deems all of the allegations made by Plaintiffs to be true, the allegations do not set forth a violation of the Idaho Constitution or identify a claim upon which relief may be granted. Plaintiffs respond by simply arguing without any authority that ICCU's retention of the security interest on the Vehicle title constitutes a deprivation of property rights and is actionable in equity. There is no such equitable action pled or inexistence relating to the Idaho Constitution and the claim should be dismissed.

## IX.    Count XVI

Count XVI of Plaintiffs' complaint is described as follows:

| **COUNT XVI** | **Intentional Infliction of Emotional Distress** | ICCU & Berrett |
|---|---|---|

ICCU and Mr. Berrett again cited to the court that the Plaintiffs' did not allege in the complaint and cannot establish the required prima facie elements to this claim. Specifically, the alleged emotional distress must be accompanied by physical injury or physical manifestations of injury. Plaintiffs respond by ignoring the physical injury element entirely and just arguing extreme and outrageous conduct. Again, this claim should be dismissed.

## X.      Count XVII

Count XVII of Plaintiffs' complaint is described as follows:

| COUNT XVII | Civil Conspiracy | ICCU & Berrett |
|---|---|---|

ICCU and Mr. Berrett cited to the court that such a claim does not exist in Idaho. Plaintiffs' response does not address this legal issue and the claim should be dismissed.

## XI.     Punitive Damages and Violation of FRCP 11

ICCU and Mr. Berrett have also moved the court to dismiss the claim for punitive damages and to dismiss the complaint for failure to comply with FRCP 11. Plaintiffs do not address their procedural non-compliance as to punitive damages and FRCP 11. Dismissal is appropriate as requested.

DATED this ___ day of June, 2025.

JONES WILLIAMS FUHRMAN GOURLEY, P.A.

 */s/ Kimbell D. Gourley*
KIMBELL D. GOURLEY
Attorneys for Defendants/Counterclaimant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the ____ day of June, 2025, a true and correct copy of the foregoing document was filed with the Clerk of the Court using the CM/ECF System.

I certify that the following listed non-registered CM/ECF participants were served a copy of the foregoing by first class mail, postage prepaid, addressed to:

Jason Henry Allen, individually and as
trustee of the Rikur Private Irrevocable
Trust,
2600 East Seltice Way
Post Falls, Idaho 83854


                               */s/ Kimbell D. Gourley*
                               Kimbell D. Gourley