Kimbell D. Gourley / ISB #3578
JONES♦WILLIAMS♦FUHRMAN♦GOURLEY, P.A.
The 9th & Idaho Center
225 North 9th Street, Suite 820
P.O. Box 1097
Boise, ID 83701
Telephone: (208) 331-1170
Facsimile: (208) 331-1529
Email: *kgourley@idalaw.com*

*Attorneys for Defendants/Counterclaimant,
Idaho Central Credit Union and Brian M. Berrett*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON HENRY ALLEN, Individually and as Trustee of Rikur Private Irrevocable Trust,<br><br>Plaintiff,<br><br>vs.<br><br>IDAHO CENTRAL CREDIT UNION, and BRIAN M. BERRETT,<br><br>Defendants. | Case No.: 2:25-cv-00172-AKB<br><br>**OBJECTION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND STAY [Dkt. 32]** |
| IDAHO CENTRAL CREDIT UNION,<br><br>Counterclaimant,<br><br>vs.<br><br>JASON HENRY ALLEN, Individually and as Trustee of Rikur Private Irrevocable Trust,<br><br>Counter Defendants. | |

COME NOW the Defendants/Counterclaimant, the Idaho Central Credit Union ("ICCU") and Brian M. Berrett ("Berrett"), by and through their counsel of record Jones Williams Fuhrman Gourley, P.A., and object to and oppose the Plaintiffs' Motion to Preliminary Injunction and Stay [Dkt. 32]. This objection is made on the following grounds and for the following reasons:

## I. Introduction:

This case relates to a Retail Installment Sale Contract dated October 18, 2024, executed by Jason Henery Allen, as purchaser/borrower, and George Gee Cadillac Kia, as seller/lender for the purchase of a 2023 Toyota Sequoia (the "Vehicle Contract"). Pursuant to the Vehicle Contract, Mr. Allen financed $84,700.94. George Gee Cadillac Kia originally anticipated assigning the Vehicle Contract to Potlatch #1 Financial Credit Union, but for reasons not in the evidentiary record Potlatch #1 Financial Credit Union was not assigned the Vehicle Contract and instead George Gee Cadillac Kia assigned it to ICCU.

Rather than make monetary payments to ICCU in accordance with the Vehicle Contract, Mr. Allen presumably based upon some internet research or information from some group or association, within days of purchasing the Vehicle and signing the Vehicle Contract proceeded with a course of conduct whereby he theoretically indorsed the Vehicle Contract and transferred it to ICCU as payment in full of the Vehicle Contract obligations (i.e., ICCU already holds the Vehicle Contract as the lender and is entitled to be paid the loan therein, but Mr. Allen asserts he can supposedly assign his borrower/maker interest in the Vehicle Contract to ICCU and satisfy the debt). Respectfully, Mr. Allen simply asserts he gets to keep the Vehicle and not pay for it based upon this indorsement theory that has no support in the law.

Mr. Allen has defaulted on the Vehicle Contract and ICCU seeks to take possession of the Vehicle, foreclose upon it, and obtain a monetary judgment against Mr. Allen for any remaining deficiency. Thus the claim and delivery/replevin motion has been filed.

ICCU and Mr. Berrett have also filed a motion for partial summary judgment and a motion to dismiss and motion for judgment on the pleadings. Mr. Allen has responded with

objections to all of ICCUs and Mr. Berrett's motions, and has filed a motion to amend, motion to dismiss, and the subject motion for preliminary injunction and stay.

## II. Plaintiffs' Evidentiary Record

Plaintiffs have filed no affidavits or declarations in support of their Motion for Preliminary Injunction and Stay. Jason Henry Allen did file an affidavit [Dkt. 30-1] in support of his Statement of Material Facts in Dispute [Dkt.30], but such affidavit does not actually testify to any facts and rather simply makes arguments about discovery Plaintiffs seek to do.

## III. LAW AND ANALYSIS

**1.      Standard of Review and Burden of Proof.**

Under Federal Rule of Civil Procedure 65, a party may obtain injunctive relief before a final judgment in certain limited circumstances. "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008). A plaintiff seeking a preliminary injunction must establish that she is likely to succeed on the merits; she is likely to suffer irreparable harm in the absence of preliminary relief; the balance of equities tips in her favor; and an injunction is in the public interest. *Winter*, 555 U.S. at 20 (explaining the four main "*Winter*" factors for granting a preliminary injunction).

The first factor—the likelihood of success on the merits—is "the most important." *N. D. v. Reykdal*, 102 F.4th 982, 992 (9th Cir. 2024). A plaintiff cannot point to amorphous questions of law across her pleadings as grounds for an injunction; a plaintiff must show a likelihood of success in proving the claim at issue in her preliminary injunction. *See All. for the Wild Rockies v. Petrick*, 68 F.4th 475, 496-97 (9th Cir. 2023). The movant must carry this burden "by a clear showing." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir.

