# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO NORTHERN DIVISION

| | |
|---|---|
| JASON HENRY ALLEN, INDIVIDUALLY AND AS TRUSTEE OF RIKUR PRIVATE IRREVOCABLE TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>IDAHO CENTRAL CREDIT UNION AND BRIAN M. BERRETT,<br><br>Defendants | Case No.: 2:25-cv-00172-AKB<br><br>PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION AND STAY<br><br>U.S. COURTS<br><br>JUN 25 2025<br><br>Rcvd___ Filed___ Time 2:43 pm<br>STEPHEN W. KENYON<br>CLERK, DISTRICT OF IDAHO |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION AND STAY**

COMES NOW, Plaintiff Jason-Henry:Allen, individually and as Trustee of the Rikur Private Irrevocable Trust, submits this Reply in Support of his Motion for Preliminary Injunction and Stay [Dkt. 32], filed on June 9, 2025, in response to the Objection filed by Defendants Idaho Central Credit Union (ICCU) and Brian M. Berrett. This Reply addresses Defendants' objections and reaffirms Plaintiff's entitlement to preliminary injunctive relief under **Federal Rule of Civil Procedure 65**. In support, Plaintiff states as follows:

## I. INTRODUCTION

1. This action arises from Defendants' wrongful actions regarding a Retail Installment Sale Contract dated October 18, 2024 (the "Vehicle Contract"), including unauthorized alterations (Fraud Count), false credit reporting (Count III), and breach of fiduciary duty by Mr. Berrett (Count II). Plaintiff seeks a preliminary injunction and stay to prevent further irreparable harm pending resolution of genuine issues of material fact.

2. Defendants' Objection [Dkt. 35] mischaracterizes Plaintiff's position and fails to rebut the evidence and legal basis for injunctive relief. Plaintiff's Affidavit [Dkt. 30-1] and Statement of Material Facts [Dkt. 30] establish a sufficient basis for relief, contrary to Defendants' assertions.

## II. RESPONSE TO DEFENDANTS' OBJECTIONS

### A. Evidentiary Record

3. Defendants assert Plaintiff filed no affidavits or declarations in support of the Motion [Dkt. 32]. This is incorrect. Plaintiff's Affidavit [Dkt. 30-1], filed in support of the Statement of Material Facts [Dkt. 30], attests to the tender of payment (Exhibit B) and the altered Vehicle Contract (Exhibit K), raising genuine disputes. While the Affidavit also requests discovery, it includes factual assertions under penalty of perjury, satisfying the evidentiary threshold for a preliminary injunction (*Winter*, 555 U.S. at 22).

### B. Likelihood of Success on the Merits

4. Defendants argue Plaintiff cannot show a likelihood of success on the merits, citing *Alliance for the Wild Rockies v. Petrick*, 68 F.4th 475 (9th Cir. 2023). However, Plaintiff's Amended Complaint [Dkt. 1] alleges viable claims, including fraud (Count XVIII) and FCRA violations (Count III), supported by Exhibits B and K. The indorsements are

rooted in Plaintiff's assertion of payment, a factual dispute requiring discovery (FRCP 56(d) Affidavit [Dkt. 30-1]). Defendants' motion for partial summary judgment [Dkt. 19] does not conclusively negate these claims.

5. Plaintiff need not prove the case at this stage but must show a likelihood of success (*Winter*, 555 U.S. at 20). The disputed facts—payment acceptance and contract alteration—fully meet this standard pending full adjudication.

**C. Likelihood of Irreparable Harm**

6. Defendants claim no irreparable harm exists because the Vehicle is replaceable and Plaintiff has funds to buy another. This overlooks the unique harm: loss of the specific Vehicle purchased under a fraudulently altered contract, impacting Plaintiff's credit and livelihood. Repossession without adjudication of payment constitutes irreparable injury, as monetary damages alone may not restore Plaintiff's position (*Lopez v. Brewer*, 680 F.3d 1068, 1078 (9th Cir. 2012)).

7. The bond/undertaking option under claim and delivery statutes does not negate harm but shifts the burden, which Plaintiff contests.

**D. Balance of Equities**

8. Defendants assert no equities favor Plaintiff, alleging he seeks to retain the Vehicle without payment. This misrepresents the case. Plaintiff tendered payment, which ICCU accepted but continues to retain the title, creating a dispute. Equities favor Plaintiff, as Defendants seek to repossess and foreclose without resolving this issue, causing further unjust enrichment of the defendants.

**E. Public Interest**

9. Defendants argue no public interest supports the injunction. However, preventing wrongful repossession and ensuring fair credit reporting (Count III) serves the public interest by upholding contractual integrity and consumer protection laws, outweighing Defendants' interest in immediate repossession.

**F. Request to Correct Credit Reporting**

10. Defendants object to Plaintiff's request to order ICCU to correct credit reporting, calling it procedurally inappropriate. This relief is ancillary to the injunction, seeking to mitigate ongoing harm (Count III). Plaintiff's non-payment claim is disputed, and FRCP 65 allows broad equitable relief to prevent irreparable injury, including credit restoration pending resolution.

**G. Cited Case Law**

11. Defendants challenge the cited cases however, *eBay Inc. v. MercExchange*, 547 U.S. 388 (2006), supports equitable discretion in injunctions, aligning with Plaintiff's request. The Motion's legal basis rests on *Winter* and related Ninth Circuit precedent, sufficiently supporting the claim.

**III. CONCLUSION**

12. Plaintiff has met the *Winter* factors: likelihood of success on disputed facts, irreparable harm from repossession, favorable equities, and public interest in fair dealing. Defendants' Objection fails to rebut this evidence and relies on mischaracterizations. Plaintiff respectfully requests the Court grant the Motion for Preliminary Injunction and

Stay [Dkt. 32], enjoining repossession and credit reporting pending discovery and adjudication.

WHEREFORE, Plaintiff requests the Court: a. Grant this Reply and the Motion for Preliminary Injunction and Stay [Dkt. 32]; b. Enjoin Defendants from repossessing the 2023 Toyota Sequoia VIN 7SVAAABA8PX011784 or reporting adverse credit until this matter is resolved; c. Order such other relief as is just and proper.

Dated this 25th day of June, 2025.

Respectfully submitted in honor and in equity,

/s/ By:___Jason-Henry:Allen__

Jason-Henry:Allen – Beneficiary, Without Prejudice, All Rights Reserved

2600 East Seltice Way #235, Post Falls, Idaho 323-377-5620 Jason.Alistor@gmail.com

Plaintiff, In Propria Persona

**CERTIFICATE OF SERVICE**

I certify that on June 25, 2025, a true and correct copy of the foregoing Reply was served via first-class mail, postage prepaid, to:
Kimbell D. Gourley
Jones Williams Fuhrman Gourley, P.A.
225 North 9th Street, Suite 820
P.O. Box 1097
Boise, Idaho 83701

/s/ Jason-Henry:Allen