Kimbell D. Gourley / ISB #3578
JONES♦WILLIAMS♦FUHRMAN♦GOURLEY, P.A.
The 9th & Idaho Center
225 North 9th Street, Suite 820
P.O. Box 1097
Boise, ID  83701
Telephone: (208) 331-1170
Facsimile: (208) 331-1529
Email:  *kgourley@idalaw.com*

*Attorneys for Defendants/Counterclaimant,*
*Idaho Central Credit Union and Brian M. Berrett*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON HENRY ALLEN, Individually and as Trustee of Rikur Private Irrevocable Trust,<br><br>    Plaintiff,<br><br>vs.<br><br>IDAHO CENTRAL CREDIT UNION, and BRIAN M. BERRETT,<br><br>    Defendants. | Case No.:  2:25-cv-00172-AKB<br><br>**OBJECTION TO PLAINTIFFS' MOTION TO STRIKE AFFIDAVIT OF THOMAS BUTLER [DKT. 42]** |
| IDAHO CENTRAL CREDIT UNION,<br><br>    Counterclaimant,<br><br>vs.<br><br>JASON HENRY ALLEN, Individually and as Trustee of Rikur Private Irrevocable Trust,<br><br>    Counter Defendants. | |

COME NOW the Defendants/Counterclaimant, the Idaho Central Credit Union ("ICCU") and Brian M. Berrett ("Berrett"), by and through their counsel of record Jones Williams Fuhrman

Gourley, P.A., and object to and oppose Plaintiffs' Motion to Strike Affidavit of Thomas Butler [Dkt. 42]. This objection is made on the following grounds and for the following reasons:

## I.  INTRODUCTION

The first affidavit of Thomas Butler was filed May 20, 2025 [Dkt.23-1]. The second affidavit of Thomas Butler was filed on July 25, 2025 [Dkt. 41]. The first affidavit mirrors the Verified Counterclaim, which was verified by Mr. Butler. The second affidavit mirrors the Affidavit of Kimbell D. Gourley filed on May 20, 2025 [Dkt. 22-3], which affidavit of Kimbell D. Gourley was withdrawn because it was missing the signature and notary that existed but were erroneously omitted.

The Plaintiffs make three (3) arguments in support of their motion to strike [Dkt.42], namely:

(1) The first and second affidavits of Thomas Butler are inadmissible;

(2) The first and second affidavits of Thomas Butler are unreliable; and

(3) The first and second affidavits of Thomas Butler are violative of multiple FRCP provisions.

None of these arguments have any merit.

Thomas Butler is an Assistant Vice President of ICCU, and is one of the custodians of the loan documents, records, and other documents relating to the Plaintiffs in this matter. Mr. Butler has testified that (i) he had personal knowledge of the statements made in his two affidavits, (ii) the documents attached to the affidavit were either authored by Kimbell Gourley, counsel for ICCU and Mr. Berrett and sent to the Plaintiff, Mr. Jason Allen, or authored by the Plaintiff, Mr. Jason Allen and sent to ICCU and/or Kimbell Gourley, and (iii) the documents attached to the affidavits as

exhibits were true and correct copies of the documents. This testimony establishes the necessary foundation and satisfies the evidentiary requirements imposed by the federal rules of evidence.

## II. LAW

Rule 56(c)(4) of the Federal Rules of Civil Procedure states that affidavits and declarations submitted for or against a summary-judgment motion "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." In other words, only admissible evidence may be considered by the court. Beyene v. Coleman Sec. Servs., Inc., 854 F.2d 1179, 1181 (9th Cir. 1988) (citations omitted). Statements [*9] in affidavits that are legal conclusions, speculative assertions, or statements of hearsay evidence do not satisfy the standards of personal knowledge, admissibility, and competence required by Rule 56(c)(4). Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (citations omitted). Pelleriti v. Avila, No. 2:19-cv-1853 DAD AC P, 2025 U.S. Dist. LEXIS 48229, at *8-9 (E.D. Cal. Mar. 17, 2025).

## IV. ARGUEMENT

Plaintiffs' memorandum in support of the motion to strike attempts to set forth in more detail the basis of the motion. These arguments also lack merit, and are as follows:

(1)  Lack of Personal Knowledge and Competency. This argument is meritless and is given no additional argument;

(2)  Inadmissible Hearsay and Failure to Authenticate Exhibits. This argument is also meritless and is given little argument. The exhibits attached to the first affidavit of Thomas Butler are the loan documents relating to the vehicle loan owed by the Plaintiff, Mr. Jason Allen to ICCU. The exhibits attached to the second affidavit of Thomas Butler were either drafted, signed, or forwarded by the Plaintiffs to ICCU and/or Mr. Berrett prelitigation, or sent by ICCU to the Plaintiffs in response to the demands and communications of the Plaintiffs. These communications and documents are exceptions to the hearsay rule and are admissible into evidence;

(3) Internal Inconsistencies and Factual Errors Rendering the Affidavit Unreliable. There does exist a typo as to the principle balance due, but this typo does not invalidate the affidavit and the verified counterclaim eliminates the inconsistency. Plaintiffs' motion questions $257.50 in repossession fees incurred by ICCU. These fees have been incurred by ICCU to date relating to locating the subject vehicle pledged as collateral to secure the loan. Thus, these fees were properly included in the outstanding balance owed on the subject vehicle note.

(4) Improper Legal Conclusions and Opinions. This argument lacks any merit and the court can review the affidavits and determine that this argument is inapplicable.

(5) Procedural Defects in Execution and Service. Plaintiffs are asserting the first affidavit was signed on April 24, 20254, but not sent to the Plaintiffs until May 20, 2025, and that this delay somehow renders the affidavit invalid. As the court knows, there is nothing in the FRCP requiring affidavits to be filed prior to the applicable motion(s).

(6) Prejudice to Plaintiff and Absence of Harm to Defendants. Plaintiffs argue that somehow they are prejudiced by allowing introduction of unreliable evidence. This argument also lacks merit.

WHEREFORE, ICCU and Mr. Berrett respectfully request the court deny Plaintiffs' Motion to Strike Affidavit of Thomas Butler.

DATED this 7th day of August, 2025.

                                       JONES WILLIAMS FUHRMAN GOURLEY, P.A.

                                       */s/ Kimbell D. Gourley*
                                       KIMBELL D. GOURLEY
                                       Attorneys for Defendants/Counterclaimant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 7th day of August, 2025, a true and correct copy of the foregoing document was filed with the Clerk of the Court using the CM/ECF System.

I certify that the following listed non-registered CM/ECF participants were served a copy of the foregoing by first class mail, postage prepaid, addressed to:

Jason Henry Allen, individually and as trustee of the Rikur Private Irrevocable Trust,
2600 East Seltice Way
Post Falls, Idaho 83854

                              */s/ Kimbell D. Gourley*
                              Kimbell D. Gourley