Kimbell D. Gourley / ISB #3578
JONES♦WILLIAMS♦FUHRMAN♦GOURLEY, P.A.
The 9th & Idaho Center
225 North 9th Street, Suite 820
P.O. Box 1097
Boise, ID  83701
Telephone: (208) 331-1170
Facsimile: (208) 331-1529
Email:  kgourley@idalaw.com

*Attorneys for Defendants/Counterclaimant,*
*Idaho Central Credit Union and Brian M. Berrett*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON HENRY ALLEN, Individually and as Trustee of Rikur Private Irrevocable Trust, <br><br> Plaintiff, <br><br> vs. <br><br> IDAHO CENTRAL CREDIT UNION, and BRIAN M. BERRETT, <br><br> Defendants. | **Case No.:  2:25-cv-00172-AKB** <br><br><br> **MOTION TO STRIKE PORTIONS OF THE TWO AFFIDAVITS OF JASON HENRY ALLEN** |
| IDAHO CENTRAL CREDIT UNION, <br><br> Counterclaimant, <br><br> vs. <br><br> JASON HENRY ALLEN, Individually and as Trustee of Rikur Private Irrevocable Trust, <br><br> Counter Defendants. | |

COME NOW the Defendants/Counterclaimant, the Idaho Central Credit Union ("ICCU") and Brian M. Berrett ("Berrett"), by and through their counsel of record Jones Williams Fuhrman Gourley, P.A., and move the court to strike certain designated portions of (i) the June 6, 2025, Affidavit of Jason Henry Allen [Dkt. No. 30-1], and (ii)    the May 15, 2025, Affidavit of Jason

Henry Allen [Dkt. No. 18-1], for the reasons that they contain inadmissible testimony that (a) lacks foundation, (b) contains legal conclusions, and/or (c) contains inappropriate legal argument.

### I.  MAY  15, 2025 AFFIDAVIT OF JASON HENRY ALLEN [DKT NO. 18-1]

On May 15, 2025, Plaintiff, Jason Henry Allen filed an affidavit in support of plaintiffs' motion to dismiss ICCU's counterclaim [Dkt. No. 18-1].  As the court is aware, affidavits cannot be filed in support of a motion to dismiss.  This was addressed in ICCU's objection to the motion to dismiss {Dkt. No. 19].  However, the affidavit contains inadmissible testimony that (a) lacks foundation, and (b) makes legal conclusions.

Specifically, paragraphs 3, 4, 5, 6, 7, and 8 set forth on Exhibit "1" attached hereto testify as to documents attached as "Exhibit G" to Mr. Allen's affidavit, but no foundation is ever established for the multiple documents attached collectively as Exhibit G.

In addition, paragraphs 4, 5, 6, 8, and 9 set forth on Exhibit "1" attached hereto all set forth legal conclusions or legal argument as to the effect of alleged indorsements or transfers of alleged negotiable instruments.  Mr. Allen cannot testify as to his legal conclusions or legal arguments, he can only testify as to facts subject to establishing the appropriate foundation, relevance, and/or admissibility of the same.

Thus, the above stated paragraphs should be stricken.

### II.  JUNE 6, 2025, AFFIDAVIT OF JASON HENRY ALLEN [DKT NO. 30-1]

On June 6, 2025, Plaintiff, Jason Henry Allen filed an affidavit [Dkt. No. 30-1] in support of Plaintiffs' opposition to ICCU's and Mr. Berrett's motion for dismissal and motion for summary judgment.  Similar to the May 15, 2025, affidavit of Mr. Allen, the affidavit contains inadmissible testimony that (a) makes legal conclusions, and/or  (c) simply makes legal argument rather than testifying to facts.

Specifically, paragraphs 3, 4, 5, 6, 7, 9, and 10 set forth on Exhibit 2 attached hereto all set forth legal argument, but do not testify as to any specific facts. Legal argument should be made in a memorandum or in oral argument before the court, not in an affidavit. Mr. Allen cannot testify as to his legal arguments.

Thus, the above stated paragraphs should be stricken.

WHEREFORE, ICCU and Mr. Berrett respectfully request the court to grant their motion to strike those paragraphs identified hereinabove in the affidavits of Jason Henry Allen.

DATED this 20th day of August, 2025.

JONES WILLIAMS FUHRMAN GOURLEY, P.A.

