Kimbell D. Gourley / ISB #3578
Cody J. Witko / ISB #10427
JONES WILLIAMS FUHRMAN GOURLEY, P.A.
The 9th & Idaho Center
225 North 9th Street, Suite 820
P.O. Box 1097
Boise, ID  83701
Telephone: (208) 331-1170
Facsimile: (208) 331-1529
Email: kgourley@idalaw.com; cwitko@idalaw.com

*Attorneys for Defendants/Counterclaimant,*
*Idaho Central Credit Union and Brian M. Berrett*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON HENRY ALLEN, Individually and as Trustee of Rikur Private Irrevocable Trust,<br><br>Plaintiffs,<br><br>vs.<br><br>IDAHO CENTRAL CREDIT UNION, and BRIAN M. BERRETT,<br><br>Defendants. | Case No.:  2:25-cv-00172-AKB<br><br>**AMENDED MOTION FOR PROTECTIVE ORDER UNDER F.R.C.P. RULE 26(c)** |
| IDAHO CENTRAL CREDIT UNION,<br><br>Counterclaimant,<br><br>vs.<br><br>JASON HENRY ALLEN, Individually and as Trustee of Rikur Private Irrevocable Trust,<br><br>Counter Defendants. | |

COME NOW the Defendants/Counterclaimant, the Idaho Central Credit Union ("ICCU") and Brian M. Berrett ("Berrett"), by and through their counsel of record Jones Williams Fuhrman Gourley, P.A., hereby submit this motion for a protective order pursuant to Federal Rule of Civil Procedure 26(c).  The Defendants/Counterclaimant object to and oppose the Plaintiffs' *First Set of*

DEFENDANTS/COUNTCLAIMANT'S AMENDED MOTION FOR PROTECTIVE ORDER UNDER FRCP 26(f) - 1

*Interrogatories, Requests for Production, and Requests for Admissions to Defendants* served via the United States Mail on September 15, 2025, as prematurely served in violation of Federal Rule of Civil Procedure 26(d) (the "Discovery Requests"). A true and correct copy of the Discovery Requests is attached as Exhibit "1" to the Declaration of Kimbell D. Gourley filed contemporaneously herewith. Defendants/Counterclaimant seek a protective order permitting Defendants/Counterclaimant to refuse to respond to the Discovery Requests until the discovery period has officially begun.

## I.  INTRODUCTION

This case stems from a Retail Installment Sale Contract dated October 18, 2024 (the "Vehicle Contract"), executed by Plaintiff Jason Henry Allen ("Allen"), as purchaser/borrower, and George Gee Cadillac Kia, as seller/lender for the purchase of a 2023 Toyota Sequoia (the "Vehicle"). George Gee Cadillac Kia and Allen were therefore the parties to the Vehicle Contract. Pursuant to the Vehicle Contract, Mr. Allen financed $84,700.94 for the purchase price of the Vehicle. George Gee Cadillac Kia originally anticipated assigning the Vehicle Contract to Potlatch #1 Financial Credit Union ("Potlatch #1"), but, for reasons not in the evidentiary record, Potlatch #1 was not assigned the Vehicle Contract and instead George Gee Cadillac Kia assigned it to ICCU. Irrespective of what entity is owed money under the Vehicle Contract, Mr. Allen has defaulted on it.

Allen filed suit against ICCU and Berrett after ICCU sought to collect repayment on the loan and refused to release the title to the vehicle without payment in full. ICCU answered and counterclaimed, to which Allen further responded. Motion practice ensued and parties are currently awaiting decisions on several motions, including motions for summary judgment, a motion for judgment on the pleadings, and motions to strike affidavits. On September 15, 2025, Allen served the Discovery Requests on ICCU and Berrett via the United States Mail. A status conference has not yet occurred, and initial disclosures have not been exchanged.

## II.     RELEVANT FACTS AND PROCEDURE

Plaintiffs have failed to follow and comply with the federal rules governing the procedures of federal court. Federal Rule of Civil Procedure 26(d)(1) states that "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." None of the exceptions or conditions are applicable here.

The case at bar was filed on March 25, 2025, and served on the defendants April 11, 2025, and April 16, 2025, respectively. (Dkt. 10) The Defendants/Counterclaimant filed answers and asserted counterclaims on April 28, 2025. (Dkt. 11) Motion practice ensued with each party seeking to dismiss claims, and the Defendants/Counterclaimant filing a motion for summary judgment. (Dkts. 18-46) At this time, parties are awaiting decision on the motion for summary judgment, motion for judgment on the pleadings, a motion to amend, motions to strike affidavits, and other motions. The parties have not met and conferred and do not have an F.R.C.P Rule 26(f) status conference scheduled. It is inappropriate to seek discovery when parties have not met and conferred nor provided initial disclosures as governed by the rules of federal procedure. While the Plaintiffs are pro se and may therefore not be aware of the procedural rules, "pro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

## III.    LAW AND ANALYSIS

Federal Rule of Civil Procedure 26(c) states that when a party or other person from whom discovery is sought makes a motion asserting good cause for a protective order, "the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," based on any

of several listed reasons. The pertinent reason in the present case is the undue burden and expense placed on the Defendants/Counterclaimant to respond to requests before initial disclosures have been exchanged.

Defendants/Counterclaimant will be harmed if forced to respond to discovery requests prematurely as it results in the misappropriation of resources. Filed contemporaneously herewith is the Declaration of Kimbell Gourley attaching the Discovery Requests and attesting to the efforts and resulting misappropriation of resources. Responding to discovery requests before a decision on the pending motions has been made and before the meet and confer and initial disclosures have been made creates the likely scenario where duplication of efforts or unnecessary efforts will be expended. The Federal Rules of Civil Procedure govern the process of the federal courts and were adopted by order of the United States Supreme Court "to secure the just, speedy, and inexpensive determination of every action and proceeding." F.R.C.P.1. This is accomplished through the promotion of uniformity and efficiency by simplifying procedures and guiding legal conduct. To jump over the rules, even for the unsophisticated, frustrates the purpose of having the rules and unfairly burdens the other party. Thus, good cause exists to enter a protective order.

A protective order over discovery is appropriate to permit the processes of the court to continue with discovery being paused until it can be served and answered at the proper time without prejudice or undue burden to the defendants/counterclaimant.

### IV.    CONCLUSION

ICCU and Mr. Berrett respectfully request that the Court issue a protective order under F.R.C.P. 26(c) to forbid discovery until the appropriate time.

DATED this 17th day of October, 2025.

                                JONES WILLIAMS FUHRMAN GOURLEY, P.A.

                                */s/ Kimbell D. Gourley & Cody J. Witko*
                                KIMBELL D. GOURLEY, of the Firm
                                CODY J. WITKO, of the Firm
                                Attorneys for Defendants/Counterclaimant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 17th of October, 2025, a true and correct copy of the foregoing document was filed with the Clerk of the Court using the CM/ECF System.

I certify that the following listed non-registered CM/ECF participants were served a copy of the foregoing by first class mail, postage prepaid, addressed to:

    Jason Henry Allen, individually and as
    trustee of the Rikur Private Irrevocable
    Trust,
    2600 East Seltice Way
    Post Falls, Idaho 83854

                                */s/ Kimbell D. Gourley*
                                Kimbell D. Gourley