UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON HENRY ALLEN, individually and as Trustee of Rikur private irrevocable trust,<br><br>Plaintiff,<br><br>v.<br><br>IDAHO CENTRAL CREDIT UNION and BRIAN M. BERRETT,<br><br>Defendants. | Case No. 2:25-cv-00172-AKB<br><br>**ORDER STAYING DEADLINES** |

On October 29, 2025, the Court held a telephonic status conference with the parties to address the following motions pending before it: Plaintiffs' Motion to Dismiss Defendants' Counterclaims (Dkt. 18); Defendants' Motion to Dismiss and Judgment on the Pleadings (Dkt. 20); Defendants' Motion for Partial Summary Judgment (Dkt. 22); Defendants' Motion for Order to Show Cause (Dkt. 23); Defendants' Motion for Leave to Amend/Correct its Motion for Partial Summary Judgment (Dkt. 25); Plaintiffs' Motion for Leave to Amend the Complaint (Dkt. 27); Plaintiffs' Motion for Preliminary Injunction and Stay (Dkt. 32); several motions to strike affidavits attached to other motions (Dkts. 39, 42, 45); Defendants' Motion for Protective Order (Dkt. 48); and Defendants' Motion to Amend its Motion for Protective Order (Dkt. 51). Defendants Idaho Central Credit Union (ICCU) and Brian M. Berrett (Defendants) appeared through counsel, Kimbell Gourley, and Plaintiff Jason Henry Allen appeared pro se. The parties agreed that, of the twelve pending motions, resolution of the motions to dismiss (Dkts. 18, 20), motion for judgment on the pleadings (Dkt. 20), motion for partial summary judgment (Dkt. 22), and motion for leave

to amend the complaint (Dkt. 27), would potentially dispose of, or make more efficient, the overall case.

Thus, in light of the Court's duty to promote the efficient use of judicial and party resources, discovery is stayed as to all parties pending resolution of the outstanding dispositive motions. *In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1085 (9th Cir. 2024) ("A district court 'may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.'") (quoting *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983)). Additionally, because the parties have not yet held a Rule 26(f) scheduling conference, and none has been ordered by the Court, discovery—including initial disclosures—is procedurally untimely. *See* Dist. Idaho Loc. Civ. R. 16.1(a) (providing that scheduling conferences will not be held in civil cases in which a self-represented litigant is a party unless otherwise ordered by the Court).

Therefore, based upon the parties' arguments and for good cause appearing, the Court will stay all unexpired deadlines in the Litigation Order (Dkt. 54) as to all parties until after the Court resolves all of the dispositive motions currently pending as of the date of this Order (Dkts. 18, 20, 22, 27).

**IT IS HEREBY ORDERED** the Litigation Order (Dkt. 54) is amended as follows: All deadlines that were unexpired as of October 29, 2025, are STAYED pending the Court's response to the dispositive motions currently pending as of the date of this Order (Dkts. 18, 20, 22, 27). Within **fourteen days** of the Court's response to the motions, the parties shall be required to meet and confer and file a <u>joint</u> motion for an amended litigation order addressing any relevant deadlines for the litigation of remaining issue(s).

**ORDER STAYING DEADLINES - 2**

**IT IS FURTHER ORDERED** that Defendants' Motion for Protective Order (Dkt. 48) and Amended Motion for Protective Order (Dkt. 51) are **DENIED** as **MOOT**.

DATED: October 30, 2025

_Amanda K. Brailsford_
Amanda K. Brailsford
U.S. District Court Judge