Kimbell D. Gourley / ISB #3578
JONES♦WILLIAMS♦FUHRMAN♦GOURLEY, P.A.
The 9th & Idaho Center
225 North 9th Street, Suite 820
P.O. Box 1097
Boise, ID 83701
Telephone: (208) 331-1170
Facsimile: (208) 331-1529
Email: *kgourley@idalaw.com*

*Attorneys for Defendants/Counterclaimant,*
*Idaho Central Credit Union and Brian M. Berrett*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON HENRY ALLEN, Individually and as Trustee of Rikur Private Irrevocable Trust,<br><br>Plaintiff,<br><br>vs.<br><br>IDAHO CENTRAL CREDIT UNION, and BRIAN M. BERRETT,<br><br>Defendants. | Case No.: 2:25-cv-00172-AKB<br><br>**STATEMENT OF MATERIAL UNDISPUTED FACTS FOR AMENDED MOTION FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO FRCP 56 AND LOCAL RULE 7.1** |
| IDAHO CENTRAL CREDIT UNION,<br><br>Counterclaimant,<br><br>vs.<br><br>JASON HENRY ALLEN, Individually and as Trustee of Rikur Private Irrevocable Trust,<br><br>Counter Defendants. | |

COME NOW the Defendants/Counterclaimant, the Idaho Central Credit Union ("ICCU") and Brian M. Berrett ("Berrett"), by and through their counsel of record Jones Williams Fuhrman Gourley, P.A., and submit this statement of undisputed material facts in support of their Amended Motion for Partial Summary Judgment pursuant to FRCP 56 and Local Rule 7.1.

# I. Undisputed Facts

The following facts are true, accurate, and supported by the Affidavit of Thomas Butler [Dkt. No. 23-1], Affidavit Brian M. Berrett [Dkt. No. 22-1], Second Affidavit of Thomas Butler [Dkt. No. 41], and Verified Counterclaim [Dkt. No. 11]:

(1) At all times relevant hereto, ICCU was an Idaho state-chartered association duly authorized to do, and doing business in, the state of Idaho.

(2) At all times relevant hereto, Counter Defendants, Jason Henry Allen, an individual ("Allen"), and Jason Henry Allen, trustee of the Rikur Private Irrevocable Trust ("Trustee"), was an individual residing in Kootenai County, Idaho.

(3) On or about October 18, 2024, Allen, as borrower, executed in favor of George Gee Cadillac Kia, as seller and lender, a certain Idaho Retail Installment Contract in the original principal amount of $84,700.94 (the "Installment Contract"). A true and correct copy of the Installment Contract is attached to the Counterclaim as **Exhibit A**. George Gee Cadillac Kia thereafter assigned the Installment Contract on October 18, 2024, to ICCU.

(4) In order to secure the obligations owed under the Installment Contract, Allen, as grantor, granted to ICCU, as secured party, a security interest in a certain used 2023 Toyota Sequoia Platinum, VIN#7SVAAABA8PX011784 ("Collateral"). This security interest is evidenced, and the terms and conditions are set forth, in the Installment Contract.

(5) In order to perfect ICCU's security interest in the Collateral, ICCU caused its name to be listed as a first lien holder on the Collateral's certificate of title. A true and correct copy of the Collateral's certificate of title is attached as **Exhibit B** to the counterclaim.

(6) That the security interest granted to ICCU in the Collateral is superior in time and in right to the interest of any other party, including Allen and the Trustee to this action.

(7) Allen is in default under the Installment Contract for failure to pay the December 2, 2024, to the present installment payments.

(8) The Collateral has not yet been repossessed or foreclosed upon by ICCU.

(9) As of April 10, 2025, the following sums were due, owing, and unpaid on the Installment Contract:

| | |
|---|---|
| Principal balance | $ 84,800.94 |
| Accrued Interest | $2,546.03 |
| Repossession Fees | $257.50 |
| Total | $87,604.47 |

Additional interest continues to accrue on this sum from and including April 10, 2025, until and including the date of entry of judgment herein at the per diem rate of $15.12.

(10) ICCU has fully complied with all conditions precedent incumbent upon it to perform.

(11) The Installment Contract, among other things, provides that if payment of any sums, either principal or interest, shall not be made at the times when the said payments shall become due as expressed by the Installment Contract, the whole of the principal sums then remaining paid, together with interest that shall have accrued thereon, shall become immediately due and payable at the option of the holder of the Installment Contract, and that Allen has failed to pay the amounts due on the Installment Contract in accordance with its terms. Accordingly, ICCU declared that the principal sum under the Installment Contract is now due and payable in full, together with interest with accrued and accruing interest thereon.

(12) The Installment Contract provides, among other things, that if Allen fails to repay the Installment Contract as provided therein, ICCU has the right to take possession of any or all of the Collateral which has been granted as collateral to ICCU. That due to the default of Allen, ICCU may exercise its rights pursuant to the Installment Contract to take possession of the Collateral.

(13) That based on information and belief and the NADA Guides attached as **<u>Exhibit C</u>** to the counterclaim, the fair market value of the Collateral, namely a 2023 Toyota Sequoia Platinum, VIN#7SVAAABA8PX011784, is in the range of $59,400.00.

(14) Neither ICCU nor Mr. Berrett had any participation in, or knowledge about, the purchase and sale and loan transaction between Allen and George Gee Cadillac Kia.

(15) In addition, Mr. Berrett had no participation in or knowledge about the assignment of the Installment Contract by George Gee Cadillac Kia to ICCU.

(16) Mr. Berrett had no participation in Allen's efforts to create a fiduciary duty that does not exist with ICCU or with Mr. Berrett, individually. Allen sent to ICCU in care of Mr. Berrett fiduciary appointment and authorization dated October 19, 2024. This is the first time Mr. Berrett had any knowledge about Allen or the Installment Contract.

(17) Mr. Berrett never accepted any appointment as a fiduciary of Allen, as an individual, or Allen as trustee of the Rikur Private Irrevocable Trust, and Mr. Berrett never assumed or undertook any fiduciary duties as to Allen or the Trustee.

(18) In addition, Mr. Berrett never had any conversations or meetings with Allen or the Trustee.

(19) Allen's fiduciary appointment and authorization form along with other documents received from Allen over the next five months were forwarded by ICCU to its counsel, Kimbell D. Gourley, and Mr. Gourley responded to Allen on behalf of ICCU and Mr. Berrett.

(20) Mr. Berrett was simply never involved with Allen or the Installment Contract until after the Installment Contract was assigned to ICCU and Allen was making various demands upon ICCU and/or Mr. Berrett. Mr. Berrett's involvement with Allen as an individual and as Trustee of

the Rikur Private Irrevocable Trust has been to simply keep informed of the demands and this lawsuit.

(21)     Neither ICCU nor Mr. Berrett entered into an agreement to accomplish an unlawful objective or to accomplish a lawful objection in an unlawful manner.

DATED this 31st day of October, 2025.

JONES WILLIAMS FUHRMAN GOURLEY, P.A.

 */s/ Kimbell D. Gourley*
KIMBELL D. GOURLEY
Attorneys for Defendants/Counterclaimant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 31st day of October, 2025, a true and correct copy of the foregoing document was filed with the Clerk of the Court using the CM/ECF System.

I certify that the following listed non-registered CM/ECF participants were served a copy of the foregoing by first class mail, postage prepaid, addressed to:

Jason Henry Allen, individually and as
trustee of the Rikur Private Irrevocable
Trust,
2600 East Seltice Way
Post Falls, Idaho 83854

 */s/ Deirdre Price*
Deirdre Price