2012). Sethunya v. Coll. of W. Idaho, No. 1:24-cv-00007-AKB, 2025 U.S. Dist. LEXIS 88983, at *5-6 (D. Idaho May 7, 2025).

2.  **Likelihood of Success on the Merits:**

Plaintiffs have asserted that they will prevail on one or more of their seventeen (17) counts, but as addressed in detail in ICCUs and Mr. Berrett's motion for partial summary judgment, and motion to dismiss and for judgment on the pleadings, and motion for order to show cause, and the declarations and memorandums filed in support thereof, Plaintiffs have failed to even allege the required prima facie cases for many of such claims and factually the remaining claims cannot survive summary judgment.

As cited to the court above, the Plaintiffs cannot point to amorphous questions of law across their pleadings as grounds for an injunction; the Plaintiffs must show a likelihood of success in proving the claim at issue in their preliminary injunction. *See All. for the Wild Rockies v. Petrick*, 68 F.4th 475, 496-97 (9th Cir. 2023). The Plaintiffs have not and cannot satisfy this requirement.

3.  **Likelihood of Plaintiffs Suffering Irreparable Harm:**

This is a case about Jason Henry Allen purchasing a car and then seeking to never pay for it by indorsing the Vehicle Contract and trying to transfer it to ICCU. We are just dealing with a car, not some unique asset that cannot be replaced. Plaintiffs are not making payments to ICCU so they should have sufficient funds to purchase another vehicle. There is no likelihood of irreparable injury occurring if ICCU repossesses the Vehicle. The claim and delivery statutes even contemplate the posting of a bond/written undertaking for pre-judgment repossessions of collateral in order to protect a party whose pledged collateral was wrongly repossessed. Again, the Plaintiffs have not and cannot satisfy this requirement.

### 4. The Balance of Equities Must Tip in Favor of Plaintiffs.

The Plaintiffs must establish the balance of equities tip in their favor. The Plaintiffs seek to retain the Vehicle and not pay for it like the rest of United States residents have to do. There are no equities in favor of the Plaintiffs. Once again, the Plaintiffs have not and cannot satisfy this requirement.

### 5. A Preliminary Injunction is in the Public Interest:

The Plaintiffs must establish that it is in the "public interest" for the preliminary injunction to be issued. There is no public interest served by permitting the Plaintiffs to continue to remain in possession and use the Vehicle while not making any payments for it. Plaintiffs do not satisfy this requirement.

### 6. Plaintiffs' Additional Request for the Court to Order ICCU to Change its Credit Reporting to Credit Bureaus:

Finally, Plaintiffs have made a request in the introduction and in the prayer to the Motion that the court order ICCU to correct negative credit reporting related to Plaintiffs. This request is not seeking an injunction but rather seeking the court to compel ICCU to do something that is inconsistent with ICCU's obligations as a credit union. Plaintiffs did not pay the December 2, 2024, monthly installment payments or any monthly payment thereafter, and yet they want the court to order ICCU to report them as having paid in full the Vehicle Contract obligations. The request by Plaintiffs is procedurally and factually inappropriate.

### 7. Plaintiffs' Cited Law Supposedly in Support of Their Positions.

First, Plaintiffs have cited in their Motion for Preliminary Injunction and Stay (the "Motion") two cases that ICCU and Mr. Berrett were unable to retrieve, namely, the <u>Holloway v Barrett</u>, 487 So. 2d 859 (Ala.1986) decision and the <u>Lambert v. Bd. Of Comm'rs</u>, 732 F. Supp.

2d. 1291, 1299 (N. D. Ga. 2010) decision. It is unknown if the decisions simply do not exist or if the cites are in error. Second, Plaintiffs have cited the court to the In re Marriage of Githens, 227 Or. App. 73, 204 P.3d 835 (2009) decision and the eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006) decision, which do not appear to support the arguments being made by Plaintiffs.

WHEREFORE, ICCU and Mr. Berrett respectfully request the court deny Plaintiffs' Motion for Preliminary Injunction and Stay.

DATED this ___ day of June, 2025.

JONES WILLIAMS FUHRMAN GOURLEY, P.A.

 /s/ Kimbell D. Gourley
KIMBELL D. GOURLEY
Attorneys for Defendants/Counterclaimant

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on the ___ day of June, 2025, a true and correct copy of the foregoing document was filed with the Clerk of the Court using the CM/ECF System.

     I certify that the following listed non-registered CM/ECF participants were served a copy of the foregoing by first class mail, postage prepaid, addressed to:

> Jason Henry Allen, individually and as
> trustee of the Rikur Private Irrevocable
> Trust,
> 2600 East Seltice Way
> Post Falls, Idaho 83854

                                                    /s/ *Kimbell D. Gourley*
                                                    Kimbell D. Gourley