_/s/ Kimbell D. Gourley_
KIMBELL D. GOURLEY
Attorneys for Defendants/Counterclaimant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 20th day of August, 2025, a true and correct copy of the foregoing document was filed with the Clerk of the Court using the CM/ECF System.

I certify that the following listed non-registered CM/ECF participants were served a copy of the foregoing by first class mail, postage prepaid, addressed to:

Jason Henry Allen, individually and as
trustee of the Rikur Private Irrevocable
Trust,
2600 East Seltice Way
Post Falls, Idaho 83854


 _/s/ Kimbell D. Gourley_
Kimbell D. Gourley

EXHIBIT "1"

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO NORTHERN DIVISION

JASON HENRY ALLEN,
INDIVIDUALLY AND AS TRUSTEE
OF RIKUR PRIVATE IRREVOCABLE
TRUST,

Plaintiff,

vs.

IDAHO CENTRAL CREDIT
UNION AND BRIAN M.
BERRETT,

Defendants

Case No.: 2:25-cv-00172-AKB

AFFIDAVIT OF JASON HENRY ALLEN IN
SUPPORT OF MOTION TO DISMISS
DEFENDANTS' COUNTERCLAIMS

**U.S. COURTS**

MAY 15 2025   2:54

Rcvd_____ Filed_____ Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

I, Jason-Henry:Allen, being of lawful age and competent to testify, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.     I am the Plaintiff in the above-captioned case, appearing in propria persona, individually and as Trustee of the Rikur Private Irrevocable Trust ("Trust"), with personal knowledge of the facts stated herein based on my direct involvement in the transactions and communications with Defendant Idaho Central Credit Union ("ICCU").

2.     On October 18, 2024, I entered into a contract with ICCU, through George Gee Cadillac Kia, for the purchase of a 2023 Toyota Sequoia (VIN 7SVAAABA8PX011784) in the principal amount of $84,700.94, as documented in my Complaint.

3.      To fully satisfy the debt under the Installment Contract, I tendered three negotiable instruments to ICCU, each constituting an unconditional order or promise to pay, as follows: a. First Instrument: On October 18, 2024, I tendered a negotiable instrument, indorsed "Pay to the order of JASON H ALLEN" and "Without Recourse" pursuant to UCC § 3-205(a) and § 3-414(c) (Idaho Code § 28-3-205, § 28-3-414), for the full contract amount of $84,700.94, delivered to ICCU via George Gee Kia on or around October 18· 2024, This instrument is included in Exhibit G, attached hereto. b. Second Instrument: On December 3, 2024, I tendered a second and third negotiable instrument, similarly indorsed "Pay to the order of JASON H ALLEN" or "Pay to the order of IDAHO CENTRAL CREDIT UNION" and "Without Recourse," for the full contract amount of $85,598.37 delivered to ICCU via Registered mail, tracking number RF816840985US. Copies of these instruments are included in Exhibit G, as ICCU and Brian M. Berrett have retained the genuine articles and monetized via assignment or exchange.

4.      Each of the three negotiable instruments was an unconditional order or promise to pay, meeting the requirements of UCC § 3-104(a) (Idaho Code § 28-3-104), as they contained a signed writing, an unconditional order to pay a fixed amount ($84,700.94 and $85,598.37), were payable to order, and were payable on demand or at a definite time, as specified in Exhibit G.

5.      ICCU accepted all three negotiable instruments without refusal, objection, or return. At no time did ICCU notify me, in writing or otherwise, that any instrument was dishonored, deficient, or rejected, as required by UCC § 3-501(b) (Idaho Code § 28-3-501) to preserve a claim of non-payment. Their retention of the instruments constitutes

2

acceptance under UCC § 3-202(b) (Idaho Code § 28-3-202). See *Barclays Bank v. Mercantile Nat'l Bank, 481 F.2d 1224, 1236 (5th Cir. 1973)* (retention without protest equates to acceptance).

6.  ICCU's acceptance of the first instrument on or about October 18, 2024, discharged the debt under UCC § 3-603(b) (Idaho Code § 28-3-603), which states that tender of payment, if accepted, discharges the obligation to the extent of the amount tendered. The subsequent instruments on December 3, 2024, further reaffirmed this discharge, ensuring no default occurred, as alleged in ICCU's Counterclaims.

7.  On December 3, 2024, January 13, 2025, and March 5, 2025, I sent cease-and-desist notices to ICCU via registered mail, demanding cessation of collection efforts and release of the Sequoia's title, as the debt was satisfied (Complaint, Exhibits B, C, D). ICCU received these notices, as evidenced by signed return receipts, but failed to dispute or comply, instead pursuing collection and repossession.

8.  On November 3, 2024, I transferred all rights, title, and interest in the Sequoia to the Rikur Irrevocable Trust, perfected by a UCC Financing Statement filed with the Idaho Secretary of State (Complaint, Exhibit H). This transfer, combined with the debt discharge, extinguishes ICCU's lien under Idaho Code § 28-9-601, rendering their counterclaim for repossession implausible.

9.  ICCU's failure to acknowledge or return the three negotiable instruments, coupled with their continued collection efforts, violates 15 U.S.C. § 1692c(c) (Fair Debt Collection Practices Act) and constitutes bad faith under Idaho Code § 48-603(17) (Idaho Consumer Protection Act), as alleged in my Complaint (Counts VI, IV) and previous Motions.

STATE OF IDAHO ) : ss. COUNTY OF KOOTENAI )

On this 13th day of May, 2025, before me, a Notary Public, personally appeared Jason Henry

Allen, known to me to be the person whose name is subscribed to the foregoing instrument, and

acknowledged that he executed the same.

By _____
        WITHOUT RECOURSE

Notary Public for Idaho My Commission Expires: Oct 1, 2030

```
VANESSA RAYA
Notary Public - State of Idaho
Commission Number 20243646
My Commission Expires Oct 1, 2030
```

Exhibit G: Attached hereto are true and correct copies of the three negotiable instruments

tendered to ICCU on October 18, 2024, and December 3, 2024 (two instruments), each indorsed

"Pay to the order of JASON H ALLEN", "Pay to the order of Idaho Central Credit Union", and

"Without Recourse," constituting unconditional orders to pay $84,700.94 and $85,598.37, as

referenced in this affidavit.

CERTIFICATE OF SERVICE

I, Jason Henry Allen, certify that on this 15th day of May, 2025, I caused a true and correct copy

of the foregoing Affidavit of Jason Henry Allen in Support of Motion to Dismiss Defendant

ICCU's Counterclaims to be served via first-class mail, postage prepaid, to:

Kimbell D. Gourley Jones Williams Fuhrman Gourley, P.A. 225 North 9th Street, Suite 820 P.O.

Box 1097 Boise, ID 83701 Email: kgourley@idalaw.com

/s/ Jason-Henry:Allen

Jason Henry Allen, In Propria Persona

# Exhibit

# G

LAW 553-ID-eps 6/23

## RETAIL INSTALLMENT SALE CONTRACT
## SIMPLE FINANCE CHARGE

DEAL # 56475
CUST # 71483

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| JASON HENRY ALLEN<br>2600 E SELTICE WAY<br>POST FALLS, ID 83854<br>COUNTY: KOOTENAI<br>Cell: 323-377-5620<br>Email: JASON.ALISTOR@GMAIL.COM | N/A<br><br><br><br>Cell: N/A<br>Email: N/A | GEORGE GEE CADILLAC KIA<br>317 W DALTON AVE<br>COEUR D'ALENE, ID 83815<br><br>208-667-7416 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements in this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used | Year | Make and Model | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|
| USED | 2023 | TOYOTA<br>SEQUOIA | 7SVAAABA8PX011784 | Personal, family, or household unless otherwise indicated below<br>☐ business<br>☐ agricultural       ☐   N/A |

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $ 0.00 is |
|---|---|---|---|---|
| 6.49 % | $  18058.18 | $  84700.94 | $  102759.12 | $  102759.12 |

Returned Payment Charge: You agree to pay a charge of $      20.00      if any check or any electronic payment you give us is dishonored.

### Your Payment Schedule Will Be:                                    (e) means an estimate

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | $  1427.21 | MONTHLY              beginning   12/02/2024 |
| N/A | $   N/A | N/A |
|  |  |  |
| N/A |  |  |

**Late Charge.** If payment is not received in full within ___10___ days after it is due, you will pay a late charge of $ ___15.00___ or ___5___ % of the part of the payment that is late, whichever is ___greater___ .
**Prepayment.** If you pay early, you will not have to pay a penalty.
**Security Interest.** You are giving a security interest in the vehicle being purchased.
**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only to goods or services obtained primarily for personal, family or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

**Used Car Buyers Guide.** The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.
**Spanish Translation: Guía para compradores de vehículos usados.** La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

☐ **VENDOR'S SINGLE INTEREST INSURANCE (VSI insurance):** If the preceding box is checked, the Creditor requires VSI insurance for the initial term of the contract to protect the Creditor for loss or damage to the vehicle (collision, fire, theft, concealment, skip). VSI insurance is for the Creditor's sole protection. This insurance does not protect your interest in the vehicle. You may choose the insurance company through which the VSI insurance is obtained. If you elect to purchase VSI insurance through the Creditor, the cost of this insurance is $_____ and is also shown in Item 4B of the Itemization of Amount Financed. The coverage is for the initial term of the contract.

104657*1*GGC-FI

Buyer Signs X _____   Co-Buyer Signs X   N/A

10/18/2024   07:00 pm

LAW 553-ID-eps 6/23 v1   Page 1 of 4

**ITEMIZATION OF AMOUNT FINANCED**

| | | | | |
|---|---|---|---|---|
| 1 | Cash Price (Including $ 4493.94 sales tax) | | $ 79392.94 | (1) |

2  Total Downpayment =

Trade-In _____ N/A _____
(Year)        (Make)              (Model)

| | | |
|---|---|---|
| Gross Trade-In Allowance | $ | N/A |
| Less Pay Off Made By Seller to N/A | $ | N/A |
| Equals Net Trade In | $ | N/A |
| + Cash | $ | N/A |
| + Other N/A | $ | N/A |
| + Other N/A | $ | N/A |
| + Other N/A | $ | N/A |
| (If total downpayment is negative, enter "0" and see 4J below) | $ | 0.00 (2) |

| | | | | |
|---|---|---|---|---|
| 3 | Unpaid Balance of Cash Price (1 minus 2) | | $ 79392.94 | (3) |

4  Other Charges Including Amounts Paid to Others on Your Behalf
(Seller may keep part of these amounts):

| | | | |
|---|---|---|---|
| A | Cost of Optional Credit Insurance Paid to Insurance Company or Companies. | | |
| | Life | $ N/A | |
| | Disability | $ N/A | $ N/A |
| B | Vendor's Single Interest Insurance Paid to Insurance Company | | $ N/A |
| C | Other Optional Insurance Paid to Insurance Company or Companies | | $ N/A |
| D | Optional Gap Contract | | 895.00 |
| E | Official Fees Paid to Government Agencies | | $ N/A |
| F | Government Taxes Not Included in Cash Price | | $ N/A |
| G | Government License and/or Registration Fees | | |
| | N/A | | |
| | N/A | | |
| H | Government Certificate of Title Fees | | 19.00 |
| I | Optional Service Contract** Paid to | | |
| | PROSIDIUM VSC | | 3995.00 |
| J | Other Charges (Seller must identify who is paid and describe purpose) | | |
| | to _____ for Prior Credit or Lease Balance | | N/A |
| | to GEORGE GEE CADILLAC Kia for DOCUMENTATION FEE | | 399.00 |
| | to N/A for N/A | | $ N/A |
| | to N/A for N/A | | $ N/A |
| | to N/A for N/A | | $ N/A |
| | to N/A for N/A | | $ N/A |
| | to N/A for N/A | | $ N/A |
| | to N/A for N/A | | $ N/A |
| | to N/A for N/A | | $ N/A |
| | Total Other Charges and Amounts Paid to Others on Your Behalf | | $ 5308.00 (4) |

| | | | | |
|---|---|---|---|---|
| 5 | Amount Financed (3 + 4) | | $ 84700.94 | (5) |

**Purchase of an optional Service Contract is not required either to purchase or to obtain financing for the Vehicle.

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 5, is paid in full on or before N/A , Year N/A , SELLER'S INITIALS _____

**OPTIONAL GAP CONTRACT.** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 4D of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term _____ 72 _____ Mos.          PROSIDIUM GAP
                                  Name of Gap Contract
I want to buy a gap contract.
Buyer Signs X _Buy Gwen Hami Sll WITHOUT RECOURSE_
_PAY TO THE ORDER SIMON HENRY ALLEN_
_12 UCC 1107_

Buyer Signs X _[signature]_          Co-Buyer Signs X _N/A_

104657*1*GGC-FI

---

Insurance. If any part of physical damage insurance this contract requires from anyone you choose who is acceptable to us. You may also provide the physical damage insurance through an existing policy owned or controlled by you that is acceptable to us. You are not required to buy any other insurance to obtain credit unless the box indicating Vendor's Single Interest Insurance is required is checked on page 1.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

**Check the insurance you want and sign below:**

**Optional Credit Insurance**

☐ Credit Life $     ☐ Buyer  ☐ Co-Buyer  ☐ Both
☐ Credit Disability:  ☐ Buyer  ☐ Co-Buyer  ☐ Both
Premium:
Credit Life $ _____ N/A _____
Credit Disability $ _____ N/A _____
Insurance Company Name _____ N/A _____
_____ N/A _____
Home Office Address _____ N/A _____

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not to buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 4A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. Credit life insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

**Other Optional Insurance**

☒ VEH. SERV. CONT. _____ MOS.
Type of Insurance          Term
Premium $ 3995.00
Insurance Company Name N/A
N/A
Home Office Address N/A
N/A

☐ _____ N/A _____
Type of Insurance          Term
Premium $ _____ N/A _____
Insurance Company Name N/A
N/A
Home Office Address N/A

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost.

I want the insurance checked above.

X _[signature]_          10/18/2024
Buyer Signature          Date

X _N/A_          10/18/2024
Co-Buyer Signature          Date

**THIS INSURANCE DOES NOT INCLUDE INSURANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE CAUSED TO OTHERS. WITHOUT SUCH INSURANCE YOU MAY NOT OPERATE THIS VEHICLE ON PUBLIC HIGHWAYS.**

10/18/2024  06:58 pm
LAW 553-ID-eps 6/23 v1          Page 2 of 4



**Idaho Central**
CREDIT UNION

**Auto Loan Payoff Quote**

11/26/2024

JASON H ALLEN

2600 E SELTICE WAY #235

POST FALLS, ID 83854

Account #:   745384317

To Whom It May Concern,

Re:  JASON H ALLEN

2600 E SELTICE WAY

POST FALLS, ID 83854

Payoff on the above referenced loan is subject to change with advances or payments.

Payoff Amount: $ 85598.37

Per Diem: $   35.02

Quoted payoff valid through: 12/26/2024

Please mail payoff to:

Idaho Central Credit Union

PO Box 2460

Pocatello, ID 83206

Please include the loan number and any special instructions for the title release. This payoff supersedes any previous payoff information quoted prior to the date of this letter.

Sincerely,

Gave Guevarra

TCCU Team Member

*For presentation to the United States Treasury, for redemption or in exchange for securities of a new issue, in accordance with written instructions submitted WITHOUT RECOURSE*

PAY TO THE ORDER OF:
IDAHO CENTRAL CREDIT UNION
BY:
Agent For: JASON ALLEN          /Agent
By Accommodation / Principle

EIGHTY FIVE THOUSAND FIVE HUNDRED NINETY EIGHT DOLLARS 37/100

**Idaho Central**
CREDIT UNION

Auto Loan Payoff Quote

11/16/2024

JASON H ALLEN

2600 E SELTICE WAY #235

POST FALLS, ID 83854

Account #:  745384317

To Whom it May Concern:

Re:  JASON H ALLEN

    2600 E SELTICE WAY

    POST FALLS, ID 83854

Payoff on the above referenced loan is subject to change with advances or payments.

    Payoff Amount: $ 85598.37
    Per Diem: $  15.02
    Quoted payoff valid through: 11/16/2024

Please mail payoff to:

    Idaho Central Credit Union
    PO Box 2469
    Pocatello, ID 83206

Please include the loan number and any special instructions for the title release. This
payoff supersedes any previous payoff information quoted prior to the date of this letter.

Sincerely,

Cave Guevarra

ICCU Team Member

PAY TO THE ORDER OF:
JASON HENRY ALLEN, *Homeowner*
BY *[signature]* /Agent  PERSON
Agent For: JASON ALLEN *WITHOUT RECOURSE*
By Accommodation / Principle

EIGHTY FIVE THOUSAND FIVE HUNDRED NINETY EIGHT DOLLARS 37/100

EXHIBIT "2"

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO NORTHERN DIVISION

JASON HENRY ALLEN,
INDIVIDUALLY AND AS TRUSTEE
OF RIKUR PRIVATE IRREVOCABLE
TRUST,

Plaintiff,

vs.

IDAHO CENTRAL CREDIT
UNION AND BRIAN M.
BERRETT,

Defendants

Case No.: 2:25-cv-00172-AKB

AFFIDAVIT OF JASON-HENRY:ALLEN IN
SUPPORT OF OPPOSITION TO MOTION
FOR DISMISSAL AND MOTION FOR
SUMMARY JUDGMENT PURSUANT TO
FRCP 56

**U.S. COURTS**

JUN 0 6 2025

Rcvd_____ Filed_____ Time_1:30_
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

**AFFIDAVIT OF Jason-Henry:Allen IN SUPPORT OF OPPOSITION TO MOTION FOR**

**DISMISSAL AND MOTION FOR SUMMARY JUDGMENT PURSUANT TO FEDERAL**

**RULE OF CIVIL PROCEDURE 56**

I, Jason-Henry:Allen, being duly sworn, depose and state as follows:

1. I am the Plaintiff in the above-captioned action, acting individually and as Trustee of the
   Rikur Private Irrevocable Trust, and I have personal knowledge of the facts set forth
   herein, except where stated on information and belief.

2. I am informed and believe that Defendants Idaho Central Credit Union (ICCU) and Brian
   M. Berrett filed a Motion for Summary Judgment on or about May 20, 2025, pursuant to

FRCP 56, seeking judgment or dismissal and partial summary judgment of the claims asserted in this action.

3. I have diligently pursued evidence to support my claims, as demonstrated by exhibits attached to my Amended Complaint and other filings, including:

- o Exhibit A: Rikur Private Irrevocable Trust Agreement (August 26, 2022).
- o Exhibit B: First Demand and Notice of Tender (December 1, 2024).
- o Exhibit C: Second Demand (January 13, 2025).
- o Exhibit D: Cease-and-Desist Notice (March 5, 2025).
- o Exhibit E: Executed Original Contract (October 18, 2024)
- o Exhibit F: Indorsed Negotiable Instrument (October 18, 2024)
- o Exhibit G: Fiduciary Appointment Form 56 to Brian M. Berrett (February 27, 2025).
- o Exhibit H: UCC Financing Statement securing the 2023 Toyota Sequoia in the Rikur Private Irrevocable Trust (November 3, 2024).
- o Exhibit I: Debt Validation Demand & Intent to Litigate (February 23, 2025)
- o Exhibit K: Fraudulently Altered Contract individual pages (discovered May 20, 2025).
- o Exhibit M: Credit Reports (Current)

4. Despite my efforts, I cannot present all facts essential to fully prove, beyond a shadow of a doubt, my opposition to Defendants' Motions because critical evidence remains in Defendants' exclusive possession and control. Pursuant to FRCP 56(d), additional discovery is necessary to obtain this evidence, as detailed below.

5.  The specific evidence I currently lack, which is essential to establish genuine disputes of material fact, includes:

    o   **ICCU's Internal Communications**: Emails, memoranda, or notes among ICCU employees, including Brian M. Berrett, Thomas Butler, and others, from October 18, 2024, to current, regarding the unauthorized alteration of the Retail Installment Sale Contract (Exhibit K) to name ICCU as lender, to prove fraudulent intent and knowledge under Count XVIII (Fraud) and Count XVII (Civil Conspiracy).

    o   **Contract Modification Records**: ICCU's internal logs, approvals, or records of changes to the contract post-signing on October 18, 2024, to confirm the alteration was deliberate, not a clerical error, as alleged in Count XVIII and supported by *Cheney v. Palos Verdes Inv. Corp.*, 104 Idaho 897, 665 P.2d 661 (1983).

    o   **Payment Transaction Records**: Financial records detailing ICCU's receipt, processing, or securitization of all payments tendered, to substantiate unjust enrichment (Count V), breach of contract (Count I), and discharge of debt under Idaho Code § 28-3-603(b).

    o   **Credit Reporting Correspondence**: Communications between ICCU and credit bureaus from October 18, 2024, to March 21, 2025, regarding false debt reporting against me personally, despite the Rikur Private Irrevocable Trust's ownership of Trust Assets, to prove violations of 15 U.S.C. § 1681s-2 (FCRA, Count III) and 15 U.S.C. § 1692e (FDCPA, Count VI).

3

- o **Berrett's Fiduciary Actions**: Records or testimony of Brian M. Berrett's response (or lack thereof) to Form 56 fiduciary appointment (Exhibit G) from October 18, 2024, to March 5, 2025, to establish breach of fiduciary duty (Count II) and civil conspiracy (Count XVII).

- o **Contract Assignment Documents**: Records of the assignment on or about October 18, 2024, including any notification provided, to verify compliance with Idaho Code § 28-9-316 and prove unauthorized assignment under Count XVIII.

6. This evidence is critical to oppose Defendants' motion because it directly addresses disputed material issues, including:

- o Whether ICCU's alteration of the contract was intentional and fraudulent, creating a genuine dispute under *Watts v. Krebs*, 131 Idaho 616, 962 P.2d 387 (1998), as alleged in Count XVIII.

- o Whether the alteration was material, affecting payment obligations, lien priority, and the Rikur Private Irrevocable Trust's property rights, discharging liability under Idaho Code § 28-3-407(b) (Count XVIII).

- o Whether ICCU and Berrett acted in bad faith by retaining payment(s) without releasing the title, violating the implied covenant of good faith and fair dealing (*Jenkins v. Boise Cascade Corp.*, 141 Idaho 233, 108 P.3d 380 (2005)) and 15 U.S.C. § 1691 (ECOA, Count XIV).

- o Whether ICCU's false credit reporting and continued collection attempts after my cease-and-desist notice (Exhibit D) violated 15 U.S.C. § 1692c(c) (FDCPA, Count VI) and Idaho Code § 48-603 (ICPA, Count IV).

4

      o   Whether Berrett's failure to act as my fiduciary (Exhibit G) constitutes a breach under Idaho Code § 15-7-804 (Count II) and supports conspiracy with ICCU (Count XVII).

7. I cannot present this evidence without discovery because it is solely in Defendants' possession, including proprietary internal records, employee communications, and financial data not publicly accessible. My pre-litigation efforts sought related records, but Defendants have not complied, necessitating court-ordered discovery.

8. I plan to obtain this evidence through focused discovery, including:

      o   **Interrogatories** to ICCU, Brian M. Berrett, Thomas Butler, and other key indivduals regarding the contract alteration process, payment handling, credit reporting decisions, and Berrett's fiduciary actions from October 18, 2024, to May 20, 2025.

      o   **Requests for Production** of internal emails, contract modification logs, financial transaction records, credit bureau correspondence, financial agreements, and assignment documents related to the 2023 Toyota Sequoia, VIN 7SVAAABA8PX011784.

      o   **Depositions** of Brian M. Berrett, ICCU's contract processing staff, and credit reporting agents to elicit testimony on intent, bad faith, and procedural irregularities.

      o   **Any other discovery necessary to substantiate Plaintiffs claims.**

9. This discovery is essential to substantiate my claims and demonstrate genuine issues of material fact under FRCP 56(c), precluding summary judgment. Denying discovery

would prejudice my ability to present a complete factual record, violating my due process rights under Article I, § 18 of the Idaho Constitution and FRCP 56(d).

10. I respectfully request that the Court deny Defendants' Motion for Summary Judgment or, alternatively, defer ruling under FRCP 56(d) to allow sufficient time for discovery to obtain the evidence described herein. I am committed to conducting discovery promptly and diligently, in compliance with the Court's orders and Local Rule 7.1.

11. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed on June 5, 2025, near Post Falls, Idaho.

Respectfully submitted in honor and in equity,

By:

Jason-Henry:Allen – Beneficiary, Without Prejudice, All Rights Reserved

2600 East Seltice Way, Post Falls, Idaho 83854

323-377-5620

Jason.Alistor@gmail.com

Plaintiff, In Propria Persona



Clear/Reset

## Jurat Certificate

State of _Idaho_

County of _Kootenai_

Subscribed and sworn to (or affirmed) before me on this _5th_
day of _June_ , 20 _25_, by _Jason Henry Allen_

*Place Seal Here*

Notary Signature _____

```
JOEL KOSOFF
Notary Public - State of Idaho
Commission Number 20221855
My Commission Expires Apr 18, 2028
```

## Description of Attached Document

Type or Title of Document
_Affidavit_

Document Date                          Number of Pages
_6/5/2025_                              _7_

Signer(s) Other Than Named Above

© 2024 Wells Fargo Bank, N.A. All rights reserved.
DSG3018/596568 (Rev 02 - 09/24)

**CERTIFICATE OF SERVICE**

I certify that on June _____, 2025, a true and correct copy of the foregoing was served via

first-class mail, postage prepaid, to:

Kimbell D. Gourley

Jones Williams Fuhrman Gourley, P.A.

225 North 9th Street, Suite 820

Boise, Idaho 83701


/s/ Jason-Henry:Allen